MICHAEL L. TURRILL (SBN 185263)
**ARENT FOX LLP**
555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
Telephone: 213.629.7400
Facsimile: 213.629.7401
Email: Michael.Turrill@arentfox.com

JAMES L. BIKOFF (Pro Hac Vice Pending)
BRUCE A. McDONALD (Pro Hac Pending)
HOLLY B. LANCE (Pro  Hac Vice Pending))
**SMITH, GAMBRELL & RUSSELL LLP**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C.  20007

Attorneys for Plaintiff
THE NATIONAL GRANGE OF THE ORDER OF
PATRONS OF HUSBANDRY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA STATE GRANGE, a California corporation, d/b/a "CSG," and ROBERT McFARLAND, a California resident, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, TRADE LIBEL, INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS, and COPYRIGHT INFRINGEMENT**

**Parties**

(1)     Plaintiff, the National Grange of the Order of Patrons of Husbandry ("Plaintiff" or the "National Grange"), is a national fraternal organization and nonprofit District of Columbia corporation located at 1616 H Street N.W., Washington, D.C. 20006.

(2)     Defendant California State Grange, formerly trading as the "California State Grange," now doing business as "CSG," is a California nonprofit corporation located and doing business at 3830 U Street, Sacramento, California 95817.

(3)     Defendant Robert McFarland ("McFarland"), the President of CSG, is a California resident located and doing business at 3830 U Street, Sacramento, California 95817.   On information and belief, Defendant McFarland has personally authorized, directed and/or endorsed the unlawful conduct alleged in this Complaint.

**Jurisdiction and Venue**

(4)     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1338(b), and Section 39 of the Federal Trademark Act of 1946, as amended (the "Lanham Act"), 15 U.S.C. § 1121.

(5)     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

**Related Cases**

(6)     This case involves a conflict between Plaintiff and CSG, Plaintiff's formerly chartered California chapter, which disaffiliated from Plaintiff in 2013. After the disaffiliation, CSG continued to use Plaintiff's name and trademarks. Plaintiff instituted an action against CSG in *National Grange of the Order of Patrons of Husbandry v. California State Grange*, No. 2:14-cv-00676-WBS-DAD (E.D.Cal.), alleging trademark infringement under Lanham Act Section 32, 15 U.S.C. § 1114, and related claims.  That action led to a memorandum and order by this Court granting summary judgment to Plaintiff on its trademark infringement

claim, followed by a final judgment and permanent injunction issued on September 30, 2015 (the "September 30 Injunction").  On October 28, 2015, CSG filed a notice of appeal to the U.S. Court of Appeals for the Ninth Circuit, seeking review of the September 30 Injunction, and on November 10, 2015, Plaintiff filed a notice of cross-appeal to that portion of the September 30 Injunction that limited relief to CSG's use of trademarks containing the word "Grange."

(7)     The September 30 Injunction prohibits Defendant CSG from using trademarks containing the word "Grange."  Notwithstanding, CSG refused to revoke or amend its articles of incorporation with the California Secretary of State, and has maintained its corporate registration under the name "California State Grange."  In a contempt motion filed by Plaintiff in that case, Plaintiff alleges that CSG is in violation of the September 30 Injunction.  However, Defendants' unlawful conduct since September 2015 exceeds CSG's violation of the September 30 Injunction in manners that are qualitatively more egregious than trademark infringement and which could not have been foreseen by Plaintiff or litigated in the previous action.

(8)     Plaintiff also initiated a state court proceeding against CSG and others, in *National Grange of the Order of Patrons of Husbandry v. California State Grange*, Civ. No. 34–2012–00130434 (Cal. Sup.Ct.), seeking a declaration of the parties' rights and duties following the revocation of CSG's charter.  On November 16, 2015, the state court entered judgment in favor of Plaintiff on all of its claims, declaring that CSG had no standing to hold or retain Grange property, that the newly chartered California State Grange had been lawfully reorganized in 2014, and that CSG is obligated to return all Grange property in its possession as of April 5, 2013, to the newly chartered California State Grange.

## Designation of Parties

(9)     Defendant CSG's refusal to revoke or amend its articles of incorporation to remove the name "California State Grange" makes it necessary to

distinguish between the parties when referring to the "California State Grange."

Plaintiff's California chapter, the newly chartered California State Grange, is

unable to incorporate in California under the name "California State Grange,"

because that name is taken by Defendant.  The newly chartered California State

Grange is therefore registered with the California Secretary of State under the name

"Grange of the State of California's Patrons of Husbandry Chartered."  This issue is

addressed in Plaintiff's pending contempt motion filed on January 28, 2016, in

*National Grange of the Order of Patrons of Husbandry v. California State Grange*,

No. 2:14-cv-00676-WBS-DAD (E.D.Cal.).

## Background

(10)    Plaintiff was founded in 1867 to promote the interests of farmers and

farming in the United States, and has grown to a network of approximately 2,000

local chapters across the country ("local Granges"), through which it provides a

variety of goods and services to agricultural communities and the public at large.

(11)    On July 15, 1873, Plaintiff created the California State Grange as its

affiliated state-level chapter.  As a chartered affiliate, it is the designated function of

the California State Grange to collect dues from local Granges, to turn over a

portion of those dues to the Plaintiff, and to exercise other functions, *e.g.,* disposing

of assets owned by the California State Grange, writing and cashing checks on the

account of the California State Grange, organizing and reorganizing local California

Granges, presiding over the induction of new Grange members and the installation

of Grange officers, performing Grange rituals and using Grange paraphernalia in

such rituals, and, in general, functioning as a Grange.

(12)    Since the September 30 Injunction, Defendants have taken the position

that CSG is the successor to the history and goodwill of the California State

Grange, appropriating and disposing of California State Grange property, writing

and cashing checks on the account of the California State Grange, collecting

Grange dues, reorganizing a local California Grange with the intent to appropriate

its assets based on powers that Defendants claim to have pursuant to the Constitution and By-Law of the California State Grange, presiding over the induction of new Grange members and the installation of Grange officers, conducting Grange rituals, with Grange paraphernalia, and, in general, holding out Defendants' organization as the authorized representative of the California State Grange members.

(13)   On their website, Defendants state, "The CSG (formerly California State Grange) is the ***oldest*** ***agricultural*** ***organization*** ***in*** ***California,*** ***started*** ***in*** ***1870***." (Emphasis added.)

(14)   In their public and private communications, Defendants claim ownership of the entire history, accomplishments and milestones, public service and community involvement, and goodwill of the California State Grange developed over the 143 years of its existence.

(15)   Based on their claim of succession to the history and goodwill of the California State Grange, Defendants are soliciting, intimidating, and alienating the members of the California State Grange with false threats of consequences that those members will suffer if they "disaffiliate" from Defendants' organization and "join" the chartered California State Grange, which Defendants call "Komski's organization," referring to the president of Plaintiff's affiliated state chapter.

(16)   Based on the claim that they own the history and goodwill of the California State Grange, Defendants are issuing false warnings to the local California Granges, claiming that they must amend their articles of incorporation and by-laws if they "disaffiliate" from Defendant CSG, and that "joining" with "Komski's organization" will threaten their nonprofit tax status.

(17)   Defendants have threatened the local Granges with "harm" if they fail to pay their Grange dues to CSG.

(18)   Defendants' threats against the local Granges have no basis, and Defendants have no authority to speak on behalf of the California State Grange.

1  Defendants, however, are misappropriating the history and goodwill of the

2  California State Grange to provide a color of authority for these misrepresentations.

3      (19)   Defendants' new website at www.csgunited.org is materially identical

4  to the former website of the previously chartered California State Grange at

5  www.californiagrange.org, which this Court held was likely to cause confusion

6  about the origin and source of CSG's services and its relationship to the Grange.

7      (20)   Defendants' new website at www.csgunited.org is causing the same

8  confusion, mistake and deception that the Court found was likely to occur by reason

9  of the content appearing on the former website of the previously chartered

10  California State Grange at www.californiagrange.org.

11      (21)   Following the September 30 Injunction, Defendants removed the

12  content at www.californiagrange.org, but they violated the injunction by posting a

13  statement at www.californiagrange.org stating that "our" new website is under

14  construction and inviting the public to "check back soon."  Defendants knew that a

15  statement appearing at www.californiagrange.com would be understood by the

16  local California Granges as a statement by the California State Grange.  A notation

17  on the page disclaimed affiliation with the Plaintiff and the "Grange of the State of

18  California's Patrons of Husbandry Chartered" but omitted any mention of the

19  "California State Grange," fueling Defendants' deception that CSG had separated

20  from the Plaintiff but not the California State Grange.

21      (22)   The name "Grange of the State of California's Patrons of Husbandry

22  Chartered" in Defendants' "disclaimer" is unknown to the local California Granges.

23  The name was registered with the California Secretary of State by the newly

24  chartered California State Grange at the time of its incorporation because the name

25  "California State Grange" was taken by Defendants.

26      (23)   On October 5, 2015, Plaintiff's attorneys sent Defendants' counsel a

27  letter demanding the removal of all content from the website at

28  www.californiagrange.org.  When Defendants ignored that letter, Plaintiff's counsel

1   sent a copy of the Court's September 30 Injunction to GoDaddy, Inc., the registrar

2   for the Internet domain name CALIFORNIAGRANGE.ORG.  GoDaddy,

3   recognizing that Defendants' use of the domain name violated the September 30

4   Injunction, disabled the website at www.californiagrange.org.

5       (24)   Defendants' misappropriation of the history and goodwill of the

6   California State Grange is evidenced in the following description at

7   http://theheirloomexpo.com/speakers/bob-mcfarland (emphasis added):

**BOB MCFARLAND**

Bob McFarland is **serving** **his** **third** **term** **as** **President** **of** **the**
**10,000** **member** **California** **Guild** **(formerly** **the** **California** **State**
**Grange**). Under Bob's leadership, **5,000** **new** **members** **have**
**joined** **the** **organization** **since** **2009**, many from a new generation
of farmers on a mission to grow and distribute healthy organic
food. At the Capitol and in the public arena, Bob has worked
tirelessly alongside other individuals and organizations to help
farmers, protect consumers and respect Mother Earth. Bob has
successfully promoted legislation to legalize industrial hemp,
ban pesticides, label GMO foods, stop pollution of our water, and support small farmers and rural
communities. He is often sought by legislators to speak on behalf of their bills, and invited to speak at
conferences across the United States. Recently, he went on tour with Neil Young as part of his Village of
Activists.
**californiagrange.org**

19      (25)   Defendants contribute to the public confusion by using the telephone

20   number registered in the name of the California State Grange, which appears as

21   follows with Defendants' address in response to a Google search for "Califomia

22   State Grange":



(26)   Similar misinformation appears in Defendants' other business directory listings, *e.g.,* ZoomInfo (yellow highlight added):



(27)   Despite the memorandum and order of this Court dated July 14, 2015, granting summary judgment to Plaintiff against CSG in *National Grange of the Order of Patrons of Husbandry v. California State Grange,* 2:14-cv-00676-WBS-DAD (E.D.Cal.), Defendants are falsely advertising that CSG prevailed in that case and continues to serve as the authorized leader of the California Granges and their members.

(28)   Defendants are falsely advertising to the local California Granges that Defendant McFarland has retained his role as the president of their organization and is simply operating under a new name, "CSG," whereas in truth Defendants are operating a new and separate organization in competition with Plaintiff and the California State Grange.

(29)   Defendants have registered fictitious business names in the name of the "California State Grange" with the Sacramento County Department of Finance, including "California State Guild" and "CSG."  This action was a transparent ruse to facilitate Defendants' transition from "California State Grange" to "CSG," which had been known to local California Granges for generations as an abbreviation of the California State Grange.  By their corporate registration and fictitious business name statements, Defendants have publicly linked themselves to the California State Grange as a means of misappropriating the history and goodwill of the California State Grange.  As a result of this misappropriation and false advertising, Plaintiff is in receipt of misdirected hate mail from California Grange members who claim to have checked the official California state records and, on that basis, are accusing Plaintiff's chartered California chapter of unlawfully impersonating the California State Grange.  These actions are causing severe and irreparable harm to Plaintiff and the chartered California State Grange.

(30)   In addition to harming Plaintiff and the California State Grange, Defendants' deceptive corporate registrations with the California Secretary of State and Sacramento County Department of Finance work a fraud on members of the public who consul such records to determine Defendants' connection to the California State Grange, and who erroneously conclude, on the basis of such records, that CSG is authorized to represent the California Granges and that Defendants are correct in their imprecations against the chartered California State Grange.

1
2
3

(31)   Defendants are distributing an application form at http://csgunited.org/PDF/Membership_Apps.pdf, that they copied from the California State Grange.

4
5
6
7
8

(32)   Defendants' application form contains references to a "Constitution" and "By-laws" that, upon information and belief, are either the Constitution and By-Laws of the California State Grange, or spurious documents purporting to be the "Constitution and By-Laws" of Defendants' organization which have been copied from the Constitution and By-laws of the California State Grange.

9
10
11
12

(33)   In their "News Archive" section at www.csgunited.orgwww.csgunited.org/news/archives.html, Defendants are posting links to historical publications of the California State Grange as though they were publications of CSG.

13
14
15
16

(34)   Defendants' "Multimedia" page at www.csgunited.org/news/multimedia.html contains links to audiovisual presentations of programs in a manner calculated to deceive the public into believing that those programs were presented by CSG.

17
18
19
20

(35)   Defendants' website at www.csgunited.org/news/photos.html provides a link to Defendant McFarland's personal photo site at http://bobmcfarland.smugmug.com, where he states falsely (in the present tense) (emphasis added):

21
22

Most of my photos are in the Grange gallery. ***I've worked for the California State Grange since 2006. In 2009, I was elected as the State President***.

23
24
25
26

(36)   Defendants are also deceiving the public by holding out their organization as the successor to the California Grange Foundation, a 501(c)(3) nonprofit California corporation created in 1992 by the California State Grange under Plaintiff's direction.

27
28

(37)   Prior to the September 30 Injunction, the California Grange Foundation was operating from a website at www.csgfoundation.org. Following the

1    September 30 Injunction, Defendants misappropriated that website, changed the

2    name "California Grange Foundation" to "CSG Foundation," and retained the

3    content previously appearing at the site.  Defendants have "hijacked" Plaintiff's

4    website at www.csgfoundation.org.

5         (38)   Defendants' "CSG Foundation" website at

6    www.csgfoundation.org/events.html deceptively represents historical events

7    sponsored by the California State Grange, *e.g.*, a 2014 Kris Kristofferson concert,

8    as though such programs had been sponsored by CSG.

9         (39)   While Defendants made superficial changes to the website at

10   www.csgfoundation.org, the bookmarks for the website are visible to the public and

11   continue to display the name "California State Grange," as do printouts of the

12   website.

13        (40)   Since the September 30 Injunction, Defendant McFarland has been

14   using the mailing list of the California State Grange to communicate with the

15   California Granges as though he retained his role as the president of their

16   organization.  In October 2015, Defendants called an official meeting of local

17   California Granges in October 2015, addressing them in mass communications as

18   "Brothers and Sisters of the CSG."  At this meeting, and in subsequent

19   communications to the local California Granges, Defendants have falsely

20   represented that Defendant CSG is defending them against court actions brought by

21   Plaintiff in an attempt to expropriate their property.

22        (41)   For the last 3-1/2 months, Defendants have used the California State

23   Grange mailing list for the issuance of bulletins to the local California Granges

24   promoting their organization and disparaging Plaintiff and the chartered California

25   State Grange.  These bulletins deceptively omit the name "California State Grange"

26   when referring to Plaintiff's newly chartered state chapter.  Instead their bulletins

27   contain the following "disclaimer" appearing as follows (emphasis added):

28

The CSG is not affiliated with the National Grange *or the **Grange of California's** **Patrons** of **Husbandry,** **Chartered***

(42)   The above *"disclaimer"* deceives the local California Granges, who are unfamiliar with the name "Grange of California's Patrons of Husbandry, Chartered," by causing them to believe that the California State Grange is now operating as "CSG."

(43)   By holding themselves out as the successor in interest to the California State Grange, Defendants are even claiming the authority to collect dues payments from local California Granges.

(44)   On December 8, 2015, Defendant McFarland attended a local Grange meeting in his capacity as the President of that organization and announced that he had "reorganized" one of the local Granges.  When challenged about his authority to exercise that function on behalf of the California State Grange, McFarland responded, "Yes, I reorganized the Ranchitos [sic] Grange.  ***Under State Grange by-laws I have the authority to do that and I don't need the executive committee's approval***."

(45)   The Ranchito Grange "reorganized" by Defendants was an inactive Grange that had divested the real property used for its Grange hall and other assets, resulting in a trust account with more than $300,000 held by Morgan Stanley in the name of the "California State Grange."  Defendants planned to induce a transfer this account to the "reorganized" local Grange, if they have not already done so, whereupon the "reorganized" local Grange will "donate" that money to Defendant CSG for its own use, free of any trust restrictions, if it has not already done so.  At the December 8 meeting, McFarland was asked whether it was his plan to divert the proceeds of this account to the reorganized Ranchito Grange.  He responded "yes."

(46)   At the December 8, 2015 meeting, McFarland was asked, "Are you at the CSG still accepting local Grange dues?"  He responded, "Absolutely."  He added, "the CSG has been around since 1873," and warned the California State

Grange members who pay dues to "Komski's organization" (*i.e.*, the chartered California State Grange) that they "risk violation of their tax status and could be subject to imprisonment." This was a willfully false statement.

(47)   In repeated mass communications, Defendants have threatened California Granges with "consequences" if they "disaffiliate" from CSG and "join the Komski organization."

(48)   In an email dated December 13, 2015, to a California Grange member who challenged his authority, McFarland stated falsely (emphasis added):

> [T]he court rulings say . . . that the ***CSG is the original organization, retaining our history***, ***membership and corporation***.   *   *   *
>
> Based on the best information we have to date, ***for a [G]range to disaffiliate it will also require forming a new corporation and applying for a new application for nonprofit status***.   *   *   *   *
>
> ***A grange that becomes part of the Komski organization joins as the plaintiff against us in court***   *   *   *
>
> When this trail of tears ends, ***we will still have a vast majority of [G]ranges in California*** standing together, protecting our rights and property. We will just be further divided.

(49)   In correspondence to a local California Grange on December 15, 2015, McFarland issued the following false threats, which he has repeated in multiple communications to other local Granges:

> As you may know, we represent CSG United ("CSG"). We understand that you are currently considering whether to ***change your membership affiliation*** from its currents status as a member of CSG, to membership with ***The Grange of the State of California's Order of Patrons of Husbandry, Chartered***. [McFarland's nomenclature for the "California State Grange."]
>
> We strongly advise you to make sure you are fully informed of the ***potential consequences*** before reaching a decision. Please, consider the following:
>
> Currently, your corporation is under the umbrella of the CSG. ***Your principal governing document, your Articles of Incorporation, define your association with the CSG***, but there is no reference whatsoever connecting your corporation to any other corporation.
>
> ***Disassociating from the CSG may affect your corporate nonprofit status. You will no longer be a 501(c)(8) nonprofit organization sanctioned under the CSG umbrella***.   *   *   *
>
> *   *   *   A failure to comply with these provisions or to meet those

fiduciary duties could subject them to ***personal liability***.

As an officer and director of a non-profit mutual benefit corporation, you could be held personally liable for authorizing an ***unlawful distribution of assets*** of the corporation in violation of the Code. *   *   *

We strongly urge you to consult with your own independent legal counsel about the ***potential consequences*** of a change of membership for your corporation.  Accordingly, we strongly caution against making any ***changes to the status quo*** before such a final determination is made by the Court.

(50)   Defendants' false designation of origin and false advertising have resulted in misdirected hate mail to the chartered California State Grange such as the following email dated December 29, 2015, from a disenchanted local Grange member:

> ***Komski is lying when he states he is the California State Grange and he is illegally using that name and committing fraud when referring to the Komski group as the California State Grange, Inc***. He is persuading you to commit fraud as well. Further, as per most bylaws of California Granges the change requires the approval of the ***President of the California State Grange, Inc; Bob McFarland***.  Beyond that most California granges who are part of the California State Grange non profit status will loose [sic] their non profit status and become a for profit business. *   *   *

> For people who are concerned about my using the name California State Grange to describe the CSG.  I ***am not using the name California State Grange to describe the CSG, I'm using the description from the California Secretary of State for the California State Grange***, so toed [sic] please sue the Ca SOS for using the grange trademark. *   *   *

> I continue to be dumbfounded how something this simple continues to be misunderstood, and I understand the ***Ed Komski group makes up lies such as owning the corporate name California State Grange and everything accomplished under that name for the last 140 years.*** *   *   *

(51)   Another example of misdirected hate mail against Plaintiff distributed to local Grange members states:

> *   *   *   I have . . . . gone to the California Secretary of State and all the other sites for California.  . . . . All of you who are in doubt, call these entities, go on these sites find out for your self [sic] that ***Komski and his talking heads are all lying to you***. [Emphasis added.]

(52)   On information and belief, Defendants have created or collaborated with an organization called the "Community Granger Coalition," by means of a website at www.cgcoalition.com, to disparage Plaintiff, spread disinformation about the relationship between the parties, and issue false threats about the

consequences that California Granges will suffer if they "disaffiliate" from CSG.

(53)   On information and belief, Defendants have authorized, endorsed, or approved the false representations published by the "Community Granger Coalition."   Regardless of who authored, endorsed or approved them, they are the cause and effect of extreme deception and confusion among the California Granges resulting from Defendants' misappropriation of the history and goodwill of the California State Grange and false advertising about their relationship to the California State Grange.

(54)   The confusion among the California Granges resulting from Defendants' willful misrepresentations is evidenced in a numerous communications among and between the Granges, for example, an email dated January 6, 2016, from the Secretary of the Woodbridge Grange, announcing that "President Bob McFarland will be at our Grange hall to install our 2016 officers at 6:30 p.m."

(55)   In addition to the above, Defendants are using a "Google Group" named "GREENGRANGES@GOOGLEGROUPS.COM to falsely represent CSG as the arbiter of questions arising under the California State Grange Bylaws.

(56)   Defendants' disinformation campaign continues unabated.  On December 28, 2015, Defendant McFarland falsely threatened a California Grange with consequences for "jumping ship," falsely represented that the relationship between the local Granges and CSG is governed by the members' articles of incorporation and bylaws, and falsely warning of consequences to "any [G]range who disaffiliates from the CSG."  On January 18, 2016, McFarland distributed a similar email with the following willful misrepresentations about the tax status of "Komski's organization," *i.e.,* the chartered California State Grange:

> Efforts toward reconciliation have been slowed by several granges ***leaving the CSG and joining the Komski's organization***, claiming they are somehow going to miraculously vote him out of office in June. Mr. Komski is fully aware of this scheme and he will find a way to prevent this from happening.
>
> Most recent research done on behalf of our members confirms what we have been cautioning granges about. ***Upon disaffiliation from the CSG, a***

***reassessment*** **of** ***property*** ***taxes*** **is** ***almost*** ***assured*** – unless you get lucky and your County Assessor is unfamiliar with the law.

Mr. Komski does not currently have a group tax exemption that will accommodate any granges joining his organization. ***Depending*** **on** ***your*** ***individual*** ***tax*** ***status,*** ***you*** ***may*** **or** ***may*** ***not*** **be** ***able*** ***to*** ***make*** ***the*** ***transition*** ***from*** ***the*** ***CSG*** ***to*** ***Mr.*** ***Komski's*** ***organization***. In all cases, it cannot be accomplished without effort, time and cost. ***We*** ***highly*** ***recommend*** ***you*** ***investigate*** **with** ***a*** ***professional*** ***tax*** ***consultant*** **or** ***attorney***.

One thing is certain, and that is nothing is certain. ***We*** ***have*** ***tried*** ***to*** ***caution*** ***officers*** **of** ***individual*** ***chapters*** from making blind decisions that may put in question their fiduciary responsibilities. ***The*** ***CSG*** ***must*** ***report*** ***these*** ***actions*** ***to*** ***the*** ***various*** ***regulatory*** ***agencies***, or we can be held responsible, fined and even face criminal prosecution.

***Tax*** ***laws*** ***are*** ***tough***, especially when you are claiming to be a nonprofit organization, and with matters dealing with the public trust. We've studies all of this and continue to do so. Have you? You may feel like you are being threatened. With apologies, if that is what it takes to get you to look into these matters, it is worth it.  [Emphasis added.]

(57)    As a result of Defendants' false designation of origin, false advertising, and defamatory statements, the California Granges and their members have been deceived, confused and mistaken into believing that McFarland is the duly authorized President of the California Granges, that Defendants own the history and goodwill of the California State Grange, and that CSG is the legal and equitable successor to the California State Grange for all material purposes.

## FIRST CAUSE OF ACTION

## (False Designation of Origin)

(58)    Plaintiffs incorporate by reference all of the preceding allegations.

(59)    The milestones claimed by Defendants belong to the history and tradition of the California State Grange, not Defendants.

(60)    By reason of this Court's award of summary judgment to Plaintiff on its trademark infringement claim in *National Grange of the Order of Patrons of Husbandry v. California State Grange*, No. 2:14-cv-00676-WBS-DAD (E.D.Cal.), Defendants' claim of succession to the entire history and goodwill of the California State Grange, including all of its accomplishments and milestones since 1873, is based on a falsehood.

(61)     Defendants' claim to ownership of the history and goodwill of the California State Grange is false as a matter of law, because that history and goodwill cannot be lawfully separated from the trademark with which it is associated.  The name "California State Grange" is a symbol of goodwill and has no independent significance apart from the goodwill that it symbolizes.  As owner of the name "California State Grange," the goodwill claimed by Defendants belongs exclusively to Plaintiff and the chartered California State Grange.

(62)     Defendants' claim to ownership of the history and goodwill of the California State Grange is statutorily prohibited by Section 5 of the Lanham Act, which provides:

> Where a registered mark or a mark sought to be registered is or may be used legitimately by related companies, such use shall inure to the benefit of the registrant or applicant for registration[.]

15 U.S.C. § 1055.

(63)     Because all use of the name "Grange" by the California State Grange going back to 1873 was by and through its relationship to the Plaintiff, such use inured exclusively to the benefit of the Plaintiff as a "related" entity pursuant to Section 5 of the Lanham Act, 15 U.S.C. § 1055.

(64)     WHEREFORE, Defendants are engaged in false designation of origin within the meaning of Lanham Act Section 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A), causing irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### (Federal False Advertising)

(65)     Plaintiffs incorporate by reference all of the preceding allegations.

(66)     Defendants, in their commercial advertising and promotion, are falsely advertising:

(a)     that Defendant McFarland is the president of their organization;

(b)     that CSG owns the history and goodwill of the California State

Grange;

(c) that CSG is the legal and equitable successor to the California State Grange for all material purposes;

(d) that Defendants are engaged in litigation against Plaintiff to protect the rights of the California Granges;

(e) that Plaintiff is seeking to expropriate property from members of the California State Grange;

(f) that members of the California State Grange must "disaffiliate" with Defendant CSG in order to "join" the California State Grange; and

(g) that the president of the chartered California State Grange is lying to the public by claiming to represent the California State Grange.

(67) Defendants are intimidating members of the California State Grange with false threats of harm, imprisonment, and other false consequences if they "disaffiliate" from Defendants' organization and "affiliate" with the California State Grange of which they are already members.

(68) Defendants' misrepresentations about the parties' identities and the origin of their commercial activities and services goes to the character, nature and value of those services, in violation of Lanham Act Section 43(a)(1)(B), which provides a cause of action against any person who, "in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographic origin of his or her or another person's goods, services, or commercial activities." 15 U.S.C.A. 43(a)(1)(B).

(69) WHEREFORE, Defendants are engaged in false advertising within the meaning of Lanham Act Section 43(a)(1)(B), 15 U.S.C. § 43(a)(1)(B), causing irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

///

///

///

**THIRD CAUSE OF ACTION**

**(California False Advertising)**

(70)   Plaintiffs incorporate by reference all of the preceding allegations.

(71)   The Court has pendent and supplemental jurisdiction over this State claim.

(72)   Defendants, by their acts aforesaid, are violating Section 17500 of the California Business & Professions Code, which provides that "[i]t is unlawful for any ... corporation ... to make or disseminate or cause to be made or disseminated before the public in this state, ... in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement, ... which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading ...."  Cal. Bus. & Prof.Code § 17500.

WHEREFORE, Defendants are engaged in false advertising under California law, causing irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**(Trade Libel)**

(73)   Plaintiffs incorporate by reference all of the preceding allegations.

(74)   The Court has pendent and supplemental jurisdiction over this State claim.

(75)   Defendants have publicly accused Plaintiff and the chartered California State Grange of lying about the origin and source of goodwill associated with the California State Grange and the relationship between the parties.

(76)   On information and belief, Defendants have authorized, directed, endorsed or approved the lies and false statements recounted above, as evidenced in the following statement about the President of the chartered California State Grange at http://cgcoalition.org/2015/12/15/who-is-ed-komski:

### Who Is Ed Komski?

📅 *December 15, 2015*   👤 *Bruce Broderick*

#### Who Is Ed Komski?

Ed Komski is the public face of the newly chartered replacement California State Grange, or as listed with The State of California, "The Grange of California Order of Patrons of Husbandry, Chartered".

So; Who is Ed Komski is a question that most California Grangers would like to know the answer to.

A few granger's who liked and supported former National Grange Master Ed Lutrell's forceful policies agree with Mr. Komski and follow him faithfully. But the vast majority of California Grangers are suspicious and want to know more about him before jumping off a proverbial cliff. California Grangers have a right to know who they are signing on with. To that end, this report is presented in a neutral chronological layout of Mr. Komski's more recent business ventures based on publicly available information in the hope that you will be better informed should you decide to vote to move away from CSG (formerly California State Grange). Enjoy the article and choose wisely.

The public information researched in this article was gotten from Mr. Komski's Linkedin Page ( https://www.linkedin.com/in/ed-komski-7a4a304 ), his Facebook page ( https://www.facebook.com/ed.komski ) and Internet searches. All information in this article is freely available to anyone who chooses to search it out.

(77)   Defendants are intentionally disparaging the quality of services offered by the California State Grange, causing pecuniary damage to the California State Grange, including but not limited to lost membership dues.

(78)   WHEREFORE, Defendants are engaged in trade libel under California law, causing irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

### FIFTH CAUSE OF ACTION

### (Intentional Interference With Contractual Relations)

(79)   Plaintiffs incorporate by reference all of the preceding allegations.

(80)   The Court has pendent and supplemental jurisdiction over this State claim.

(81)   Plaintiff is party to a contract with each local Grange.  The contract inheres in the Charter issued by the National Grange to the local Grange, without which the latter cannot function as a Grange.  The Charter appears in the form of a certificate, executed by the Master and Secretary of the National Grange.

(82)   The Charter of the each Grange is received and recorded by the chartered state Grange, in this case, the California State Grange.  To be chartered as a local Grange, the By-Laws of the local Grange must conform with the requirements prescribed by the National Grange.  The template for these By-Laws is provided to the local Grange by the National Grange and reads, in relevant part:

> The qualifications for members; procedure for attaining membership; membership dues; and the right to vote are provided for in the By-Laws of the State Grange.  All candidates for membership and elected officers shall be required to agree at the time of election to membership or installation in office that at all times they will ***faithfully comply with the Constitution, By-Laws and Codes of the Grange at all levels***, as from time to time adopted.
>
> \*                               \*                               \*
>
> All persons, upon being admitted to regular or affiliate membership, shall sign the Roll Book, thereby ***pledging themselves to faithfully comply with the Laws of the Order at all levels***, as from time to time amended.
>
> \*                               \*                               \*
>
> The Officers of this Grange shall be elected and installed as prescribed in the Article entitled "Officers," subsection entitled "When Elected," of the California State Grange By-Laws.
>
> \*                               \*                               \*
>
> The duties of the officers of this Grange shall be such as prescribed in article entitled, "Officers" of the California State Grange By-Laws."
>
> \*                               \*                               \*
>
> The fees and dues of this Grange shall conform to those prescribed in the article regarding, "Funds" of the California State Grange By-Laws. [Emphasis added.]

(83)   Defendants are aware of the contractual relations between Plaintiff and the local Granges by reason of the responsibility that they exercised historically pursuant to the Constitution and By-Laws of the National Grange and the California State Grange, which included the recordation of and responsibility for Charters issued by Plaintiff to California Granges.

(84)   Knowing of the contractual relationship between Plaintiff and the local Granges, Defendants have intentionally and willfully interfered with such relations by:

(a)   falsely designating themselves as the authorized representatives of the California Granges;

(b)   falsely representing to California Granges that Defendants are successors to the history and goodwill of the California State Grange;

(c)   falsely advertising to California Granges that Defendants are defending them against actions brought by Plaintiff; that Plaintiff is seeking to expropriate property from them; that California Granges must disaffiliate from Defendants' organization in order to join the chartered California State Grange; and that Defendants have powers, rights and privileges pursuant to the Constitution and By-Laws of the California State Grange;

(d)   exercising functions within the exclusive authority of the California State Grange, including but not necessarily limited to the collection of Grange dues; disposition of assets owned by the California State Grange, writing and cashing checks on the account of the California State Grange; reorganization of local California Granges; induction of new Grange members and installation of Grange officers; performance of Grange rituals; use of proprietary Grange regalia and paraphernalia for Grange rituals; functioning and holding themselves out to the public as a Grange; and

(e)   intimidating members of the California State Grange with false threats of harm, imprisonment, and other nonexistent consequences if such members "disaffiliate" from Defendants' organization and "affiliate" with the chartered California State Grange.

(85)   In the weeks leading up to the filing of this Complaint, Defendants have interfered in the contractual relations between Plaintiff and the local California Granges by means of correspondence from Defendant McFarland to the California

Granges seeking to remain with the California State Grange, copied to the membership of the California State Grange, including false and deceptive statements such as the following:

(a)    "The most important decision any local 'Grange' can make is whether to be a Grange(r) or not.  Let us each ask – ***Why did you join the Grange, and why do you now want to leave?***"  (Emphasis in original.)

(b)    "The Grange of California Order of Patrons of Husbandry, Chartered ***IS NOT*** the original California State Grange (now called the CSG).  (Emphasis in original.)

(c)    There is NO ruling from the Court that morphed the CSG into Komski's organization.  In fact, just the opposite is true. ***The CSG is the original organization, maintaining our identity, history, corporation, tax status, structure and the majority of our chapters and members***.  The trademark ruling did not take any of that away."  (Emphasis added).

(d)    "I thought you . . . voted to join the Komski organization?  If I am mistaken, please correct me.  Otherwise, why would you have any need to know what our reconciliation efforts are on behalf of ***our members***?  The plain truth is, ***your dues are going towards funding Mr. Komski's attack on the rest of us***."  (Emphasis added.)

(e)    "Just so you know, I will not respond to your absurd accusations. It's my understanding that you are ***no longer a member of our organization***."  (Emphasis added.)

(f)    "***I work for the members of the CSG***.  Any member of the CSG has the right to criticize my integrity and performance.  However, ***if you are no longer a member***, you do not have the same rights or protections to make false statements."  (Emphasis added.)

(g)    "***Disaffiliation from the CSG and attempted alliance with Mr. Komski's organization affects your corporate and nonprofit status***.  Several

CSG chapters have chosen to ignore these cautions, cross their fingers and plunder ahead without answers.  ***The consequences could be significant***, such as losing you nonprofit status or standing as a California corporation, taxes, penalties, loss of property and assets."  (Emphasis added).

(h)      "I am not a tax or corporate professional, but many good people are doing deep research and what I have seen is sobering.  These ***potential consequences may take many months or years to materialize***.  The wheels of state and federal government, and regulatory agencies move slowly.  But when they do appear - they will be retroactive.  Anyone who has ever received an ***unexpected letter from the IRS adjusting taxes from three years earlier*** knows how this works. It is more common than you may think.  Add to that scrutiny from the FTB [sic] and BOE and county, it is quite a tangle."  (Emphasis added.)

(i)      "The determination from one agency is passed on to all the others.  These agencies have become quite sophisticated.  They are all interconnected.  For those of you think this is me threatening, it is not.  ***I have nothing to gain by seeing harm come to any of you***.  The opposite, when any of us is harmed, we all suffer."  (Emphasis added.)

(j)      "Mr. Komski's dues amnesty program is bogus. . . . ***You begin paying dues to Mr. Komski if and when you join his organization***. You will be credited for dues you have paid to the CSG.  ***Failure of a [G]range to pay dues to Mr. Komski is not cause enough for him to suspend or revoke your charter, if you assume he has the authority to do so***."  (Emphasis added.)

(k)      "I have received your notice dated January 22 that the Windsor Grange inten[ds] to ***disaffiliate from the CSG***.  I'm deeply disappointed.  The CSG has made every effort to make you aware of the ***consequences of disaffiliation***.  If you do not agree, please notify me immediately."  (Emphasis added.)

(l)     "This email does not in any way represent the ***CSG's consent or agreement with your voluntary disaffiliation from the CSG***.  This email is notice that ***your action represents a violation of your bylaws and Articles of Incorporation***."  (Emphasis added.)

(m)     "To fulfill your legal and fiduciary requirements, please make the necessary legal and business notifications and reporting required by the various business and regulatory agencies.  ***We will follow up with these business and regulatory agencies to make sure you have complied***.  We must do so, to avoid any fees or penalties being assessed against the CSG should you fail to comply."  (Emphasis added.)

(n)     "***First requirement, please consider this email a formal request by the CSG for a copy of the Windsor Grange, Incorporated IRS non profit tax determination letter.***  Please send the copy to CSG, 3830 U Street, Sacramento, CA 95817.  Per IRS regulation, you have 30 days from the date of this email (January 26, 2016) to comply with our request."  (Emphasis added.)

(o)     "Regarding your request for the third quarter dues paid to the CSG to be refunded to the Windsor Grange, we will not be refunding those dues.  ***Per your bylaws and Articles of Incorporation, you are required to pay dues to the CSG (formerly called the California State Grange)***.  Your notice of intent to disaffiliate from the CSG is dated January 22, 2016.  However, you have not completed that process."  (Emphasis in original.)

(86)   Defendants' threats to Plaintiff's members described above have no basis in fact or law, and are willfully directed at disrupting and damaging the contractual relations known by Defendants to exist between Plaintiff and its members, causing irreparable injury to Plaintiff and the California State Grange.  By these acts, Defendants are engaged in intentional interference in contractual relations in violation of the common law of the State of California.

# SIXTH CAUSE OF ACTION

## (Copyright Infringement)

(87)   Plaintiffs incorporate by reference all of the preceding allegations.

(88)   Following the September 30 Injunction, Defendants, without the authorization, consent or approval of Plaintiff or the chartered California State Grange, copied the content of the website at www.californiagrange.com onto Defendants' new website at www.csgunited.org.  Such contents contained original work of authorship belonging to the California State Grange, including but not necessarily limited to the selection, coordination and arrangement of text, images, colors, and overall appearance.

(89)   Article XVIII of the By-Laws of the National Grange, Paragraph 4.18.1(A), addresses the ownership of intellectual property as between Plaintiff and its affiliated state chapters, including the California State Grange.  Article XVIII provides:

> All registered and non-registered trademarks, logos, ***copyrights*** and other intellectual property related to, used by and associated with, the Order are the ***legal property of the National Grange.***  [Emphasis added]

(90)   By reasons of its By-Laws, to which Defendants were bound at all times relevant to this Complaint, Plaintiff owns all right, title and interest to the copyright in original works of authorship created by the California State Grange that were "used by and associated with" the Grange.  Plaintiff therefore owned the copyright to all original authorship in the content at www.californiagrange.org. Plaintiff's claim to ownership of such copyright is attested in the applications filed by Plaintiff at the United States Copyright Office on January 7, 2016, copies of which are appended to this Complaint as Exhibit A.

(91)   By copying the website of the California State Grange at www.californiagrange.org onto their new website at www.csgunited.org, Defendants infringed Plaintiff's exclusive rights under Section 106 of the United States Copyright Law, 17 U.S.C. § 106.

1

(92)   Defendants' infringement of Plaintiff's copyright is evidenced in a

2

side-by-side comparison of the California State Grange website and Defendants'

3

new website, revealing, for example, the following similarities:

4

5

**www.californiagrange.org**            **www.csgunited.org**
**June 28, 2015**                        **December 3, 2015**

6

7

8

9

10

11

12

13

14

15

16

17

18

19



20

21

(93)   Defendants' membership brochure at

22

http://csgunited.org/membership.html is similarly copied from the membership

23

brochure of the California State Grange.

24

(94)   Defendants' infringement of Plaintiffs' copyright in the California

25

State Grange membership brochure is evidenced by the following similarities:

26

27

28




**CSG Brochure**                    **California State Grange Brochure**

(95)   Since the September 30 Injunction, Defendants have continued to operate a website at www.csgfoundation.org, containing original work of authorship created by the California State Grange.  Defendants are using this site to continue soliciting tax deductible donations by means of statements such as the following (emphasis added):

> The CSG Foundation was ***formed in 1992*** as a 501c3 nonprofit California corporation.  Our mission is to sponsor programs and projects that support and encourage healthy, vibrant communities through education, agricultural pursuits and community service.

(96)   Plaintiff, by reason of its By-Laws quoted above, also owned the copyright to the original authorship in the California Grange Foundation website at www.csgfoundation.org.  Defendants, in willful infringement of Plaintiff's rights, copied that content in violation of 17 U.S.C. § 106, as revealed in the following side-by-side comparison:

**California Grange Foundation,**
**www.csgfoundation.org**
**October 13, 2015**

**CSG Foundation**
**www.csgfoundation.org**
**December 4, 2015**




(97)   By their acts aforesaid, Defendants have engaged, and are engaged, in federal copyright infringement.

WHEREFORE, Plaintiff demands judgment against Defendants as set forth in the Prayer for Relief.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment against Defendants as follows:

(1)   For an order preliminarily and permanently enjoining Defendants, collectively and individually, and their officers, shareholders, partners, principals, agents, assignees, beneficiaries, successors, licensees, distributors, attorneys, proxies, alter egos, aliases, and all other persons acting in concert with Defendants collectively or individually, from:

(a)   falsely designating the California State Grange as the origin and source of Defendants' history and goodwill by any means, including the use or display of Grange regalia, Grange paraphernalia, distinctive acronyms and abbreviations associated with the California Grange, and other means likely to cause confusion, mistake or deception as to Defendants' affiliation, connection, or association of Defendants with the California State Grange;

(b)   falsely representing that Defendants are successors to the

California State Grange, or that they are affiliated or connected in any way with the California State Grange, including Plaintiff National Grange and any State, Pomona, Junior or local community Grange;

(c)     engaging in false advertising to members of the California State Grange, including but not necessarily limited to representations that:

(i)     Defendant McFarland is the president of their organization;

(ii)    CSG owns, or is the successor to, the history and goodwill of the California State Grange;

(iii)   Defendants are engaged in litigation against Plaintiff to protect the rights of the California Granges;

(iv)    Plaintiff is seeking to expropriate property from members of the California State Grange;

(v)     members of the California State Grange must "disaffiliate" with Defendant CSG in order to "join" the chartered California State Grange;

(vi)    the president of the chartered California State Grange is lying to the public by claiming to represent the California State Grange; or

(vii)   Defendants have powers, rights and privileges pursuant to the Constitution and By-Laws of the California State Grange;

(d)     exercising functions within the exclusive authority of the California State Grange, including but not necessarily limited to the collection of Grange dues; disposition of assets owned by the California State Grange, writing and cashing checks on the account of the California State Grange; reorganization of local California Granges; induction of new Grange members and installation of Grange officers; performance of Grange rituals; use of proprietary Grange regalia and paraphernalia for Grange rituals;

functioning and holding themselves out to the public as a Grange;

(e)     intimidating members of the California State Grange with false threats of harm, imprisonment, or other nonexistent consequences if such members "disaffiliate" from Defendants' organization and "affiliate" with the chartered California State Grange;

(f)     distributing records, copies, recordings, histories or descriptions of past or present events sponsored, authorized, endorsed or approved by Plaintiff or the California State Grange in a manner that is likely to cause confusion, mistake or deception about the sponsorship, authorization, endorsement or approval of such events, or to cause members of the California State Grange to believe, mistakenly, that such events were authorized, sponsored, endorsed or approved by the California State Grange;

(g)     intentionally disparaging the quality of services offered by the California State Grange, disrupting and damaging the contractual relations between the California State Grange and its members, and interfering with prospective economic advantage of Plaintiff or the California State Grange; and

(h)     reproducing, distributing or preparing derivative works based on Plaintiff's copyrighted works, including but not limited to the former website of the California State Grange;

(2)     For an order requiring Defendants to:

(a)     revoke and/or amend all government corporate name and fictitious name registrations, including but not necessarily limited to those on record with the California Secretary of State and County of Sacramento, so as to exclude the incorporation of any registered or unregistered trademark of Plaintiff and the California State Grange, including but not necessarily limited to the name or designation ,"Grange," "Granger," "California Grange Foundation," "California Grange," "California State Grange," and any other

word, acronym, abbreviation or other designation confusingly similar thereto, including "CSG" and "CGFoundation";

(b)     include, in juxtaposition to any reference to the currently or previously chartered California State Grange, or to the present or past history and goodwill of the California State Grange, the following prominent disclaimer: NOT AFFILIATED WITH THE CALIFORNIA STATE GRANGE.

(c)     return all proprietary Grange regalia and paraphernalia to the California State Grange; and

(d)     in any keyword purchased or used by Defendants for Internet advertising, activate the terms "Grange," "Granger," "California Grange Foundation," "California Grange," "California State Grange," "CSG," "CG" and "CGFoundation" as "negative keywords" or "negative Adwords," so as to exclude the use of such terms to attract Internet traffic drawn by public familiarity with the registered or unregistered trademarks of Plaintiff and the California State Grange;

(3)     For an order, pursuant to 17 U.S.C. § 503(a)(1)(A) and (B), impounding all copies and records of Plaintiff's copyrighted works, including but not limited to the former website of the California State Grange, and all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or records may be reproduced.

(4)     For an order, pursuant to 17 U.S.C. § 503(a)(1)(C), impounding all records documenting the manufacture, sale and receipt of things involved in Defendant's infringement of Plaintiff's copyrighted works, including but not limited to the former website of the California State Grange, *provided that* any records seized under this order shall be taken into the custody of the Court.

(5)     For an order, pursuant to 17 U.S.C. § 503(b), requiring the destruction or other reasonable disposition of all copies or records found to have been made or

1  used in violation of Plaintiff's copyrights, including but not limited to Plaintiff's

2  copyright in the website of the California State Grange, and of all plates, molds,

3  matrices, masters, tapes, film negatives, or other articles by means of which such

4  copies or records may be reproduced.

5      (6)    For an order declaring that Defendants' acts constitute:

6      (a)    false designation of origin in violation of Section 43(a)(1)(A) of

7  the Federal Trademark Act of 1946, as amended (the "Lanham Act"), 15

8  U.S.C. § 1125(a)(1)(A);

9      (b)    false advertising in violation of Lanham Act Section

10  43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B);

11      (c)    false advertising in violation of Section 17500 of the California

12  Business & Professions Code;

13      (d)    trade libel in violation of California common law;

14      (e)    intentional interference with contractual relations under

15  California common law;

16      (f)    intentional interference with prospective economic advantage

17  under California common law; and

18      (g)    federal copyright infringement.

19      (7)    For an order directing Defendants to file with this Court and serve

20  upon Plaintiff within thirty (30) days after service of the injunction, a report in

21  writing, under oath, setting forth in detail the manner and form in which Defendants

22  have complied with, and will continue to comply with, the injunction and further

23  orders of this Court.

24      (8)    For an accounting of profits pursuant to Section 35(a) of the Lanham

25  Act, 15 U.S.C. § 1117(a).

26      (9)    For lost profits and damages in such amount as may appear appropriate

27  following a trial on the merits, pursuant to Section 35(a) of the Lanham Act, 15

28  U.S.C. § l117(a).

1        (10)   For treble damages pursuant to Section 35(a) of the Lanham Act, 15

2    U.S.C. § 1117(a).

3        (11)   For costs and attorney fees pursuant to Section 35(a) of the Lanham

4    Act, 15 U.S.C. § 1117(a).

5        (12)   For such further relief as the Court may find to be equitable, just and

6    appropriate.

7

8                            Respectfully submitted,

9    Dated: February 1, 2016      **ARENT FOX LLP**

10                           By: /s/ Michael L. Turrill, Esq.

11                                MICHAEL L. TURRILL

12                            JAMES L. BIKOFF (*pro hac vice*)

13                            BRUCE A. MCDONALD (*pro hac vice*)

                            HOLLY B. LANCE (*pro hac vice*)

14                            Smith, Gambrell & Russell LLP

15                            *Attorneys for Plaintiff*

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

1/7/2016                                        Electronic Copyright Office (eCO)

Review Submission

[ << Back ]   [ Save For Later ]   [ Save Template ]   [ Add to Cart ]

Please review the entire submission on this screen. If you need to revise any information, return to the appropriate data entry screen to make the revision. When the entire submission is correct, click the "Add to Cart" button at the top of the screen. **Warning: Once you submit your application, you cannot make changes to it. Therefore, please review the information on this screen carefully before proceeding.**

### Case Summary

| | | |
|---|---|---|
| Case Number: 1-3021894682 | Application Format: Standard | Case Type: Work of the Visual Arts |
| Contact Name: Jennifer Feldman | | Opened: 1/7/2016 |

### All Titles

◄ 1 - 1 of 1 ►

| Title of Work ⬍ | Volume ⬍ | Number ⬍ | Issue Date ⬍ | Type ⬍ | On Page ⬍ |
|---|---|---|---|---|---|
| California State Grange – Welcome | | | | Title of work being registered | |

### Publication/Completion

1 - 1 of 1

| Published Work ⬍ | Year Created ⬍ | Publication Date ⬍ | Nation of First Publication ⬍ | ISN Type ⬍ | IS Number ⬍ | Preregistration Number ⬍ |
|---|---|---|---|---|---|---|
| Yes | 2010 | 1/1/2015 | United States | | | |

### Authors & Contributions (VA)

◄ 1 - 1 of 1 ►

| Name | Organization Name ⬍ | Work For Hire ⬍ | Citizenship ⬍ | Domicile ⬍ | Year of Birth ⬍ | Year of Death ⬍ | Anonymous ⬍ | Pseudonymous ⬍ | Pseudonym ⬍ | Photo ⬍ | Jewelry ⬍ | Architectural ⬍ | 2-D Art ⬍ | Sculpture ⬍ | Map ⬍ | Technical Drawing ⬍ | Other ⬍ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | National Grange of the Order of Patrons of Husbandry | Yes | United States | | | | N | N | | | | | ✔ | | | | Text |

### Claimants

◄ 1 - 1 of 1 ►

| Name | Organization Name ⬍ | Transfer Statement ⬍ | Transfer Stmt Other ⬍ | Address ⬍ |
|---|---|---|---|---|
| | National Grange of the Order of Patrons of Husbandry | | | 1616 H Street N.W., Washington, DC, 20006, United States |

### Claim Limitations review (VA)

| **Material Excluded** | **New Material Included** | **Previous Registration** |
|---|---|---|
| | | |

| Material Excluded | New Material Included | Previous Registration |
|---|---|---|
| Jewelry | Jewelry | 1st Prev. Reg. # |
| Photograph | Photograph | Year |
| 2D Artwork | 2D Artwork | 2nd Prev. Reg. # |
| Sculpture | Sculpture | Year |
| Architectural | Architectural | |
| Technical Drawing | Technical Drawing | |
| Map | Map | |
| Other | Other | |

### Rights & Permissions

| | |
|---|---|
| First Name: Bruce | Organization Name: Smith, Gambrell & Russell, LLP |
| Middle Name: A. | Address 1: 1055 Thomas Jefferson Street, NW |
| Last Name: McDonald | Address 2: Suite 400 |
| Email: bmcdonald@sgrlaw.com | City: Washington |
| Phone: (202) 263-4362 | State: DC |

data:text/html;charset=utf-8,%3Ctable%20width%3D%22100%25%22%20cellpadding%3D%225%22%20cellspacing%3D%220%22%20border%3D%220%22%20style%3D%22font-family%3A%20Arial%2C%20H…    1/2

1/7/2016                                    Electronic Copyright Office (eCO)

|  | | | |
|---|---|---|---|
| Alternate Phone: | | Postal Code: | 20007 |
| | | Country: | United States |

## Correspondent

| | | | |
|---|---|---|---|
| First Name: | Bruce | Organization Name: | Smith, Gambrell & Russell, LLP |
| Middle Name: | A. | Address 1: | 1055 Thomas Jefferson Street, NW |
| Last Name: | McDonald | Address 2: | Suite 400 |
| Email: | bmcdonald@sgrlaw.com | City: | Washington |
| Phone: | (202) 263-4362 | State: | DC |
| Alternate Phone: | | Postal Code: | 20007 |
| Fax: | (202) 263-4372 | Country: | United States |

## Mail Certificate

| | | | |
|---|---|---|---|
| First Name: | Bruce | Organization Name: | Smith, Gambrell & Russell, LLP |
| Middle Name: | A. | Address 1: | 1055 Thomas Jefferson Street, NW |
| Last Name: | McDonald | Address 2: | Suite 400 |
| | | City: | Washington |
| | | State: | DC |
| | | Postal Code: | 20007 |
| | | Country: | United States |

## Certification

| | |
|---|---|
| Name: | Jennifer L. Feldman |
| Certified: | ✔ |
| Special Handling: | |
| Applicant's Internal Tracking Number: | CSG – Welcome |
| Note to Copyright Office: | |

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

Take Our Survey!

data:text/html;charset=utf-8,%3Ctable%20width%3D%22100%25%22%20cellpadding%3D%225%22%20cellspacing%3D%220%22%20border%3D%220%22%20style%3D%22font-family%3A%20Arial%2C%20H…   2/2

Exhibit A
Page 36



https://web.archive.org/web/20150628143848/http://www.californiagrange.org/[12/3/2015 5:15:10 PM]

The Grange was the first organization to support and promote women as equal voting members.  The Grange is non-partisan and non-denominational.



There is a Grange hall near you.  Follow this link for a map of Granges by county in California:

Everyone is welcome to apply for membership.  Applications are available here.

For a pictorial essay on "What Is the Grange", follow this link: What is the Grange

California State Grange, copyright ©2015



## Review Submission

[ << Back ]    [ Save For Later ]  [ Save Template ]         [ Add to Cart ]

Please review the entire submission on this screen. If you need to revise any information, return to the appropriate data entry screen to make the revision. When the entire submission is correct, click the "Add to Cart" button at the top of the screen. **Warning: Once you submit your application, you cannot make changes to it. Therefore, please review the information on this screen carefully before proceeding.**

### Case Summary

| | | |
|---|---|---|
| Case Number: 1-3021894865 | Application Format: Standard | Case Type: Work of the Visual Arts |
| Contact Name: Jennifer Feldman | | Opened: 1/7/2016 |

### All Titles

1 - 1 of 1

| Title of Work | Volume | Number | Issue Date | Type | On Page |
|---|---|---|---|---|---|
| California State Grange – History | | | | Title of work being registered | |

### Publication/Completion

1 - 1 of 1

| Published Work | Year Created | Publication Date | Nation of First Publication | ISN Type | IS Number | Preregistration Number |
|---|---|---|---|---|---|---|
| Yes | 2010 | 1/1/2011 | United States | | | |

### Authors & Contributions (VA)

1 - 1 of 1

| Name | Organization Name | Work For Hire | Citizenship | Domicile | Year of Birth | Year of Death | Anonymous | Pseudonymous | Pseudonym | Photo | Jewelry | Architectural | 2-D Art | Sculpture | Map | Technical Drawing | Other |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | National Grange of the Order of Patrons of Husbandry | Yes | United States | | | | N | N | | | | | ✔ | | | | Text |

### Claimants

1 - 1 of 1

| Name | Organization Name | Transfer Statement | Transfer Stmt Other | Address |
|---|---|---|---|---|
| | National Grange of the Order of Patrons of Husbandry | | | 1616 H Street N.W., Washington, DC, 20006, United States |

### Claim Limitations review (VA)

| **Material Excluded** | **New Material Included** | **Previous Registration** |
|---|---|---|
| Jewelry | Jewelry | 1st Prev. Reg. # |
| Photograph | Photograph | Year |
| 2D Artwork | 2D Artwork | 2nd Prev. Reg. # |
| Sculpture | Sculpture | Year |
| Architectural | Architectural | |
| Technical Drawing | Technical Drawing | |
| Map | Map | |
| Other | Other | |

### Rights & Permissions

| | | | |
|---|---|---|---|
| First Name: | Bruce | Organization Name: | Smith, Gambrell & Russell, LLP |
| Middle Name: | A. | Address 1: | 1055 Thomas Jefferson Street, NW |
| Last Name: | McDonald | Address 2: | Suite 400 |
| Email: | bmcdonald@sgrlaw.com | City: | Washington |
| Phone: | (202) 263-4362 | State: | DC |

Exhibit A
Page 39

1/7/2016                                               Electronic Copyright Office (eCO)

| | | | |
|---|---|---|---|
| **Alternate Phone:** | | **Postal Code:** | 20007 |
| | | **Country:** | United States |

## Correspondent

| | | | |
|---|---|---|---|
| **First Name:** | Bruce | **Organization Name:** | Smith, Gambrell & Russell, LLP |
| **Middle Name:** | A. | **Address 1:** | 1055 Thomas Jefferson Street, NW |
| **Last Name:** | McDonald | **Address 2:** | Suite 400 |
| **Email:** | bmcdonald@sgrlaw.com | **City:** | Washington |
| **Phone:** | (202) 263-4362 | **State:** | DC |
| **Alternate Phone:** | | **Postal Code:** | 20007 |
| **Fax:** | (202) 263-4372 | **Country:** | United States |

## Mail Certificate

| | | | |
|---|---|---|---|
| **First Name:** | Bruce | **Organization Name:** | Smith, Gambrell & Russell, LLP |
| **Middle Name:** | A. | **Address 1:** | 1055 Thomas Jefferson Street, NW |
| **Last Name:** | McDonald | **Address 2:** | Suite 400 |
| | | **City:** | Washington |
| | | **State:** | DC |
| | | **Postal Code:** | 20007 |
| | | **Country:** | United States |

## Certification

| | |
|---|---|
| **Name:** | Jennifer L. Feldman |
| **Certified:** | ✔ |
| **Special Handling:** | |
| **Applicant's Internal Tracking Number:** | CSG – History |
| **Note to Copyright Office:** | |

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

Take Our Survey!

Exhibit A
Page 40



In 1908, the State Grange decided to reorganize a cooperative enterprise-- fire insurance-- on a fraternal/mutual basis without capital stock. It was necessary to first pass a law through the legislature permitting such companies to operate. After two unsuccessful attempts to get the law enacted, success was attained in 1913. The Grange Fraternal Fire Insurance Association was organized in 1916 with the first policy issued in May of that year, and the company grew steadily from that date.

The State Convention held in Redding in 1929 made a declaration that startled California. It reaffirmed a position held on conservation in keeping with the Grange program adopted in 1873, 1874, and 1875, by urging the development of the water resources of the State by the construction of a dam at Kennet, now known as the Shasta Dam, with combined State and Federal funds, to conserve water for irrigation in the Sacramento and San Joaquin Valleys. The delegates asked that electric power and power sites be developed with the project. In adopting this policy, the California State Grange became the first statewide organization to support the construction of the Shasta Dam.

It was no small responsibility to start legislation in motion to supply the arid sections of the valleys with water and electricity at a price farmers could afford to pay. But the delegates returned to their homes full of confidence and enthusiasm. They had elected George Sehlmeyer of Elk Grove, who was a staunch supporter of the new movement, as State Master. Upon his shoulders they placed the administrative task of carrying out the wishes of the delegates. The State Grange then consisted of 82 Subordinate Granges with a membership of 8,348.

The Shasta Dam was built, and many other local projects have been achieved by individual Community Granges and by the collective effort of all of the Granges throughout the State of California. Membership has varied over the past 75 years and currently stands at approximately 12,000 in 200 local, Community Granges.

California State Grange, copyright ©2011

1/7/2016

Electronic Copyright Office (eCO)

[<< Back]    [|| Save For Later ||]   [|| Save Template ||]      [|| Add to Cart ||]

Please review the entire submission on this screen. If you need to revise any information, return to the appropriate data entry screen to make the revision. When the entire submission is correct, click the "Add to Cart" button at the top of the screen. **Warning: Once you submit your application, you cannot make changes to it. Therefore, please review the information on this screen carefully before proceeding.**

## Case Summary

| | | | | |
|---|---|---|---|---|
| Case Number: | 1-3021894948 | Application Format: | Standard | Case Type: Work of the Visual Arts |
| Contact Name: | Jennifer Feldman | | | Opened: 1/7/2016 |

### All Titles

◄ 1 - 1 of 1 ▶

| Title of Work | Volume | Number | Issue Date | Type | On Page |
|---|---|---|---|---|---|
| California State Grange – Membership | | | | Title of work being registered | |

### Publication/Completion

1 - 1 of 1

| Published Work | Year Created | Publication Date | Nation of First Publication | ISN Type | IS Number | Preregistration Number |
|---|---|---|---|---|---|---|
| Yes | 2010 | 9/13/2010 | United States | | | |

### Authors & Contributions (VA)

◄ 1 - 1 of 1 ▶

| Name | Organization Name | Work For Hire | Citizenship | Domicile | Year of Birth | Year of Death | Anonymous | Pseudonymous | Pseudonym | Photo | Jewelry | Architectural | 2-D Art | Sculpture | Map | Technical Drawing | Other |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | National Grange of the Order of Patrons of Husbandry | Yes | United States | | | | N | N | | | | | ✔ | | | | Text |

### Claimants

◄ 1 - 1 of 1 ▶

| Name | Organization Name | Transfer Statement | Transfer Stmt Other | Address |
|---|---|---|---|---|
| | National Grange of the Order of Patrons of Husbandry | | | 1616 H Street N.W., Washington, DC, 20006, United States |

### Claim Limitations review (VA)

| Material Excluded | New Material Included | Previous Registration |
|---|---|---|
| Jewelry | Jewelry | 1st Prev. Reg. # |
| Photograph | Photograph | Year |
| 2D Artwork | 2D Artwork | 2nd Prev. Reg. # |
| Sculpture | Sculpture | Year |
| Architectural | Architectural | |
| Technical Drawing | Technical Drawing | |
| Map | Map | |
| Other | Other | |

### Rights & Permissions

| | | | |
|---|---|---|---|
| First Name: | Bruce | Organization Name: | Smith, Gambrell & Russell, LLP |
| Middle Name: | A. | Address 1: | 1055 Thomas Jefferson Street, NW |
| Last Name: | McDonald | Address 2: | Suite 400 |
| Email: | bmcdonald@sgrlaw.com | City: | Washington |
| Phone: | (202) 263-4362 | State: | DC |
| Alternate Phone: | | Postal Code: | 20007 |
| | | Country: | United States |

data:text/html;charset=utf-8,%3Ctable%20width%3D%2210%25%22%20cellpadding%3D%225%22%20cellspacing%3D%220%22%20border%3D%220%22%20style%3D%22font-family%3A%20Arial%2C%20H...   1/2

Exhibit A
Page 43

Correspondent

| | | |
|---|---|---|
| **First Name:** | Bruce | **Organization Name:** Smith, Gambrell & Russell, LLP |
| **Middle Name:** | A. | **Address 1:** 1055 Thomas Jefferson Street, NW |
| **Last Name:** | McDonald | **Address 2:** Suite 400 |
| **Email:** | bmcdonald@sgrlaw.com | **City:** Washington |
| **Phone:** | (202) 263-4362 | **State:** DC |
| **Alternate Phone:** | | **Postal Code:** 20007 |
| **Fax:** | (202) 263-4372 | **Country:** United States |

Mail Certificate

| | | |
|---|---|---|
| **First Name:** | Bruce | **Organization Name:** Smith, Gambrell & Russell, LLP |
| **Middle Name:** | A. | **Address 1:** 1055 Thomas Jefferson Street, NW |
| **Last Name:** | McDonald | **Address 2:** Suite 400 |
| | | **City:** Washington |
| | | **State:** DC |
| | | **Postal Code:** 20007 |
| | | **Country:** United States |

Certification

| | |
|---|---|
| **Name:** | Jennifer L. Feldman |
| **Certified:** | ✔ |
| **Special Handling:** | |
| **Applicant's Internal Tracking Number:** | CSG – Membership |
| **Note to Copyright Office:** | |

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

Take Our Survey!



The CSG is a grass roots organization that began in 1870. Rising from the fields and farmlands, we gathered on common ground to support each other, work together, and honor traditional values.

Today, the CSG has evolved into a community service organization with 10,000 members and 206 chapters across California. The halls are often the center of their community, providing culture, entertainment, and education, and a place for new and old friends to meet.

**Everyone is welcome to apply for membership in the CSG.**  Each member contributes at their own pace. Each chapter decides how to best serve the community.

With lobbyists in Sacramento, the CSG supports and advocates for healthy communities, family farms, local economies, cultural diversity, public schools, the arts, and a variety of worthy causes.  **There is a chapter near you**.

**CSG**
**(916) 454-5805**
**www.californiagrange.org**
(Not affiliated with the National Grange)

CALIFORNIA

CSG

## CSG Membership Application
(Not affiliated with the National Grange)

Name _____

City _____ State _____ Zip _____

Phone Number _____ E-mail _____

Occupation _____ Date of Birth _____

I hereby apply for membership in _____ Grange # _____. I desire to unite with others in elevating and advancing the interest of the American family and community life, receiving in turn the benefits and advantages of those who belong to the Grange. I have not previously applied for membership in this or any other Grange during the past six months.

Signature of applicant _____ Date _____

Recommended by _____ Application Fee $ _____

POSTAGE
HERE

**CSG**
3830 U Street ♦ Sacramento, CA 95817
(916) 454-5805 ♦ www.californiagrange.org



# CSG

## grow
### with us

1/7/2016                                    Electronic Copyright Office (eCO)

Review Submission

|| << Back ||        || Save For Later ||   || Save Template ||          || Add to Cart ||

Please review the entire submission on this screen. If you need to revise any information, return to the appropriate
data entry screen to make the revision. When the entire submission is correct, click the "Add to Cart" button at the
top of the screen. **Warning: Once you submit your application, you cannot make changes to it. Therefore,
please review the information on this screen carefully before proceeding.**

**Case Summary**

| | | |
|---|---|---|
| Case Number: 1-3021895041 | Application Format: Standard | Case Type: Work of the Visual Arts |
| Contact Name: Jennifer Feldman | | Opened: 1/7/2016 |

**All Titles**

1 - 1 of 1

| Title of Work | Volume | Number | Issue Date | Type | On Page |
|---|---|---|---|---|---|
| California State Grange – Foundation | | | | Title of work being registered | |

**Publication/Completion**

1 - 1 of 1

| Published Work | Year Created | Publication Date | Nation of First Publication | ISN Type | IS Number | Preregistration Number |
|---|---|---|---|---|---|---|
| Yes | 2010 | 1/1/2015 | United States | | | |

**Authors & Contributions (VA)**

1 - 1 of 1

| Name | Organization Name | Work For Hire | Citizenship | Domicile | Year of Birth | Year of Death | Anonymous | Pseudonymous | Pseudonym | Photo | Jewelry | Architectural | 2-D Art | Sculpture | Map | Technical Drawing | Other |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | National Grange of the Order of Patrons of Husbandry | Yes | United States | | | | N | N | | | | | ✔ | | | | Text |

**Claimants**

1 - 1 of 1

| Name | Organization Name | Transfer Statement | Transfer Stmt Other | Address |
|---|---|---|---|---|
| | National Grange of the Order of Patrons of Husbandry | | | 1616 H Street N.W., Washington, DC, 20006, United States |

**Claim Limitations review (VA)**

| Material Excluded | New Material Included | Previous Registration |
|---|---|---|
| Jewelry | Jewelry | 1st Prev. Reg. # |
| Photograph | Photograph | Year |
| 2D Artwork | 2D Artwork | 2nd Prev. Reg. # |
| Sculpture | Sculpture | Year |
| Architectural | Architectural | |
| Technical Drawing | Technical Drawing | |
| Map | Map | |
| Other | Other | |

**Rights & Permissions**

| | | |
|---|---|---|
| First Name: Bruce | Organization Name: | Smith, Gambrell & Russell, LLP |
| Middle Name: A. | Address 1: | 1055 Thomas Jefferson Street, NW |
| Last Name: McDonald | Address 2: | Suite 400 |
| Email: bmcdonald@sgrlaw.com | City: | Washington |
| Phone: (202) 263-4362 | State: | DC |

1/7/2016                                Electronic Copyright Office (eCO)

| | |
|---|---|
| **Alternate Phone:** | **Postal Code:** 20007 |
| | **Country:** United States |

## Correspondent

| | | | |
|---|---|---|---|
| **First Name:** | Bruce | **Organization Name:** | Smith, Gambrell & Russell, LLP |
| **Middle Name:** | A. | **Address 1:** | 1055 Thomas Jefferson Street, NW |
| **Last Name:** | McDonald | **Address 2:** | Suite 400 |
| **Email:** | bmcdonald@sgrlaw.com | **City:** | Washington |
| **Phone:** | (202) 263-4362 | **State:** | DC |
| **Alternate Phone:** | | **Postal Code:** | 20007 |
| **Fax:** | (202) 263-4372 | **Country:** | United States |

## Mail Certificate

| | | | |
|---|---|---|---|
| **First Name:** | Bruce | **Organization Name:** | Smith, Gambrell & Russell, LLP |
| **Middle Name:** | A. | **Address 1:** | 1055 Thomas Jefferson Street, NW |
| **Last Name:** | McDonald | **Address 2:** | Suite 400 |
| | | **City:** | Washington |
| | | **State:** | DC |
| | | **Postal Code:** | 20007 |
| | | **Country:** | United States |

## Certification

| | |
|---|---|
| **Name:** | Jennifer L. Feldman |
| **Certified:** | ✔ |
| **Special Handling:** | |
| **Applicant's Internal Tracking Number:** | CSG – Foundation |
| **Note to Copyright Office:** | |

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

Take Our Survey!

# California Grange Foundation



Home          Scholarships          Noah's Wish Grant          Events

California Grange Foundation
3830 U Street
Sacramento, CA 95817

Home

Scholarships

Noah's Wish Grant

Events

## California Grange Foundation

The Grange Foundation was formed in 1992 as a 501c3 nonprofit California corporation. Our mission is to sponsor programs and projects that support and encourage healthy, vibrant communities through education, agricultural pursuits and community service.

**Board of Directors:**

Bob McFarland, President
Kathy Bergeron, Vice President
Bill Thomas, Secretary
Leo T. Bergeron, Treasurer

Nancy Alvarez
Steve Bird
Cheri Bunker
Lawrence Jaffe
Nancy Poer
Jan Saxton
Sylvia Sloan
Kent Westwood

The Foundation meets quarterly. Tax deductible donations are gratefully accepted to further the Foundation's goals.  Contact us at: info@csgfoundation.org

California Grange Foundation
3830 U Street, Sacramento, CA 95817
copyright ©2015

Exhibit A
Page 49

California Grange Foundation: Scholarships

# California Grange Foundation



Home        Scholarships        Noah's Wish Grant        Events

California Grange Foundation
3830 U Street
Sacramento, CA 95817

Home

Scholarships

Noah's Wish Grant

Events

## Scholarships

The Foundation has a Board of Directors that meet regularly to transact Foundation business.

One of the oldest programs of the Foundation is it scholarship program. It awards thousands of dollars annually to youth to pursue their educational goals. These scholarships help young people make dreams a reality.

Tax deductible donations to the Grange Foundation are welcomed.  If you are interested in donating please contact the office at **(916) 454-5805**.

### Applying for a Scholarship

Scholarship applications for can be submitted beginning February 1. The deadline for submitting applications to the California Grange Foundation office is April 1.

Application forms can be:

- Downloaded here: Scholarship Application (pdf)

- Obtained by writing to the California Grange Foundation
  3830 U Street, Sacramento CA 95817

  *(If requesting forms or information via regular mail, we would appreciate a self-addressed, stamped envelope being included with the request in order to expedite the mailing process)*

- Via E-mail at info@csgfoundation.org.

California Grange Foundation
3830 U Street, Sacramento, CA 95817
copyright ©2015

# California Grange Foundation



Home     Scholarships     Noah's Wish Grant     Events

California Grange Foundation
3830 U Street
Sacramento, CA 95817

Home

Scholarships

Noah's Wish Grant

Events

## Community Animal Preparedness and Safety (CAPS) Grants

CAPS Grant Application

CAPS Grant Application (fillable)

The California Grange Foundation will be accepting Noah's Wish "Community Animal Preparedness and Safety" (CAPS) Program grant applications between **July 1, 2015** through **September 1, 2015,** with award checks being issued in October 2015. For additional information or questions, please email grants@californiagrange.org.

The mission of the California Grange Foundation (Foundation) is to sponsor programs and projects that support and encourage healthy, vibrant communities through education, agricultural pursuits and community service. To perpetuate this ongoing effort, the California Grange Foundation and Noah's Wish have partnered to implement the Noah's Wish CAPS "Community Animal Preparedness and Safety" Program. In 2014 Noah's Wish awarded a $150,000 block grant to the Foundation to administer smaller grants ranging from $300 to $3,000 to the network of California local community granges.



Grants are awarded through a competitive process for projects that demonstrate the need for funding and identify missing animal preparedness and safety components within the local community, regional or county emergency preparedness and response plans. The goal of this program is to provide funding that promotes, develops, and implements animal safety measures for the humane treatment of animals before, during, and after catastrophic events.

Eligible project categories are:

- Conduct CAPS training and educational workshops for youth and adults;
- Develop a CAPS Plan that will be included in the local/county disaster plan that currently does not have an animal safety component;

Exhibit A
Page 51

California Grange Foundation: Noah's Wwish Grant

- Provide additional funding that helps augment the purchase of animal emergency response equipment and supplies identified within the existing Emergency Preparedness Plan;
- Provide grant matches to procure additional funding from other sources to implement larger scale animal emergency preparedness plans.

Applications must demonstrate:

- Integrate CAPS elements throughout the communities within the community/county emergency response plan;
- The funding will be used towards the purchase of necessary equipment and supplies to care for animals in the event of disaster if an emergency preparedness plan already exists;
- The grant will be used as matching funds that meet the animal safety requirements of the Noah's Wish CAPS Program;
- Describe the funding will provide education and/or training for youth and adults;
- The community Grange has the necessary experience to successfully complete the project within a reasonable timeframe.

The purpose of the Program is to extend the Noah's Wish vision to promote animal (small and large) safety preparedness and emergency response by providing incentive to local communities not prepared, to plan and become ready to take action during disaster. This program is designed to augment FEMA's policy that focuses on local 'grass roots' community emergency preparedness and response programs.

Completed grant applications should be reviewed and approved by the local Grange Board before mailing it to the address below:

**California Grange Foundation**
**c/o CAPS Program**
**3830 U Street**
**Sacramento, CA  95817**

All applications must be complete and will be reviewed by the Foundation Grants Ad Hoc Committee. The Foundation reserves the right at any time to suspend or terminate the program. Applicants will be notified of grant awards and checks will be issued by the Foundation with an agreement letter to the local Grange President/Master.

**PROJECT CRITERIA:** The Grant Ad hoc Committee will use the following criteria to evaluate grant project applications:

1. Purpose, Approach, Goals:
   - Project design and methods used are based on sound practices;
   - Describes levels of experience to accomplish the described tasks;
   - Promotes the humane treatment and protection of domestic and large animals;
   - Demonstrates the project outcome can be clearly measured;
   - Addresses potential for completion and success of the project;
   - Identifies potential benefits and possible impacts.
2. Innovation:
   - Collaboration with local, county, and regional emergency response agencies and supporting organizations;
   - Addresses one or more of the CAPS Program priorities.
3. Project Management:
   - Timeline and milestones are clear and reasonable;
   - Volunteer and personnel possess the experience needed to complete the project;
   - Proposed budget and funding request is clearly explained and justified;
   - Ability to gain support and partner with other granges, businesses, organizations, agencies and institutions to implement the project.
4. Benefits and Transferability:
   - Potential for positive partnering and collaboration with the local grange, property and landowners, other nonprofits organizations, agencies, and

*California Grange Foundation: Noah's Wwish Grant*

- businesses that participate in the CAPS planning process as part of a larger scale Emergency Preparedness and Response Plan;
- Potential to promote and strengthen community resiliency after disaster has occurred;
- Potential to offer the CAPS program to a broader audience or larger geographic areas;
- Potential to promote and sustain the CAPS program through planned project activities for youth and adults;
- Potential to provide CAPS funding to help obtain animal safety supplies and equipment identified within an existing Emergency Preparedness and Response Plan;
- Potential for the Foundation and CSG to use the local Grange CAPS approach or methods that further CAPS training throughout the CSG and Noah's Wish networks;
- Potential to develop a technical CAPS document or related materials to further the CAPS philosophy (maps, publications, video, technical standards, notes, guide sheets, handbooks, software, etc.).
- Potential to use Noah's Wish CAPS grant funding as grant matching to develop a large scale Emergency Preparedness and Response Plan that includes the CAPS program component.

**PROJECT PROGRESS REPORTING:**

Awarded grant applicants are required to submit to the FOUNDATION CAPS Grant Administrator, written *Project Progress Reports* **every 6 months** until the project is completed, and the *Project Final Report* **within 90 days** after the project is completed.

***Project Progress Reports*** describe the work performed and completed during the previous 6-month period, to include:

- Statement of progress to date and a comparison of actual accomplished work with the proposed (milestones) for the period;
- Track and document volunteer hours by task and provide an estimated value of the work performed during the period;
- Copies of invoices charged against the grant funding during the previous 6 month period;
- Problems experienced, unusual delays or developments;
- If appropriate: Explanation of roadblocks and why targets were not met;
- Information about impacts on the project;
- Lessons learned that can be used in future CAPS project activities or broader efforts;
- Targeted work to be performed during the next 6 month reporting period;
- Preliminary results that can be used in establishing future CAPS standards, policy, training, or programs;
- Copy of emergency planning documents that are ready for transfer and/or adoption to appropriate public agencies or organizations;
- Project activities and success stories featured in the media, social media and/or websites that can be amplified by CSG and Noah's Wish for public relations, outreach and awareness campaigns;
- List additional funding sources and/or grant awards from other grantors, including contact information , and/or unfunded time extensions;
- Proposed changes to the project's original CAPS objectives, methods, or timeline with a summary and justification for the changes to be reviewed Noah's Wish and the Foundation Grants Ad hoc Committee for approval.

The ***Project Final Report*** is due within 90 days after completing the project. The report will summarize the overall project, methods used, benchmarks met, successes, and areas for improvement, costs and recommendations.  This report is submitted to the Foundation CAPS Grant Program Administrator.

**SUBMISSION DATE:**

Grant applications will be accepted beginning **July 1, 2015** through **September 1, 2015**, with grant award checks being issued in October 2015. The Foundation reserves the right at any time to suspend or terminate the program. For additional information or questions, please email grants@californiagrange.org.

California Grange Foundation
3830 U Street, Sacramento, CA 95817
copyright ©2015

10/13/2015                                California Grange Foundation: Events

# California Grange Foundation



Home        Scholarships        Noah's Wish Grant        Events

California Grange Foundation
3830 U Street
Sacramento, CA 95817

Home

Scholarships

Noah's Wish Grant

Events

## Events

### Kris Kristofferson Rocks The House

The California Grange Foundation's Hemp Aide Concert featuring Kris Kristofferson was a roaring success. Kristofferson, along with opening band John Trudell and Bad Dog, performed to a sold-out audience at the historic Crest Theater on February 22, 2014.



Kris took the stage, just a man and his guitar and quickly showed he could still captivate an audience with his classic hits, even playing requests shouted by excited fans. Throwing in stories between sets, it was a real treat to get a glimpse into the past of an entertainment legend. Just a few weeks prior to his Hemp Aide performance Kristofferson was honored with a lifetime achievement award at the Grammys. The California Grange Foundation was grateful to have the support of such an iconic performer, supporting both the foundation and Hemp.

Along with the California Grange Foundation, the Hemp Aid concert was sponsored by Dr. Bronner's, Nutiva and Hempmedspx. It was also co-sponsored by a variety of other great organizations. After the show, Kristofferson generously donated his time for a meet-and-greet backstage where many adoring fans were able to talk with him and snap photos.

Special thanks to Kris Kristofferson and his family for donating their time and energy to support such a great cause. And thanks to everyone who helped make this event such a huge success.

California Grange Foundation
3830 U Street, Sacramento, CA 95817
copyright ©2015

Exhibit A
Page 55

**Submit Your Work(s)**

To complete your submission, please submit the required copy(ies) of your work. You may (1) upload electronic files if the work meets the requirements; otherwise, you must (2) send the work by mail (do not do both).

(1) Upload your work(s): Please perform the following steps for the case(s) in the table below.
**Step 1:** Click the "Select files to upload" button. Using your computer's browser, select your files for the corresponding work then click the "Start upload" button.
**Step 2:** After uploading all files for this work, click the corresponding "Complete Your Submission" button. Files cannot be uploaded later than 5 days after your first file is received.

**Please note: Files cannot be returned or deleted once uploaded. To avoid delays and/or a later effective date of registration, please verify the following before uploading a copy of your work(s):**

- It is a category of work that may be uploaded
- It is an acceptable file type
- It is an acceptable file size

**Upload Your Work(s)**

◄ 1 - 1 of 1 ►

| Case Details | Step 1: Select & Upload Files | Step 2: Complete Your Submission |
|---|---|---|
| **Case #:** 1-3021621869<br>**Title:** California State Grange – President's Message<br>**Volume:**<br>**Number:**<br>**Issue Date:**<br>**Type of Work:** Work of the Visual Arts | Claim submission completed; no further action required<br>Click here for more information<br>View Uploaded File Names | |

**(2) Send Your Work(s) by Mail:**

- Click the "Create Shipping Slip" button in the table below; a Shipping Slip link will appear in the Attachments column.

- Click the Shipping Slip link and print out and attach the shipping slip(s) to your deposit copy(ies). For multiple cases, be sure to attach shipping slips to the corresponding copies.

- Mail the deposit copy(ies) within 30 days to the Copyright Office address at the bottom of the slip.Note: Your effective date of registration will be based on the date on which we receive the copies **with corresponding shipping slips attached.**

Click "Home" after uploading files(s) or printing shipping slip(s). You may verify the submission in the open Cases table on your eCO Home page.

**Send Your Work(s) by Mail**



‖ Create Shipping Slip ‖                                                    ◄ No Records ►

| Attachment Name ⬍ | File Type ⬍ | Size ⬍ | Date and Time ⬍ | Comments ⬍ |
|---|---|---|---|---|

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this form in order to process the application for copyright registration. By providing this information you are agreeing to routine uses of the information that include publication to give legal notice of your copyright claim as required by 17 U.S.C. § 705. It will appear in the Office's online catalog. If you do not provide the information requested, registration may be refused or delayed, and you may not be entitled to certain relief, remedies, and benefits under the copyright law.

Take Our Survey!



COPYRIGHT HOME

Home | 🛒 | My Profile | Help | Contact Us | Log Out |

**Copyright**
United States Copyright Office

| Form | Pay | **Submit Work** |

1-1DZ5OP7

**Payment successful.**

**Click the "Continue" button to complete your registration**

## Customer Information

|| Continue >>

Jennifer Feldman

Smith, Gambrell & Russell, LLP

1055 Thomas Jefferson Street NW, Suite 400

Washington, DC 20007

## Submissions

Cases

1 - 1 of 1

| Case # | Title | Type of Work | Total Fee Paid | Require Submission |
|---|---|---|---|---|
| 1-3021621869 | California State Grange – President's Message | Work of the Visual Arts | 55.00 | Y |

**Total Amount Due:** $55.00

## Payment Info

**Amount Paid:** $ 55.00

**Account:** ▮

**Paid By:** ▮

**Pay Date:** 1/7/2016

**Payment Type:** Credit Card

**Confirmation #:** ▮

Privacy Act Notice: Sections 408-410 of title 17 of the United States Code authorize the Copyright Office to collect the personally identifying information requested on this

Exhibit A
Page 57

