UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>CALIFORNIA STATE GRANGE, a California corporation, d/b/a "CSG," and ROBERT McFARLAND, a California resident,<br><br>        Defendants. | Civ. No. 2:16-201 WBS AC<br><br>ORDER |

----oo0oo----

On February 1, 2016, plaintiff National Grange of the Order of Patrons of Husbandry filed the present action against the California State Grange, currently known as the California Guild (the "Guild"), and its president, Robert McFarland ("McFarland"), asserting six causes of action for violations of the Lanham Act, Copyright Act, and related state laws. Plaintiff had previously filed a similar action in March 2014 against the

1

Guild, alleging violations of the Lanham Act ("Grange I").  See Nat'l Grange of the Order of Patrons of Husbandry v. California State Grange, Civ. No. 2:14-676 WBS AC, 2016 WL 1587193, at *1 (E.D. Cal. Apr. 20, 2016).  In July 2015 in Grange I, the court granted summary judgment in favor of plaintiff on its Lanham Act claims for trademark infringement and unfair competition and false designation of origin.  Id.  In September 2015 in Grange I, the court entered final judgment permanently enjoining "[the Guild] and its agents, affiliates, and assigns, or any party acting in concert with [the Guild] and its agents, affiliates, and assigns from using marks containing the word 'Grange.'"  Id.  The court in Grange I declined plaintiff's request to enjoin the Guild from using the words "Granger," "CSG," and "CG" because whether those words were protected trademarks was never litigated or before the court in Grange I.  Id. at *1, *9.

The Guild has appealed the court's July and September 2015 Orders in Grange I, and plaintiff has cross-appealed that portion of the September 2015 Order limiting injunctive relief to the word "Grange."  Id. at 2.  Those appeals are currently pending before the United States Court of Appeals for the Ninth Circuit.  See id., appeal filed, No. 15-17179 (9th Cir. Nov. 2, 2015); id., appeal filed, No. 15-17274 (9th Cir. Nov. 17, 2015). Plaintiff's claims in the present case are allegedly based on defendants' unlawful conduct following the entry of judgment in Grange I and issues that were not litigated in Grange I, including defendants' use of the words "Granger," "CSG," and "CG."  (Compl. ¶ 7 (Docket No. 1).)

On March 1, 2016, McFarland filed a motion to dismiss plaintiff's federal claims in this action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), (Docket No. 20), and a motion to strike plaintiff's state-law claims pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, Cal. Civ. Proc. Code § 425.16, (Docket No. 21). On April 5, 2016, the Guild moved to dismiss all of plaintiff's claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), or, in the alternative, for a more definite statement pursuant to Rule 12(e). (Docket No. 32.) Those motions are currently set for hearing on July 11, 2016.

Plaintiff's Complaint in the present action, however, does not take into account the events that have transpired after it filed its Complaint on February 1, 2016. Specifically, on April 20, 2016 in Grange I, this court granted plaintiff's motion for additional injunctive relief based on the issues that were litigated in that case. See Grange I, 2016 WL 1587193, at *15-16. The April 2016 Order in Grange I consequently granted plaintiff much of the relief that plaintiff seeks in the present action. The Guild and McFarland submitted reports in Grange I setting forth in detail the manner and form in which they, their agents and affiliates, and all parties acting in concert with them have complied with the court's April 2016 Order in Grange I. See id. (ECF Nos. 140-141, 145, 149). Additionally, on June 24, 2016 in the present action, plaintiff filed a motion to amend its Complaint to add four additional claims and an additional plaintiff, (Docket No. 55), and a motion for a preliminary

3

injunction, (Docket No. 54), both of which are set for hearing on August 22, 2016.

Federal Rule of Civil Procedure 16(a) provides that, "[i]n any action, the court may order the attorneys . . . to appear for one or more pretrial conferences for such purposes as: (1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; [and] (3) discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a); see also Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). In light of the court's April 2016 Order in Grange I and plaintiff's pending motion to amend its Complaint in the present action, the court finds that a further status conference in this case is warranted. The court will thus vacate the hearings set for July 11, 2016 on defendants' pending motions to dismiss and to strike plaintiff's Complaint, given that the motions were filed before the court's April 2016 Order in Grange I and plaintiff's motion to amend its Complaint in the present case, and convert those hearings into a status conference on that date.

Counsel for the parties shall appear at the status conference on July 11, 2016 and be prepared to address the following issues: (1) whether the present action should be stayed pending the resolution of the parties' cross-appeals in Grange I; (2) whether any claims in the present action are moot in light of the relief granted in the court's April 2016 Order in Grange I;

4

(3) whether defendants intend to oppose plaintiff's pending motion to amend its Complaint in the present action; (4) whether all or any parts of defendants' motions to dismiss will be moot if plaintiff's motion to amend its Complaint is granted; and (4) whether defendants intend to re-file their pending motions to dismiss and to strike plaintiff's Complaint in the present action in light of the relief granted in the court's April 2016 Order in Grange I and plaintiff's pending motion to amend its Complaint in this case.  Prior to the July 11, 2016 status conference and to the extent they can do so, the parties shall submit a joint or separate status reports that succinctly address these four issues and any other issues that they think need to be addressed at the status conference.

IT IS THEREFORE ORDERED that:

(1) the hearings set for July 11, 2016 on defendants' pending motions to dismiss and to strike plaintiff's Complaint, (Docket Nos. 20, 21, 32), are hereby VACATED;

(2) a status conference shall be set for July 11, 2016 at 1:30 p.m. in Courtroom 5; and

(3) the parties shall submit a joint or separate status reports prior to the July 11, 2016 status conference addressing the four issues outlined in this Order and any other issues that they think need to be addressed at the status conference.

IT IS SO ORDERED.

Dated: July 7, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE