
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY, a District of Columbia nonprofit corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>CALIFORNIA STATE GRANGE, a California corporation, d/b/a "CSG," and ROBERT McFARLAND, a California resident,<br><br>        Defendants. | Civ. No. 2:16-201 WBS AC<br><br>ORDER |

----oo0oo----

        On February 1, 2016, plaintiff initiated this action, alleging claims for (1) false designation of origin under the Federal Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. § 1125(a)(1)(A); (2) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (3) false advertising under California Business and Professions Code § 17500; (4) trade libel under California law; (5) intentional interference with contractual

relations under California law; and (6) copyright infringement, 17 U.S.C. § 106.  (Docket No. 1.)  Pursuant to Federal Rule of Civil Procedure 15(a), plaintiff now seeks leave to amend its Complaint to (1) add a new claim for federal trademark infringement under the Lanham Act, 15 U.S.C. § 1114(1)(a); (2) add a new claim for infringement of plaintiff's unregistered logo and trade dress under the Lanham Act, 15 U.S.C. § 1125(a)(1); (3) add state law claims for trespass and conversion; (4) amend its prayer for relief to more specifically address defendants' alleged wrongdoing; and (5) add plaintiff's currently-chartered California chapter, the California State Grange, as a plaintiff.  (See Pl.'s Proposed First Amended Compl. (Docket No. 55-2); Pl.'s Mem. at 3:25-7:18 (Docket No. 55-1).)[1]

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F.3d 946, 951 (9th Cir. 2006); see also United States v. Hougham, 364 U.S. 310, 316 (1960) (discussing the "liberal rules governing the amendment of pleadings" and how Rule 15 "was designed to facilitate the amendment of pleadings"); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (emphasizing that Rule 15's policy that "leave shall be freely given when justice so requires . . . is to be applied with extreme liberality") (internal quotation marks and citation omitted).  As the Supreme Court has

---

[1] Having read the parties' briefs, the court concludes that oral argument is unnecessary.  The court will therefore vacate the hearing set for August 22, 2016 and take the matter under submission pursuant to Eastern District Local Rule 230(g).

1  explained, "[t]he Federal Rules reject the approach that pleading
2  is a game of skill in which one misstep by counsel may be
3  decisive to the outcome and accept the principle that the purpose
4  of pleading is to facilitate a proper decision on the merits."
5  Hougham, 364 U.S. at 317 (internal quotation marks and citation
6  omitted).  A district court may nonetheless decline to grant
7  leave to amend under Rule 15(a) where the amendment "(1)
8  prejudices the opposing party; (2) is sought in bad faith; (3)
9  produces an undue delay in litigation; or (4) is futile."
10 AmerisourceBergen Corp., 465 F.3d at 951.
11         Although defendants oppose plaintiff's motion to amend,
12 none of their arguments pass muster under Rule 15(a)'s liberal
13 standard and the policy favoring resolution of cases on the
14 merits.  Defendants' primary theory of prejudice is that they
15 should not have to expend resources to defend against plaintiff's
16 "newly evolving theories" regarding defendants' compliance with
17 the permanent injunction issued in the related predecessor case,
18 National Grange of the Order of Patrons of Husbandry v.
19 California State Grange, No. 2:14-CV-676 WBS AC.  (See Defs.'
20 Opp'n at 6:7-14 (Docket No. 72).)  Plaintiff's "newly evolving
21 theories," however, would not be necessary if defendants did not
22 continually find creative ways to comply with the language of the
23 injunction while still attempting to reap the benefits of the
24 California State Grange's former affiliation with plaintiff.
25         The court is also not persuaded that plaintiff is
26 seeking leave to amend in bad faith or that giving plaintiff
27 leave to amend will unduly delay the litigation.  Plaintiff
28 sought leave to amend less than four months after initiating this

1    action and the court has yet to set a trial date or deadlines for
2    discovery and dispositive motions.  The Status (Pretrial
3    Scheduling) Conference is currently set for November 7, 2016,
4    which allows the court and parties to create a schedule based on
5    the claims and allegations in the First Amended Complaint.
6            Lastly, and as numerous courts have explained, "denial
7    of leave to amend on futility grounds alone is rare." Harris v.
8    Chipotle Mexican Grill, Inc., No. 2:13-CV-2472 WBS EFB, 2014 WL
9    2993796, at *4 (E.D. Cal. July 2, 2014); see also Duhn Oil Tool,
10   Inc. v. Cooper Cameron Corp., No. 1:05-CV-1411 OWW GSA, 2010 WL
11   596312, at *14 (E.D. Cal. Feb. 16, 2010) ("[D]enial on [the
12   ground of futility] is rare and courts generally defer
13   consideration of challenges to the merits of a proposed amended
14   pleading until after leave to amend is granted and the amended
15   pleading is filed."); Netbula v. Distinct Corp., 212 F.R.D. 534,
16   539 (N.D. Cal. 2003) ("Ordinarily, courts will defer
17   consideration of challenges to the merits of a proposed amended
18   pleading until after leave to amend is granted and the amended
19   pleading is filed.").  The merits of plaintiff's claims are
20   better addressed through the normal procedures designed to test
21   the sufficiency of allegations or evidence.
22           In light of Rule 15(a)'s liberal standard and the
23   policy in favor of deciding cases on the merits, the court will
24   grant plaintiff's motion for leave to amend the Complaint.
25           IT IS THEREFORE ORDERED that:
26      (1) plaintiff's motion for leave to amend, (Docket No. 55),
27   be, and the same hereby is, GRANTED and plaintiff shall file its
28

1  First Amended Complaint within three days of the date of this
2  Order;
3      (2) defendants' pending motions to dismiss and motion to
4  strike the original Complaint, (Docket Nos. 20, 21, 32), be, and
5  the same hereby are, DENIED without prejudice to them being re-
6  filed in light of plaintiff's First Amended Complaint; and
7      (3) plaintiff shall withdraw its pending motion for a
8  preliminary injunction, (Docket No. 54), and may file an amended
9  motion for preliminary injunction in light of its First Amended
10 Complaint.  Any amended motion for preliminary injunction shall
11 be filed no later than August 22, 2016 if plaintiff wants the
12 amended motion heard on September 19, 2016, which is the hearing
13 date set for its pending motion for preliminary injunction.
14 Dated:  August 16, 2016

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE