UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| The NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY and the CALIFORNIA STATE GRANGE,<br><br>        Plaintiffs,<br><br>    v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT MCFARLAND,<br><br>        Defendants. | CIV. NO. 2:16-201 WBS DB<br><br>ORDER RE: EX PARTE APPLICATION TO STAY DISCOVERY |

----oo0oo----

On March 13, 2017, plaintiffs the National Grange of the Order of Patrons of Husbandry ("National Grange") and the California State Grange filed a motion to disqualify counsel for defendant Robert McFarland, the Ellis Law Group. (Docket No. 114.) According to plaintiffs, the Ellis Law Group employs an attorney, Anthony Valenti, who worked at Porter Scott, a firm that represented the National Grange on a prior related matter.

1

1  (Pls.' Mem. at 2 (Docket No. 115-1).)  Defendants do not deny
2  that Valenti worked at Porter Scott, and further concede that
3  Valenti worked specifically on the National Grange's case while
4  at Porter Scott.  (See McFarland's Opp'n at 3 n.3 (Docket No.
5  117).)  Defendants dispute whether disqualification of the Ellis
6  Law Group is necessary in light of Valenti's alleged non-
7  participation in this case.  (Id. at 4.)  Plaintiffs' motion to
8  disqualify the Ellis Law Group is currently set for hearing on
9  May 1, 2017.
10         Before the court now is plaintiffs' ex parte
11 application to stay discovery in this case until resolution of
12 their motion to disqualify.  (Docket No. 115.)  Defendants have
13 each filed an opposition to plaintiffs' application.  (Docket
14 Nos. 116-117.)
15         The court has inherent authority to manage the cases
16 before it.  Landis v. N. Am. Co., 299 U.S. 248, 254–255 (1936)
17 ("[T]he power to stay proceedings is incidental to the power
18 inherent in every court to control the disposition of the causes
19 on its docket with economy of time and effort for itself, for
20 counsel, and for litigants.").  It "may, for good cause, issue an
21 order to protect a party or person from annoyance, embarrassment,
22 oppression, or undue burden or expense," including "specifying
23 [the] time and place . . . for . . . discovery."  Fed. R. Civ. P.
24 26(c)(1).  "The burden is upon the party seeking the [protective]
25 order to show good cause by demonstrating harm or prejudice that
26 will result from the discovery."  Rivera v. NIBCO, Inc., 364 F.3d
27 1057, 1063 (9th Cir. 2004).  Stays of discovery are committed to
28 the discretion of the court.  See Little v. City of Seattle, 863

1  F.2d 681, 685 (9th Cir. 1988) (noting that a district court's
2  stay of discovery "will not be overturned unless there is a clear
3  abuse of discretion"); Jarvis v. Regan, 833 F.2d 149, 155 (9th
4  Cir. 1987) (reviewing district court's stay of discovery for
5  abuse of discretion).
6        Plaintiffs argue that requiring them to proceed with
7  discovery while their motion to disqualify is pending poses the
8  risk that they will be prejudiced by the Ellis Law Group's use of
9  privileged information obtained by Valenti in conducting such
10 discovery.  (Pls.' Mem. at 3.)  So long as their motion is
11 pending, plaintiffs represent, there will likely be "substantial
12 disputes" between the parties as to how discovery should be
13 conducted.  (Id.)  Such disputes, according to plaintiffs, would
14 make it "likely impossible for the parties to [engage in any]
15 meaningful discovery."  (Id.)
16       The court finds that plaintiffs have shown good cause
17 to stay discovery until resolution of their motion to disqualify.
18 There is evidence before the court indicating that Valenti worked
19 on a case involving the National Grange while at Porter Scott,
20 (see Decl. of Mark Ellis ¶ 11 (Docket No. 117-1)), and that he
21 was, at one point, counsel of record for defendant McFarland in
22 this case, (see Docket No. 112 (referring to Valenti as
23 "attorney[] of record for Defendant Robert McFarland")).  Such
24 evidence suggests that the Ellis Law Group may have used Valenti
25 in a conflicting fashion in this case, and there is a risk
26 plaintiffs will be prejudiced by the Ellis Law Group's continued
27 involvement in this case.  Staying discovery will help avoid that
28 risk.  The court is not aware of any prejudice that would result

to defendants from granting plaintiffs' requested stay, which is not likely to last longer than one month.[1]  To the extent the stay makes it difficult for defendants to complete discovery prior to the discovery deadline in this case,[2] defendants may seek leave of court to extend that deadline.

IT IS THEREFORE ORDERED that plaintiffs' <u>ex parte</u> application to stay discovery until the resolution of their motion to disqualify the Ellis Law Group be, and the same hereby is, GRANTED.

Dated: April 3, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1]  Defendants note that they recently propounded discovery on plaintiffs which plaintiffs have yet to respond to.  (Cal. Guild's Opp'n at 3 (Docket No. 116).)  Defendants provide no explanation, however, as to why a delay in plaintiffs' response to such discovery would result in detriment to them.

[2]  The discovery deadline in this case is currently set for May 29, 2017.  (Dec. 13, 2016 Order at 2 (Docket No. 111).)

4