UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NATIONAL GRANGE and CALIFORNIA STATE GRANGE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT MCFARLAND,<br><br>　　　　Defendants. | Civ. No. 2:16-0201 WBS DB<br><br>ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Plaintiffs National Grange and California State Grange brought this action against defendants California Guild and Robert McFarland, alleging that defendants continue to violate their trademark, copyright, and tangible property rights after the conclusion of Nat'l Grange v. Cal. State Grange, Civ. No. 2:14-0676 WBS DAD (E.D. Cal. filed Mar. 12, 2014) ("Grange I"). (Compl. (Docket No. 1).)

Plaintiffs assert ten causes of action in their amended

1

Complaint: (1) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (2) false advertisement under the Lanham Act, id. § 1125(a)(1)(B); (3) false advertisement under the California Business and Professional Code, Cal. Bus. & Prof. Code § 17500; (4) trademark infringement under the Lanham Act, 15 U.S.C. § 1114; (5) infringement of unregistered logo and trade dress under the Lanham Act, 15 U.S.C. § 1125(a); (6) copyright infringement under the Copyright Act, 17 U.S.C. § 106; (7) trade libel under California common law; (8) intentional interference with contractual relations under California common law; (9) trespass under California common law; and (10) conversion under California common law. (Am. Compl. at 38-51 (Docket No. 75).) Defendants moved to dismiss plaintiffs' amended Complaint in its entirety in August 2016. (Docket No. 77.) The court granted defendants' motion as to plaintiffs' infringement of unregistered logo and trade dress and intentional interference with contractual relations claims, and denied the motion in all other respects. (Nov. 15, 2016 Order at 23 (Docket No. 106).) Plaintiffs have not filed a second amended complaint.

Defendants now move for summary judgment as to the eight claims remaining in plaintiffs' amended Complaint ("remaining claims"). (Defs.' Mot. (Docket No. 138).) They contend that the remaining claims are barred by res judicata, collateral estoppel, or the law of the case doctrine because the claims were litigated and decided in Grange I or a related state action the parties were involved in, Nat'l Grange v. Cal. State Grange, No. 34-2012-00130439 CU MC GDS (Cal. Sup. Ct. filed Oct. 1, 2012) ("state action"). (See Defs.' Mot., Mem. ("Defs.'

Mem.") at i (Docket No. 138-1).)

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the operative facts are substantially undisputed, and the heart of the controversy is the legal effect of such facts, such a dispute effectively becomes a question of law that can, quite properly, be decided on summary judgment."[1] Joyce v. Renaissance Design Inc., No. CV 99-07995 LGB (EX), 2000 WL 34335721, at *2 (C.D. Cal. May 3, 2000); see also Braxton-Secret v. A.H. Robins Co., 769 F.2d 528, 531 (9th Cir. 1985) ("[W]here the palpable facts are substantially undisputed, [the controverted] issues can become questions of law which may be properly decided by summary judgment.").

Defendants' contention that the remaining claims are barred by res judicata or collateral estoppel was raised at the time defendants moved for dismissal of plaintiffs' amended Complaint. (See Docket No. 77 at 17-18; Oct. 17, 2016 Tr. at 4-6, 21-22 (Docket No. 103).) The court considered and rejected that contention in its order granting defendants' motion to dismiss in part. With respect to plaintiffs' Lanham Act and California false advertisement claims, the court stated:

> Grange I decided ownership of the word "Grange," and enjoined defendants from the use of that term . . . . The conduct alleged to support plaintiff's Lanham Act [and California false advertisement] claims in this

---

[1] The parties agree that there are no disputed issues of material fact for purposes of the present Motion. (See Defs.' Reply at 1-2 (Docket No. 151); Pls.' Opp'n at 1 (Docket No. 140).)

3

>     action is different from the conduct enjoined in
>     Grange I. It involves more than merely the use of the
>     word "Grange." To the extent that the complaint here
>     alleges that defendants are representing they are the
>     same organization as the California State Grange, that
>     they are responsible for the history and achievements
>     of the California State Grange, or making other false
>     or misleading representations causing confusion among
>     local granges, it goes beyond the complaint in Grange
>     I and seeks to enjoin different conduct. Accordingly,
>     the court will not dismiss plaintiffs' Lanham Act [and
>     California false advertisement] claims on res judicata
>     grounds.

(Nov. 15, 2016 Order at 16-17.) With respect to plaintiffs' trespass and conversion claims, the court stated:

>     Plaintiffs' trespass and conversion claims are not
>     barred under the doctrine of res judicata by the
>     underlying state court action in this case because
>     that action remains pending on appeal. See Eichman v.
>     Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985)
>     ("Under California law . . . a judgment is not final
>     for purposes of res judicata during the pendency of
>     and until the resolution of an appeal."); see also
>     Howard v. Am. Online Inc., 208 F.3d 741, 748 (9th Cir.
>     2000) ("The preclusive effect of a state court
>     judgment in federal court is based on state preclusion
>     law."). Neither does Grange I bar such claims, as
>     Grange I decided ownership of the word "Grange," (see
>     Apr. 20 Order at 3), not defendants' subsequent
>     alleged refusal to vacate and return Grange property.
>     See W. Radio Servs., 123 F.3d at 1192 ("In order for
>     res judicata to apply there must be...an identity of
>     claims...."). Accordingly, the court will not dismiss
>     plaintiffs' trespass and conversion claims on res
>     judicata grounds.

(Id. at 21-22.)[2]

---

[2] The court did not specifically address whether plaintiffs' copyright infringement and trade libel claims were barred by res judicata or collateral estoppel in ruling on defendants' motion to dismiss because defendants did not specifically argue for dismissal of those claims on res judicata or collateral estoppel grounds. They make no such arguments now, either.

4

1    Defendants cite no new facts, absence of facts, or law
2 in the present Motion that support granting them summary judgment
3 on res judicata or collateral estoppel grounds.  Having decided
4 that the remaining claims are not barred on res judicata or
5 collateral estoppel grounds at the time of defendants' motion to
6 dismiss, and being presented with no new information to rule
7 otherwise, the court will not grant summary judgment to
8 defendants on res judicata or collateral estoppel grounds now.
9 See United States v. Jingles, 702 F.3d 494, 499 (9th Cir. 2012)
10 ("Under the 'law of the case' doctrine, a court is ordinarily
11 precluded from reexamining an issue [it] previously decided . . .
12 in the same case.").

13    Defendants do raise, for the first time, an argument
14 that the remaining claims are barred based on the law of the case
15 doctrine.  According to defendants, judgments entered in Grange I
16 and the state action, and the appellate decisions to be rendered
17 in those cases,[3] constitute the law of "this case."  (Defs.' Mem.
18 at 6.)  Because those rulings concern "the [same] relief
19 [plaintiffs] seek[] in this case," defendants argue, they bar
20 plaintiffs from asserting the remaining claims.  (Id. at 6-7.)

21    Defendants misunderstand the law of the case doctrine.
22 That doctrine counsels courts to refrain from reconsidering
23 issues previously decided in the same case.  See Jingles, 702
24 F.3d at 499 ("Under the 'law of the case' doctrine, a court is
25 ordinarily precluded from reexamining an issue [it] previously

---

[3] Defendants have appealed both Grange I and the state action.  (See Defs.' Req. for Judicial Notice Ex. I, Grange I Notice of Appeal (Docket No. 139-1); id. Ex. H, State Action Appellate Brief (Docket No. 139-10).)

decided . . . in the same case." (emphasis added)); see also Arizona v. California, 460 U.S. 605, 618 (1983) ("[T]he [law of the case] doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." (emphasis added)). The judgments entered and appellate decisions to be rendered in Grange I and the state action are rulings of other cases. To the extent those rulings may bar plaintiffs from asserting the remaining claims, they would do so pursuant a theory of res judicata or collateral estoppel. The court has already ruled that Grange I and the state action do not bar plaintiffs from asserting the remaining claims pursuant to those theories. That ruling, unlike the rulings in Grange I and the state action, is the law of this case.

IT IS THEREFORE ORDERED that defendants' Motion for summary judgment be, and the same hereby is, DENIED.

Dated: August 4, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE