UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NATIONAL GRANGE and CALIFORNIA STATE GRANGE,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT MCFARLAND,<br><br>　　　　Defendants. | Civ. No. 2:16-0201 WBS DB<br><br>ORDER RE: MOTION FOR RECONSIDERATION |

----oo0oo----

On May 12, 2017, the court issued an order ("May 12 order") denying plaintiffs National Grange and California State Grange's motion to disqualify the Ellis Law Group, counsel for defendant Robert McFarland, from this case. (May 12, 2017 Order (Docket No. 135).) Plaintiffs now move for reconsideration of that order. (Pls.' Mot. (Docket No. 136).)

Motions for reconsideration seek an "extraordinary remedy," one "to be used sparingly in the interests of finality

1

and conservation of judicial resources." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Such motions "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or . . . there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). The party moving for reconsideration "may not . . . raise arguments or present evidence for the first time when [such arguments or evidence] could reasonably have been raised earlier in the litigation." Kona Enterprises, 229 F.3d at 890.

None of plaintiffs' arguments persuade the court to change its May 12 order.

First, plaintiffs argue that the court erroneously applied the burden-shifting framework for vicarious disqualification set forth in Kirk v. First Am. Title Ins. Co., 183 Cal. App. 4th 776 (2d Dist. 2010) by failing to "focus on the procedures put in place by [the Ellis Law Group]" to screen Valenti from working on this case and "requir[ing that plaintiffs] demonstrate . . . Valenti has been actively participating in [this] case." (Pls.' Mot., Mem. ("Pls.' Mem.") at 5 (Docket No. 136-1).) This argument plainly ignores the content of the May 12 order, which discussed the Ellis Law Group's screening procedures on pages ten and eleven, expressly cited such procedures in support of its holding on pages thirteen and fourteen, and, at no point, "required [that plaintiffs] demonstrate that Mr. Valenti has been actively participating in [this] case," as plaintiffs claim. The court's application of

2

Kirk was not clearly erroneous.

Second, plaintiffs continue to dispute the efficacy of the Ellis Law Group's ethical wall. They challenge the credibility of two declarations submitted by McFarland at the time their disqualification motion was argued, (see id. at 10-11 (discussing Valenti declaration); Pls.' Reply at 4-5 (discussing Mueller declaration) (Docket No. 146)); offer a new declaration from a former Ellis Law Group secretary, Roxy Chipak, who testifies that she was not made aware of the screening procedures imposed by the Ellis Law Group against Valenti, (see Pls.' Mem. at 9-10);[1] and contend that the Ellis Law Group's screening procedures did not satisfy the "primary elements of an ethical wall" discussed in Kirk, (see id. at 6-11; Pls.' Reply at 3-6). The Kirk elements cited by plaintiffs are merely factors for consideration, not requirements. See Kirk, 183 Cal. App. 4th at 810-11. Neither of the declarations challenged by plaintiffs was dispositive of the court's disqualification analysis. The court will not change its ruling based on this argument.

Third, plaintiffs argue that a California appellate court's affirmance of disqualification of the Ellis Law Group from two related state cases constitutes an intervening change in controlling law. (Pls.' Mem. at 12.) The two state cases referenced by plaintiffs are materially distinguishable from this case because there, Valenti switched sides during the same cases, whereas here, he switched sides after representing the National

---

[1] Plaintiffs provide no explanation for why the Chipak declaration could not reasonably have been submitted at the time their disqualification motion was argued.

Grange in a related, but different case. This court noted in the May 12 order that under California law, vicarious disqualification is required where the conflicted attorney switches sides during the same case, but is subject to a case-by-case analysis where he switches sides after representing an opposing party in a related, but different case. (See May 12, 2017 Order at 6-7.) Accordingly, the California appellate court's rulings do not apply here.

IT IS THEREFORE ORDERED that plaintiffs' Motion for reconsideration of the May 12, 2017 order be, and the same hereby is, DENIED.

Dated: August 4, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE