UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NATIONAL GRANGE and CALIFORNIA STATE GRANGE,<br><br>        Plaintiffs,<br><br>    v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT MCFARLAND,<br><br>        Defendants. | Civ. No. 2:16-0201 WBS DB<br><br>ORDER RE: EX PARTE APPLICATION TO STRIKE |

----oo0oo----

In December 2016, the court issued a scheduling order stating that "[a]ll motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before June 28, 2017." (Dec. 13, 2016 Order at 3 (Docket No. 111).) Plaintiffs National Grange and California State Grange filed a cross-motion for summary judgment on July 24, 2017. (Docket No. 142.) Before the court is defendants California Guild and Robert McFarland's ex parte

1

Application to strike plaintiffs' cross-motion as untimely. (Docket No. 148.)

Plaintiffs set forth two arguments for the position that their cross-motion is not untimely.

First, they argue that the court's April 4, 2017 order--which granted "plaintiffs' ex parte application to stay discovery until the resolution of their motion to disqualify the Ellis Law Group"--impliedly extended the deadline for filing motions. (See Pls.' Opp'n at 1-2, 4 (Docket No. 152).) The April 4 order mentions nothing about the deadline for filing motions or tolling any dates set forth in the December 2016 scheduling order. It did not extend the deadline for filing motions, as plaintiffs contend.

Second, plaintiffs argue that Local Rule 230(e)--which provides that "[a]ny counter-motion . . . shall be . . . filed . . . on the date prescribed for the filing of opposition [to the underlying motion]"--allowed them to file their cross-motion on the date their opposition to defendants' motion for summary judgment was due--July 24, 2017. (See id. at 2-4.) "Neither the language of [Local Rule 230(e)] nor any authority suggests that [Local Rule 230(e)] supersedes the court's scheduling order deadlines. [Local Rule 230(e)] is directed to the situation in which no such deadlines are implicated." Martinez v. Home Depot USA, Inc., Civ. No. S-04-2272 DFL DAD, 2007 WL 926808, at *2 (E.D. Cal. Mar. 27, 2007), rev'd on other grounds in 299 F. App'x 728 (9th Cir. 2008). Thus, plaintiffs' Local Rule 230(e) argument is also without merit.

Nevertheless, because plaintiffs could have reasonably

misread the rule to allow them to file their cross-motion on the date their opposition to defendants' motion for summary judgment was due, the court finds that good cause exists to accept plaintiffs' late cross-motion. "Good cause" under Rule 16(b) "primarily considers the diligence of the party [that filed the late motion]." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Local Rule 230(e) does not on its face specifically address situations in which the date on which a cross-motion may be filed under its terms conflicts with the court's scheduling order deadlines.

In order to have plaintiff's motion heard before the Final Pretrial Conference, however, the court must postpone the Final Pretrial Conference and trial from their presently scheduled dates. "The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Fresno Rock Taco, LLC v. Nat'l Sur. Corp., No. 1:11-CV-00845 SKO, 2013 WL 5276132, at *13 (E.D. Cal. Sept. 17, 2013) (internal citation omitted).

IT IS THEREFORE ORDERED that defendants' ex parte Application to strike plaintiffs' cross-motion for summary judgment be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the Final Pretrial Conference in this case be continued to November 6, 2017 at 1:30 p.m., and the trial in this case be continued to January 3, 2018 at 9:00 a.m.

Dated: August 15, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE