MARTIN N. JENSEN (SBN 232231)
THOMAS L. RIORDAN (SBN 104827)
**PORTER SCOTT**
350 University Ave., Suite 200
Sacramento, CA 95825
Telephone: 916.929.1481
Facsimile: 916.927.3706
Email: mjensen@porterscott.com
Email: triordan@porterscott.com

JAMES L. BIKOFF (*Pro Hac Vice*)
BRUCE A. McDONALD (*Pro Hac Vice*)
HOLLY B. LANCE (*Pro Hac Vice*)
**SMITH, GAMBRELL & RUSSELL LLP**
1055 Thomas Jefferson Street, N.W., Suite 400
Washington, D.C. 20007
Telephone: 202.263.4341
Facsimile: 202.263.4329
Email: jbikoff@sgrlaw.com
Email: bmcdonald@sgrlaw.com
Email: hlance@sgrlaw.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY and THE CALIFORNIA STATE GRANGE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT McFARLAND,<br><br>Defendants. | Case No. 2:16-cv-00201-WBS-DB<br><br>**STIPULATION AND PROTECTIVE ORDER** |

**1.      Purpose and Information Governed.**

**A.      Purpose.** In order to preserve the legitimate proprietary and privacy interests of sources of information disclosed in this action (the "Action"), this Order establishes a procedure for designating confidential information, protecting such information, and challenging such

designations. "Information" includes the contents of documents, testimony, answers to discovery, and data derived from sources other than documents.

**B.  Information Governed.**  This Order covers information furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the information and documents are designated by a party to this Action or non-party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in accordance with the terms of this Order.  Something may be designated confidential only when the source reasonably believes it is proprietary or otherwise implicates an interest in its security.  This Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.  This Order does not apply to information that is public.

**2.  Designation and Disclosure of Information.**

**A.  Designation.**  To designate information as confidential, a designating party must mark it or identify it on the record.  Designations may be withdrawn.

**B.  Marking.**  The designating party must mark the pages of documents or each significant component of other objects.  The deponent will mark deposition transcripts and the claimant will mark hearing transcripts.  A mark similar to the following should be used to clearly designate the information:

| CONFIDENTIAL | CONFIDENTIAL-ATTORNEYS' EYES ONLY |
|---|---|

**C.  Timing.**  Documents and other objects must be designated before disclosure.  Transcripts must be designated within fifteen (15) days of receipt; all transcripts are confidential for fifteen (15) days after receipt.

**D.  Inadvertent Disclosure.**  The inadvertent disclosure of information without the appropriate confidentiality designation shall not be deemed a waiver or impairment of the confidential nature of any such information and any related material.  One who knowingly receives

an inadvertent disclosure must return the information to the source immediately and make no use of it.

**3.     Access.** Information designated "CONFIDENTIAL" shall be disclosed only to the following:

    **A**.     Parties,

    **B**.     The Court,

    **C.**     Court reporters (including audio and video),

    **D**.     Special masters,

    **E.**     Mediators,

    **F.**     Parties' counsel and their direct staff,

    **G.**     The officers, directors, and direct staff of A-F, above,

    **H.**     The parties' insurers or indemnitors and their counsel, and

    **I.**     Designated experts and outside attorneys assisting in the preparation of this case,

    **J.**     Any witnesses at a deposition, hearing, trial, or other court proceeding in this Action, to the extent reasonably necessary to elicit testimony or prepare the witnesses to testify; and

    **K**.     Others specifically identified in writing by the designating party.

**4.     Attorney's Eyes Only.**

    **A.**     Information may be further restricted than stated above by the producing source designating the information "CONFIDENTIAL-ATTORNEYS' EYES ONLY." This designation shall be used as sparingly as possible.

    **B.**     This designation is limited to particularly sensitive confidential information that cannot be disclosed without serious threat of direct or indirect competitive injury by use in a manner other than reasonably necessary to litigation of the Action. The designation of any document or information as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall only be made by an attorney reviewing the material, and shall constitute a certification by the attorney that he or she in good faith believes the material deserves this heightened level of protection under Federal Rule of

Civil Procedure 26(c)(1)(G).

**C.** Information designated as "CONFIDENTIAL-ATTORNEYS' EYES ONLY" shall be disclosed only to the following persons:

    i. Parties' outside counsel and their direct staff,

    ii. Court reporters (including audio and video),

    iii. The Court, and

    iv. Designated experts and outside attorneys assisting in the preparation of this case.

**5.** **Use.** Information designated "CONFIDENTIAL or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" must only be used in connection with this Action.

**6.** **Acknowledgment.** Individuals having access to confidential information other than the receiving Party or its counsel of record must sign an acknowledgement of this Order in a form similar to Appendix A.

**7.** **Filing Documents with the Court.** If any party wishes to submit "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information to the Court, the party shall comply with the procedures in Local Rules 140 and 141. As little as possible of the source document should be filed. References in the filing must be sufficiently abstract to not disclose the confidential information.

**8.** **Depositions.**

    **A.** During the deposition. Deposition testimony is automatically deemed "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" when such designations are asserted at any time during the deposition.

    **B**. After transcription of the deposition. A party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the Action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

    **C**. During the transcription period. During the transcription of the deposition and the

fifteen (15) day period following delivery of the transcript, the transcript and exhibits must be treated as "CONFIDENTIAL," unless the disclosing party consents to less confidential treatment of the information. The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

9.  **Hearings and Trial.**

    A.  If confidential information will be referenced or used in pretrial conferences and hearings, the disclosing party must give notice to the other party that such information will be used five (5) business days before the court appearance.

    B.  The designating party must mark hearing and trial transcripts within thirty (30) days of receipt.

10. **Subpoenas**. If any party receives a subpoena which calls for the production of information designated "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" by any other party, the recipient of the subpoena must notify the parties in writing of the subpoena and that the subpoena seeks confidential information. The recipient of the subpoena is responsible for protecting the confidentiality of subpoenaed information under this Order and may not use the confidential nature of the information as a reason to not comply with the subpoena.

11. **Challenges.**

    A.  **Notice.** If a party reasonably believes the confidentiality designation is incorrect, it must specify to the designating party in writing (a) the subject of the information and (b) its grounds for challenging the designation. A party shall not be obligated to challenge the propriety of a designation when such designation is made, and its failure to do so shall not operate as a waiver of or in any way preclude its right to later request that the Court determine the propriety of the designation.

    B.  **Response**. The designating party must respond to a designation challenge within seven (7) business days in an attempt to resolve the dispute in good faith on an informal basis without seeking relief from the Court.

    C.  **Rulings.** If the challenging party is still not satisfied, it may move the court to

remove the designation. The designating party shall bear the burden of justifying the designation. However, until the Court rules, the original designation remains in full force and effect, and the document continues to be protected by this Order.

**12. <u>Conclusion of Litigation</u>.**

    **A.** Survival Upon Termination. This Order survives the termination of this case, and the Court shall retain jurisdiction of all persons and entities bound hereto, for the purposes of its enforcement.

    **B.** Return Of Information. Within ninety (90) days of termination, the parties must return original documents with confidential information and destroy any copies of such information.

**13. <u>Enforcement.</u>** If any source has reason to believe that confidential information has been disseminated or used in violation of this Order, that Designating Party may move for appropriate relief from the Court.

**14. <u>Miscellaneous</u>**

    A. Subject to the rules of evidence and the terms hereof, any Party may use any confidential information, or any information derived therefrom, for any purpose at any trial, hearing, or other proceeding had in this Action.

    B. This Order shall in no way affect or impair the right of any Party or third-party to raise or assert any defenses or objections including, without limitation, any defenses or objections to the discovery or production of any documents or information, any defenses or objections to questions interposed at depositions, hearings, or at trial, or any objections or defenses to the use, relevance, or admissibility of any evidence at trial or at any other proceeding held herein.

SO STIPULATED.

Dated: <u>December 21, 2017</u>

| By: /s/ James L. Bikoff | By: /s/ Jenifer C. Wallis |
|---|---|
| James L. Bikoff, *Pro Hac Vice* <br> Bruce A. McDonald, *Pro Hac Vice* | Anthony J. Ellrod (SBN 136574) <br> Jenifer C. Wallis (SBN 303343) |

| | |
|---|---|
| Holly B. Lance, *Pro Hac Vice*<br>SMITH, GAMBRELL & RUSSELL, LLP<br>1055 Thomas Jefferson St. NW<br>Suite 400<br>Washington, DC 20007<br>Telephone: 202.263.4300<br>Facsimile: 202.263.4329<br>Email: jbikoff@sgrlaw.com<br>bmcdonald@sgrlaw.com<br>hlance@sgrlaw.com<br><br>Martin N. Jensen (SBN 232231)<br>Thomas L. Riordan (SBN 104827)<br>PORTER SCOTT<br>350 University Ave., Suite 200<br>Sacramento, CA 95825<br>Telephone: 916.929.1481<br>Facsimile: 916.927.3706<br>Email: mjensen@porterscott.com<br>triordan@porterscott.com<br><br>*Attorneys for Plaintiffs*<br>THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY and<br>THE CALIFORNIA STATE GRANGE | Paul Harshaw (SBN 266812)<br>MANNING & KASS<br>ELLROD, RAMIREZ, TRESTER LLP<br>801 S. Figueroa St. 15th Floor<br>Los Angeles, CA 90017-3012<br>Telephone: 213.624.6900<br>Facsimile: 213.624.6999<br>Email: aje@manningllp.com<br>pdh@manningllp.com<br>jcw@manningllp.com<br><br>*Attorneys for Defendants*<br>CALIFORNIA GUILD and ROBERT McFARLAND<br><br>By: /s/ Mark E. Ellis<br>Mark E. Ellis (SBN 127159)<br>David E. Castro (SBN 298614)<br>ELLIS LAW GROUP, LLP<br>1425 River Park Drive, Suite 400<br>Sacramento, CA 95815<br>Telephone: 916.283.8820<br>Facsimile: 916.283.8821<br>Email: mellis@ellislawgrp.com<br>dcastro@ellislawgrp.com<br><br>*Attorneys for Defendant*<br>ROBERT McFARLAND |

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: March 15, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

## **ACKNOWLEDGEMENT OF ORDER PROTECTING CONFIDENTIALITY**

Name: _____

Address: _____

Telephone: _____

Role in Lawsuit:

☐ Staff to Counsel ☐ Consulting Expert ☐ Testifying Expert

☐ Court Reporter ☐ Other Witness ☐ Party Employee

Aligned with:

This party: _____

This non-party: _____

    I have read and acknowledge that I am bound by the Order Protecting Confidentiality entered in this action, *The National Grange of the Order of Patrons of Husbandry v. California Guild*, U.S. District Court for the Eastern District of California, Case No. 2:16-cv-00201-WBS-DB.

_____      _____
Signature                                              Date