UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY and THE CALIFORNIA STATE GRANGE,<br><br>    Plaintiffs,<br><br>    v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT MCFARLAND,<br><br>    Defendants. | CIV. NO. 2:16-201 WBS DB<br><br>MEMORANDUM AND ORDER RE: MOTION TO COMPEL |

        Presently before the court is defendants' Motion to Compel plaintiffs to provide relevant, responsive documents in response to defendants' Second Set of Interrogatories and Second Set of Requests for Production, and to provide persons most knowledgeable. (Docket No. 200.)

        At the hearing on April 16, 2018, defendants notified the court of sixteen specific Requests and Interrogatories for which plaintiffs have not provided responsive documents or have provided incomplete responses. The court will address them each in turn below.

I.   <u>Requests for Production 36 and 41</u>

1

1 | Requests for Production 36 and 41 seek plaintiffs' bank
2 | account records for the 2014 corporation The Grange of the State
3 | of California of Patrons of Husbandry and for the 2016
4 | corporation the California State Grange.  Plaintiffs refused to
5 | produce responsive documents and objected on the grounds that the
6 | requests were overly broad, unduly burdensome, and irrelevant.
7 | Plaintiffs also stated that no such documents exist.

When a party objects to a discovery request, it is the burden of the party moving to compel to demonstrate why the objection is not justified. Gil v. Sanchez, Civ. No. 17-698 CAB JM, 2018 WL 1621519, at *1 (S.D. Cal. Apr. 4, 2018). Here, as the moving party, defendants argue that none of plaintiffs' objections are justified, and the court agrees.

As to the argument regarding relevancy, district courts have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Under Federal Rule of Civil Procedure 26(b)(1), which was amended on December 1, 2015, "relevant" is broadly construed, and discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. In fact, "an objection based solely on relevancy is very risky, since modern discovery rules define the concept very broadly, and the case law of most jurisdictions permits 'fishing expeditions.'" See 1 Expert Witness Checklists § 1:92 (3d ed.).

A discovery request is considered relevant if there is

"any possibility that the information sought may be relevant to the claim or defense of any party." Martin v. Bimbo Food Bakeries Distrib., LLC, 313 F.R.D. 1, 5 (E.D.N.C. 2016). Therefore, information is relevant if "it might reasonably assist a party in evaluating the case, preparing for trial or facilitating settlement." Hickman v. Taylor, 329 U.S. 495, 506–07 (1947). Notably, after the 2015 amendment to Rule 26, the test is simply "whether evidence is relevant to any party's claim or defense, not whether it is reasonably calculated to lead to admissible evidence," which is what the test was prior to these amendments. In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016).

Whether discovery is "relevant to any party's claim or defense" will depend on the substantive law of the claim or defense in question. In re PE Corp. Secs. Litig., 221 F.R.D. 20, 24 (D. Conn. 2003). Here, plaintiffs allege lost profits and damages as a result of defendants' behavior. Accordingly, bank account records are clearly relevant in order to reveal whether there is in fact any evidence of lost profits and damages. In order to adequately prepare a defense to plaintiffs' claims, defendants will need to know how much, if any, damages plaintiffs suffered. Discovery regarding the requested bank records is therefore material to defendants' preparation of their strategy and arguments against plaintiffs' prayer for lost profits and damages. These requests are therefore indisputably relevant to plaintiffs' claims and to defendants' defense.

Even if this information is not ultimately admissible at trial, that is unrelated to the court's determination of

relevancy at this point. "Courts generally recognize that relevancy for purposes of discovery is broader than relevancy for purposes of trial." In re Bard, 317 F.R.D. at 566 (D. Ariz. 2016); see also Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998)("Relevance for purposes of discovery is defined very broadly."). Plaintiffs' claims will of course require proof of lost profits and damages. Accordingly, evidence regarding their finances, including all bank records, will be necessary if they are to succeed on this claim, and that is sufficient at this point for the court to overrule plaintiffs' objection on the basis of relevance.

Plaintiffs' objections that the request is overly broad and unduly burdensome are also overruled. As to the overbreadth argument, the corporations subject to these requests were formed in 2014 and 2016, and thus the requests are narrow by necessity. With regard to "unduly burdensome," the language of Rule 26 suggests that discovery is not "unduly burdensome" if it is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In determining whether information is proportional, the parties and the court must consider the following: the importance of the issues at stake in the action; the amount in controversy; the parties' relative access to relevant information; the parties' resources; the importance of the discovery in resolving the issues; and whether the burden or expense of the proposed discovery outweighs its likely benefit. (Id.)

The court need not address all of these factors, however, because the Advisory Committee's Note explains that the

proportionality calculation "does not place on the party seeking discovery the burden of addressing all proportionality considerations." See Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. Rather, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Id.

Accordingly, the court limits its analysis to those factors mentioned by the parties, and concludes that each factor suggests ruling in favor of defendants and ordering plaintiffs to respond. As described above, the requests at issue involve plaintiffs' bank records. Because plaintiffs' are seeking damages for lost profits, clearly the information contained within their bank records would be relevant and of importance to the issues at stake. Additionally, plaintiffs control the corporations from which defendants are seeking discovery, and thus it should not be difficult for plaintiffs to acquire these records and provide them to defendants. Further, plaintiffs have not indicated that they lack the resources necessary to complete this discovery. For the foregoing reasons, the court concludes that these requests are not unduly burdensome.

The court is similarly unpersuaded by plaintiffs' final argument in which they attempt to claim that no responsive documents exist. It is hard to believe that bank records do not exist. If that is the case, then the court is left wondering how plaintiffs plan to attempt to prove lost profits and damages. Accordingly, all of plaintiffs' objections with regard to Requests for Production 36 and 41 are overruled, and the court

orders plaintiffs to produce all documents asked for in these requests.

II. <u>Interrogatories 29, 30, and 32 & Request for Production 18</u>

Although plaintiffs responded to these requests and interrogatories, all responses refer defendants to documents which have been redacted. It is unclear why these documents need to be redacted. Accordingly, the court will order plaintiffs to produce to the court un-redacted copies of the documents provided in response to these interrogatories and request so that the court may determine whether there is legitimate reason for the redactions.

III. <u>Requests for Production 34 and 39</u>

Plaintiffs objected to Requests for Production 34 and 39 on the ground that these requests are duplicative of previously asked and answered requests. These objections are sustained and no further action is required by plaintiffs.

IV. <u>Interrogatories 31-34 and Requests for Production 47-50</u>

Plaintiffs refused to respond to Interrogatories 31-34 and the corresponding Requests for Production 47-50 on the basis that the requests exceeded a stipulated limit of 30 interrogatories. However, there is no court limit on the number of interrogatories allowed. Accordingly, plaintiffs are ordered to respond to these interrogatories and requests.

V. <u>Persons Most Knowledgeable ("PMK")</u>

Defendants argue that each PMK plaintiffs provided was not knowledgeable on the topics at issue and had not been prepared to testify. The court concludes that such arguments are premature at this stage of the litigation. Defendants Motion to

Compel is therefore denied as to this issue, without prejudice to defendants making any objections at trial that they deem necessary regarding the admissibility of testimony.

IT IS THEREFORE ORDERED that defendants' Motion to Compel (Docket No. 200) be, and the same hereby is, GRANTED in part and DENIED in part. Within five court days from the date this Order is signed, plaintiffs shall:

1. Produce all documents asked for in Requests for Production 36 and 41;
2. Produce to the court for in camera review un-redacted copies of all documents previously produced in response to Interrogatories 29, 30, and 32, and Request for Production 18;
3. Reply to Interrogatories 31-34 and Requests for Production 47-50.

Because the court is ruling in part in favor and in part against defendants, neither side has entirely prevailed on this motion. Accordingly, no attorney fees or sanctions shall be ordered pursuant to the provisions of Fed. R. Civ. P. 37(a)(5)(A).

Dated: April 20, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE