1  Anthony J. Ellrod (State Bar No. 136574)
   *aje@manningllp.com*
2  Jenifer C. Wallis (State Bar No. 303343)
   *jcw@manningllp.com*
3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**
4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012
5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999
6
7  Attorneys for Defendants CALIFORNIA
   GUILD and ROBERT McFARLAND
8
9           **UNITED STATES DISTRICT COURT**
10          **EASTERN DISTRICT OF CALIFORNIA**
11
12 THE NATIONAL GRANGE OF THE          Case No. 2:16-cv-00201-WBS-DB
   ORDER OF PATRONS OF
13 HUSBANDRY, a District of Columbia   **DEFENDANTS' MEMORANDUM**
   nonprofit corporation,              **OF POINTS AND AUTHORITIES**
14                                     **IN SUPPORT OF MOTION FOR**
                                       **SUMMARY JUDGMENT, OR IN**
15          Plaintiff,                 **THE ALTERNATIVE SUMMARY**
                                       **ADJUDICATION**
16     v.
17 CALIFORNIA STATE GUILD, a           Date:  August 6, 2018
   California corporation, d/b/a "CSG," Time: 1:30 p.m.
18 and ROBERT McFARLAND, a             Courtroom: 5
   California resident,                The Hon. William B. Shubb
19
            Defendants.                Trial Date:  October 23, 2018
20
                                       **ORAL ARGUMENT REQUESTED**
21
22
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28
                                       1

1
2

# TABLE OF CONTENTS

Page

3
4

I.      INTRODUCTION .................................................................................. 1

5

II.     THE STANDARD FOR A MOTION FOR SUMMARY JUDGMENT ................ 2

III.    PLAINTIFF CALIFORNIA STATE GRANGE HAS NO STANDING. ............. 3

6
7

     A.     CALIFORNIA STATE GRANGE DOES NOT HAVE
STANDING TO PURSUE THE INTELLECTUAL PROPERTY
CLAIMS OR DERIVATIVE DAMAGES ……………………………………… 4

8

     1. California State Grange Lacks Article III "Case or Controversy"
Standing ………………………………………………………………… 4

9

     2.  California State Grange Lacks Prudential Standing……………………… 4

10
11

     B.     CALIFORNIA STATE GRANGE DOES NOT HAVE
CAPACITY TO SUE FOR THE CLAIMS ALLEGED…………………… .11

12
13

     C.     PLAINTIFFS' RULE 30(b)(6) DEPOSITION TESTIMONY
OF GARY ABREIM, AND LEROY WATSON ACT AS CORPORATE
ADMISSIONS WHICH CANNOT NOW BE CONTRADIC……………… 18

14
15
16

IV.    PLAINTIFF CALIFORNIA STATE GRANGE OFFERS NO SERVICES
AND HAS NO CONTRACTS THEREFORE IT HAS NO STANDING TO
ASSERT TRADE LIBEL OF INTENTIONAL INTERFERENE WITH
CONTRACTUAL RELATIONS ................................................................ 21

17
18
19

V.     PLAINTIFF CANNOT REASSERT A CLAIM FOR INFRINGEMENT
OF "CSG" WHERE IT HAS ALREADY OBTAINED THIS RELIEF AND
VOLUNTARILY WAIVED ALL DAMAGES ASSOCIATED
THEREWITH. .................................................................................... 21

20
21

     A.  PLAINTIFF NATIONAL GRANGE'S CLAIMS ARE BARRED BY
COLLATERAL ESTOPPEL ………………………………………… 21

22
23

     B.  THE DOCTRINE AGAINST SPLITTING A CAUSE OF
ACTION WARRANTS DISMISSAL OF NATIONAL GRANGE'S
CLAIMS…………………………………………………………………… 23

24
25

VI.    SUMMARY JUDGMENT IS APPROPRIATE AS TO THE NINTH
CAUSE OF ACTION FOR CONVERSION AS TO THE STATE
PLAINTIFF, CALIFORNIA STATE GRANGE................................................ 25

26

VII.   CONCLUSION ................................................................................. 25

27
28

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

i

# TABLE OF AUTHORITIES

<div align="right"><u>Page</u></div>

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359 (Fed. Cir. 2010)..............4

*Allstate Ins. Co. v. Hughes*, 358 F3d 1089, 1093-1094 (9th Cir. 2004)..................7

*Berwind Prop. Group Inc. v. Environmental Mgmt. Group. Inc.*,
     233 F.R.D. 62, 65 (D.Mass.2005)................................................................19

*Board of Trustees of Leland Stanford Junior Univ. v. Tyco Intern. Ltd.*,
     253 F.R.D. 524, 526 (C.D. Cal., 2008).........................................................18

*Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*,
     201 F.R.D. 33, 36 (D. Mass. 2001)..............................................................  19

*Carrico v. City & County of San Francisco*,
     656 F.3d 1002, 1006-1007 (9th Cir. 2011)   ................................................3,5

*CCC Information Services, Inc. v. American Salvage Pool Ass'n*,
     230 F.3d 342, 346-347 (7th Cir. 2000).........................................................7

*Celotex Corp. v. Catrett, supra*, 477 U.S. at 322-24.......................................3

*Clements v. Airport Authority of Washoe County*,
     69 F.3d 321, 328 (9th Cir. 1995)..................................................................24

*Committee for Idaho's High Desert, Inc. v. Yost*,
     92 F.3d 814, 819 (9th Cir. 1996)................................................................11

*Cook v. C.R. England, Inc.*, 2012 WL 2373258,
     at *3-*4 (C.D. Cal. June 21, 2012).............................................................24

*DaimlerChrysler Corp. v. Cuno*,
     547 U.S. 332, 341, 126 S. Ct. 1854, 1861 (2006)   ......................................5

*Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D.Conn., 2010)......................18

*Ensley v. Cody Resources, Inc.*, 171 F.3d 315, 319 (5th Cir. 1999)......................6

*Esposito v. United States*, 368 F.3d 1271, 1276 (10th Cir. 2004)................... 7,11

*Fleck and Associates, Inc. v. City of Phoenix, Ariz., A Mun. Corp.*,
     471 F.3d 1100, 1104 (9th Cir. 2006)   .........................................................6

*Foundation on Economic Trends v. Lyng*, 680 F.Supp. 10, 14 (D.C.C 1988)..........3

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
     528 U.S. 167, 180, S.Ct. 693 (2000)............................................................4

*Glacier General Assur. Co. v. G. Gordon Symons Co.*, Ltd.,
     631 F.2d 131, 133-134 (9th Cir. 1980)........................................................6

*Gladstone Realtors v. Village of Bellwood*,
     441 U.S. 91, 100, 99 S.Ct. 1601, 1608 (1979)..............................................5

*Ierardi v. Lorillard, Inc.*, 1991 WL 158911 (E.D. Pa. 1991)...........................  19

*In re Adobe Sys., Inc. Privacy Litig.*,
     66 F. Supp. 3d 1197, 1218 (N.D. Cal. 2014)................................................ 3

*In re Cha*, 483 BR 547, 551 (9th Cir. BAP 2012)..........................................7

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

<div align="center">ii</div>

*In re Engle Cases*, 767 F.3d 1082, 1113 (11th Cir. 2014)………………………….7

*In re Wilson*, 104 B.R. 303, 304 (Bankr. E.D. Cal. 1989)…………………………  23

*Intown Properties Management Inc. v. Wheaton Van Lines, Inc.*,
 271 F.3d 164, 171  ……………………………………………………………7

*Koch v. Koch Indus.*, 127 F.R.D. 206 (D. Kan. 1989)……………………………  23

*Kowalski v. Tesmer*, 543 U.S. 125, 128-129,
 125 S.Ct. 564, 567-568 (2004) ………………………………………………… 6

*Kremer v. Chemical Constr. Co.*, 456 U.S. 461, 478 (1982)…………………… 21

*Kuntz v. Lamar* Corp., 385 F.3d 1177, 1183 (9th Cir. 2004)……………………….7

*LaDuke v. Nelson*, 762 F.2d 1318,1323 (9th Cir. 1985)……………………….… 4

*Lujan v. Defenders of Wildlife*,
 504 U.S. 555, 560-561, 112 S. Ct. 2130, (1992)………………………….…..3,4,5

*Lundquist v. University of South Dakota Sanford School of Medicine*,
 705 F3d 378, 380 (8th Cir. 2013)…………………………………………  11

*Nat'l Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 255 (1994)………..3

*Nuclear Information and Resource Service v. Nuclear Regulatory Comm'n*,
 457 F.3d 941, 950 (9th Cir. 2006)…………………………………………....4

*Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F.Supp. 278 (D. Kan. 1988)………  23

*Pacific Coast Agr. Export Ass'n v. Sunkist Growers, Inc.*,
 526 F.2d 1196, 1208 (9th Cir. 1975)  ………………………………………….7

*Paradise Creations, Inc. v. UV Sales, Inc.*
 315 F.3d 1304, 1307 (Fed. Cir. 2003)……………………………………  11

*Posey v. Lake Pend Orielle Sch. Dist.*
 No. 84, 546 F.3d 1121, 1126 (9th Cir. 2008) ……………………………………2

*Rainey v. American Forest & Paper Ass'n, Inc.*,
 26 F.Supp.2d 82, 95 (D.D.C. 1998) …………………………………………18

*San Francisco BART Dist. v. Spencer*,
 2006 WL 2734289, at *1 (N.D. Cal., 2006)……………………………………… 18

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ……………………………..3

*Sprint Communications Co., L.P. v. Theglobe.com, Inc.*,
 236 F.R.D. 524, 527-528 (D. Kan. 2006)………………………………………  19

*Steel Co. v. Citizens for a Better Env't*,
 523 U.S. 83, 93-94, 118 S.Ct. 1003 (1998)………………………………………5

*Sunray Oil Corporation v. Allbritton*, 187 F.2d 475, 477 (5th Cir. 1971)  ………….7

*Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017)……………………………….3

*U-Haul Int'l v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986)………………….6

*United States v. Hays*, 515 U.S. 737, 742, 115 S.Ct. 2431, 2435 (1995)……………5

*United States v. Haytian Republic*, 154 U.S. 118, 125, 14 S.
 Ct. 992, 38 L. Ed. 930 (1894) ……………………………………………  24

*United States ex rel. Spicer v. Westbrook*, 751 F3d 354, 362 (5th Cir. 2014)……….. 6

*U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996)………………………  18,19

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

*Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 841 n. 1 (9th Cir. 1976) ................6

*Warth v. Seldin*, 422 U.S. 490, 498 (1975) ……......................................3,6

*Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993)…...................................6

*Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)….......................24

*Walton v. Eaton Corp.*, 563 F.2d 66 (3rd Cir. 1977)…..................................23

*Whelan v. Abell*, 953 F.2d 663, 672 (DC Cir. 1992)…...................................8

*Wieberg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001)…...................7

## **Statutes**

Fed. R. Civ. P. 56(a)…...................................................................2

U.S.C.A. Const. Art. 3, §1 *et seq*  …..............................................  4

Rule 30(b)(6)….......................................................................,18,19

iv

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Motion for Summary Judgment is necessary because 1) one of Plaintiffs, California State Grange, has no standing to bring any of the claims it has asserted and 2) the remaining Plaintiff, National Grange, is attempting to relitigate claims that it voluntarily dismissed, with prejudice, damages in an earlier lawsuit.

Plaintiff California State Grange has no standing to assert this lawsuit as it is not the real party in interest on **any** claims asserted. Rather, Plaintiff California State Grange is admittedly merely a "holding corporation" for the name "California State Grange". It was formed in 2016, has no bank accounts, and performs no function except to merely hold the name "California State Grange". It therefore has no standing in this matter as against Defendants. Rather, the 2014 corporation formed by Plaintiff National Grange (the Grange of the State of California's Order of Patrons of Husbandry Chartered), which does collect dues and is an actually functioning corporation, should have been the named state level Plaintiff. However, it is too late to allow Plaintiff to cure its fatal defect at this point – and, as set forth fully below, even if the 2014 corporation was somehow now substituted, it has no standing to assert any of the claims brought in this case because it neither owns nor has enforcement rights over any of the property involved (intellectual or otherwise).

Moreover, each separate Plaintiff's representative admits that it is only the National Grange who owns and can enforce the rights to its intellectual property – NOT Plaintiff California State Grange (hereinafter "the 2016 corporation") or the Grange of the State of California's Order of Patrons of Husbandry Chartered (hereinafter "the 2014 corporation"). The same goes with Plaintiff National Grange's property – neither the 2014 corporation nor the 2016 corporation has any ownership interest in the National Grange's real property and cannot therefore assert any claim of conversion or trespass over it.

Finally, Plaintiff, the National Grange cannot claim damages here that it has already voluntarily dismissed in National Grange I. In National Grange I, Plaintiff National Grange sued the California Guild (at that time its corporate name was California State Grange) in

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS LAW

1 *National Grange of the Order of Patrons of Husbandry v. California State Grange,* No. 2: 14

2 –cv-00676 WBS DAD (E.D. Cal.) ("National Grange I") under trademark law to force it to

3 discontinue use of the term "Grange". [Prev. National Grange I Complaint, ¶ 38.] In its sixty-

4 four (64) page complaint, Plaintiff asserted four claims pursuant to the Lanham Act: Federal

5 Trademark Infringement (Count I), Unfair Competition and False Designation of Origin

6 (Count II), Federal Trademark Dilution (Count III), and Federal Trademark Counterfeiting

7 (Count IV). (Exhibit A, National Grange I Complaint). Plaintiff obtained summary judgment

8 on its claims July 14, 2015 [Exhibit B, National Grange I Doc. No. 60], the court issued a

9 second memorandum and order regarding that judgment on September 30, 2015 [Exhibit C,

10 National Grange I Doc. No. 85] and the court issued its final judgment on that date as

11 well.[Exhibit C, National Grange I Doc. No. 86]. In its memorandum order, the court noted

12 that "***[t]he parties now stipulate to plaintiff's voluntary dismissal with prejudice of its claims***

13 ***for damages*** and plaintiff seeks entry of final judgment and issuance of the permanent

14 injunction." Plaintiff now seeks damages for those very same claims, despite having clearly

15 voluntarily dismissed them with prejudice in National Grange I.

16     Defendants' motion for summary judgment should therefore be granted.

17 **II.**    **THE STANDARD FOR A MOTION FOR SUMMARY JUDGMENT.**

18     A party may seek summary judgment with respect to all or part of a claim, and

19 summary judgment is appropriate when there is no genuine issue as to any material fact

20 and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

21 *Posey v. Lake Pend Orielle Sch. Dist.* No. 84, 546 F.3d 1121, 1126 (9th Cir. 2008). Here,

22 the facts are simple. Plaintiff National Grange has already dismissed with prejudice certain of

23 its claims that it now attempts to relitigate here and Defendants move to dismiss those discrete

24 claims, namely the claims of trademark infringement and false advertising. The remaining

25 Plaintiff, California State Grange, has no standing to assert **any** of the claims asserted in this

26 lawsuit. Even if Plaintiffs were somehow able to replace the 2016 corporation with the 2014

27 corporation (which it cannot, at this late date), neither state corporation has standing to assert

28 any intellectual property infringement claims, conversion or trespass claims, as it is

1 undisputedly the National Grange who owns this property.

2 **III.    PLAINTIFF CALIFORNIA STATE GRANGE HAS NO STANDING.**

3        A party invoking federal jurisdiction bears the burden of establishing the

4 elements of standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561, 112 S.

5 Ct. 2130, (1992); *Nat'l Organization for Women, Inc. v. Scheidler*, 510 U.S. 249, 255

6 (1994) Although an allegation of injury might meet the particularity requirement if

7 tested on a motion to dismiss, a court may require the plaintiff to make a greater

8 showing of specific, personalized injury in response to a summary judgment motion.

9 *Foundation on Economic Trends v. Lyng*, 680 F.Supp. 10, 14 (D.C.C 1988)

10 (***summary judgment granted due to lack of standing***). The party invoking federal

11 jurisdiction must establish each element with the manner and degree of evidence

12 required at the particular stage of litigation. *Lujan v. Defenders of Wildlife*, *supra*,

13 504 U.S. at 561, 112 S.Ct. at 2136.  Article III standing requires, among other things,

14 that Plaintiff "suffered an injury in fact." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540,

15 1547 (2016). To establish an "injury in fact," Plaintiff must show that she suffered an

16 "invasion of a legally protected interest" that is "concrete and particularized," as well

17 as "actual or imminent, not conjectural or hypothetical." *Id.* at 1548; *Syed v. M-I,*

18 *LLC*, 853 F.3d 492, 499 (9th Cir. 2017).  A plaintiff without standing cannot maintain

19 an action. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (standing addresses the

20 question of whether a plaintiff is entitled to have the court decide the merits of the

21 dispute or of particular issues); *see also Carrico v. City & County of San Francisco*,

22 656 F.3d 1002, 1006-1007 (9th Cir. 2011) (standing cannot be established by

23 conclusory allegation that a defendant's action impacted their operations as

24 landlords).  A plaintiff must have standing for each individual cause of action. *In re*

25 *Adobe Sys., Inc. Privacy Litig.*, 66 F. Supp. 3d 1197, 1218 (N.D. Cal. 2014).

26        Finally, summary judgment is appropriate if a plaintiff as a matter of law

27 cannot establish damages. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 322-24. Here,

28 Plaintiff California State Grange (the 2016 corporation) cannot establish damages – it

1   is admittedly merely a holding corporation that performs no function (it is the 2014

2   corporation that is an actual functioning corporation). Additionally, neither the 2014

3   corporation nor the 2016 corporation has standing here where it is undisputed that

4   only Plaintiff National Grange has ownership rights and right to enforce its

5   intellectual property and real property. The motion for summary judgment should

6   therefore be granted gainst Plaintiff California State Grange on all counts.

7   **A. CALIFORNIA STATE GRANGE DOES NOT HAVE STANDING TO**

8   **PURSUE THE INTELLECTUAL PROPERTY CLAIMS OR**

9   **DERIVATIVE DAMAGES**

10   Standing is comprised both of constitutional or "Article III" (U.S.C.A. Const.

11   Art. 3, §1 *et seq*.) requirements <u>*and of*</u> "prudential considerations." *See LaDuke v.*

12   *Nelson*, 762 F.2d 1318,1323 (9th Cir. 1985); *see also Nuclear Information and*

13   *Resource Service v. Nuclear Regulatory Comm'n*, 457 F.3d 941, 950 (9th Cir. 2006)

14   (determining whether a litigant has standing involves "two distinct inquiries"—i.e.

15   (1) the "case or controversy" standing requirement and (2) the prudential standing

16   requirement).

17   A federal court lacks jurisdiction over a case unless the plaintiff has standing to

18   sue (i.e., individual injury in fact) under Article III of the U.S. Constitution. Standing

19   is an important jurisdictional limitation.  Indeed, case law holds that standing is "an

20   essential and unchanging part of the case-or-controversy requirement of Article III."

21   *Lujan v. Defenders of Wildlife*, *supra,* 504 U.S. at 560, 112 S.Ct. at 2136.  In terms of

22   timing, ***standing is measured when the action is filed***. *See Friends of the Earth, Inc.*

23   *v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180, S.Ct. 693 (2000) (the Court

24   has an obligation to assure that a plaintiff had Article III standing at the onset of the

25   action).  In other words, if a plaintiff does not have title at the onset of litigation, a

26   subsequent assignment ***cannot cure the defect***. *Abraxis Bioscience, Inc. v. Navinta*

27   *LLC*, 625 F.3d 1359 (Fed. Cir. 2010), cert. denied, 132 S.Ct. 115 (2011).

28   Accordingly, standing is ***not*** subject to waiver, and in fact, must be considered

4

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
—— ATTORNEYS AT LAW ——

1    by federal courts even if the parties fail to raise it. *United States v. Hays*, 515 U.S.

2    737, 742, 115 S.Ct. 2431, 2435 (1995); *Carrico v. City & County of San Francisco*,

3    656 F.3d 1002, 1005 (9th Cir. 2011) (court may raise standing issue at any time *sua*

4    *sponte*). Importantly, a court may not decide a cause of action before resolving

5    whether the court has Article III jurisdiction; i.e., ***standing cannot be assumed***. *See*

6    *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94, 118 S.Ct. 1003 (1998).

7    **1. California State Grange Lacks Article III "Case or Controversy"**

8    **Standing**

9        The constitutional basis for the standing requirement derives from Article III of

10    the United States Constitution, which instructs that the judicial power extends only to

11    cases or controversies, U.S. Const. art. III, §2. To establish "a case or controversy"

12    within the meaning of Article III, a plaintiff must show the following as an

13    "irreducible minimum": (1) an "injury in fact" which is concrete and not conjectural;

14    (2) a causal connection between the injury and defendant's conduct or omissions; and

15    (3) redressability; i.e., a likelihood that the injury will be redressed by a favorable

16    decision. *Lujan v. Defenders of Wildlife*, *supra*, 504 U.S. at 560-561, 112 S.Ct. at

17    2136.

18        The above law makes clear that standing requires a showing that plaintiff has

19    suffered actual loss, damage or injury, or is threatened with impairment of his or her

20    own interests. *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 100, 99 S.Ct.

21    1601, 1608 (1979). The "injury in fact" requirement must involve "an invasion of a

22    legally protected interest which is (a) concrete and particularized... and (b) actual or

23    imminent, not conjectural or hypothetical..." *Lujan v. Defenders of Wildlife*, 504 U.S.

24    at 559-560, 112 S.Ct. at 2136 (1992) (internal quotes and citations omitted). Simply

25    put, "[i]f a dispute is not a proper case or controversy, the courts have no business

26    deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp.*

27    *v. Cuno*, 547 U.S. 332, 341, 126 S. Ct. 1854, 1861 (2006).

28    **2. California State Grange Lacks Prudential Standing**

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

Even if a plaintiff establishes the constitutional requirements of standing, a court may nevertheless deny standing for prudential reasons. *See, e.g., Fleck and Associates, Inc. v. City of Phoenix, Ariz., A Mun. Corp.*, 471 F.3d 1100, 1104 (9th Cir. 2006) ("The prudential limitations ... restrict the grounds a plaintiff may put forward in seeking to vindicate his personal stake."). Of paramount importance in this respect is that a litigant assert its own interests rather than pressing those of third parties. *Id.*; see also *Warth*, *supra*, 422 U.S. at 499 (a party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"); *Kowalski v. Tesmer*, 543 U.S. 125, 128-129, 125 S.Ct. 564, 567-568 (2004) (same).

The "real party in interest" rule exemplifies the "prudential" requirement as it is designed to ensure that the plaintiff rather than another third party is entitled to make the claim. *Ensley v. Cody Resources, Inc.*, 171 F.3d 315, 319 (5th Cir. 1999). It is similar to, yet distinct from, the standing requirement. The "real party in interest" is the person who has the right to sue *under the substantive law*. In general, it is the person holding title to the claim or property involved, as opposed to others who may be interested in or benefit by the litigation. *U-Haul Int'l v. Jartran, Inc.*, 793 F.2d 1034, 1038 (9th Cir. 1986); *United States ex rel. Spicer v. Westbrook*, 751 F3d 354, 362 (5th Cir. 2014). Although both standing and real party in interest concepts are used to designate a plaintiff who possesses a sufficient interest in the action to entitle him or her to be heard on the merits, the "real party in interest" theory focuses on whether the person who brings the suit is "a person harmed by the alleged wrong," rather than solely a question of standing. *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993); *see also Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 841 n. 1 (9th Cir. 1976).

Whether the plaintiff is the "real party in interest" with respect to the claim sued upon, is analyzed under state law. *See* FRCP 17(a)(1) ("An action must be prosecuted in the name of the real party in interest."); *Glacier General Assur. Co. v.*

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

6

1    *G. Gordon Symons Co*., Ltd., 631 F.2d 131, 133-134 (9th Cir. 1980); *Allstate Ins. Co.*

2    *v. Hughes*, 358 F3d 1089, 1093-1094 (9th Cir. 2004).  The purpose of this requirement

3    is to ensure that judgments will be entitled to res judicata effect, thus saving

4    defendants from further harassment or vexation at the hand of some other claimant to

5    the same demand. *See In re Cha,* 483 BR 547, 551 (9th Cir. BAP 2012); *Pacific Coast*

6    *Agr. Export Ass'n v. Sunkist Growers, Inc*., 526 F.2d 1196, 1208 (9th Cir. 1975), cert.

7    denied 96 S.Ct. 1741 (1976); *see also Sunray Oil Corporation v. Allbritton*, 187 F.2d

8    475, 477 (5th Cir. 1971) cert. denied 72 S.Ct. 51 (1951) (reducing damages because

9    prosecuting party not entitled to recover amounts paid by insurance company despite

10   agreement to reimburse the company as the prosecuting party was not the real party

11   in interest pursuant to Rule 17(a)).

12          Relief under Rule 17(a) is not available where there was no honest,

13   understandable mistake in naming the plaintiff.  *See* Adv. Comm. Notes to 1966

14   Amendment to FRCP 17 (provision should not be distorted and is intended to prevent

15   forfeiture when determination of the proper party is difficult or when an

16   understandable mistake has been made); *Esposito v. United States*, 368 F.3d 1271,

17   1276 (10th Cir. 2004); *In re Engle Cases*, 767 F.3d 1082, 1113 (11th Cir. 2014) (Rule

18   17 was ***not promulgated to allow lawyers to file placeholder actions***).  Similarly, the

19   District Court retains discretion to deny relief under Rule 17(a) where the mistake in

20   naming an incorrect plaintiff was unreasonable or prejudicial to the opposing party.

21   *Wieberg v. GTE Southwest Inc.*, 272 F.3d 302, 308 (5th Cir. 2001); *Intown Properties*

22   *Management Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 171 (Rule 17(a) motion

23   properly denied where mistake in determining real party in interest was unreasonable

24   and amendment would expose defendant to additional liability after statute of

25   limitations had run).

26          Actions asserting the rights of a corporation ordinarily must be brought by the

27   corporation itself. *See CCC Information Services, Inc. v. American Salvage Pool*

28   *Ass'n*, 230 F.3d 342, 346-347 (7th Cir. 2000); *Kuntz v. Lamar* Corp., 385 F.3d 1177,

7

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1   1183 (9th Cir. 2004).  As with standing, individual shareholders (even controlling

2   shareholders) ordinarily are **not** the real parties in interest. *Whelan v. Abell*, 953 F.2d

3   663, 672 (DC Cir. 1992).

4          Here, it is clear that the named Plaintiff – the California State Grange - is not

5   the correct entity and does not have standing to assert any of the claims asserted in

6   this case. Rather, it is the 2014 corporation (which is not a named plaintiff) who

7   should be the named plaintiff along with the National Grange. This unusual situation

8   arose because Plaintiffs formed a 2014 corporation ("The Grange of the State of

9   California's Order of Patrons of Husbandry Chartered") to act as the California

10  chapter of the national organization, The National Grange. The deposition testimony

11  of Gary Abreim explains:

12          Q: And as we stated erlier, there is [sic] three corporations out

13  there. There is a 1946 corporation that was incorporated as the California

14  State Grange and has changed its name to the California Guild

15  [Defendant], correct?

16          A. Correct.

17          Q. There is a 2014 corporation, and I have justed handed you the

18  articles of incorporation[1]  for that corporation that is the Grange of the

19  State of California's Order of Patrons of Husbandry Chartered, correct?

20          A. Correct.

21          Q. Can we have the agreement that we just refer to it as the 2014

22  corporation?

23          A. Yes.

24          …

25          Q. Okay. I'm going to hand you what I am marking as Exhibit V

26  … and ask if that is a copy of the July 21st, 2016 articles of incorporation

27  _____

28  [1] Exhibit F

8

1    of the California State Grange[2].

2         A. Yes.

3         …

4         Q. Which entity are you here on behalf of today?

5         …

6         A. I would say the 2014 and the 2016.

7         Q. Okay. What relationship does the 2016 corporation have with

8    the 2014 corporation?

9         …

10        A. Okay. What's the relationship between the two?

11        Q. Correct.

12        A. The 2014 was the reorganized California State Grange. The

13   2016 was a corporation that was formed because when the California –

14   when the California – when the '46 changed its name to the Guild, that

15   created a vacancy in the use of the name California State Grange and the

16   California – the 2016 corporation was forme d to protect the name.

17        Q. So the 2016 corporation doesn't have bank account records, is

18   that correct?

19        A. That's correct.

20        Q. Okay. But the 2014 corporation does.

21        A. Correct.

22        Q. The 2016 corporation doesn't collect dues, correct?

23        A. The 2016?

24        Q. Correct.

25        A. Correct.

26        Q. Okay. But the 2014 corporation does collect dues, correct?

27   _____

28   [2] Exhibit D

9

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1        A. That's correct.

2        Q. Okay. And so all of the financial documents that you have

3    brought with you today relate to the 2014 corporation, correct?

4        A. Correct.

5        Q. Okay. Does the 2014 corportion have an EIN number?

6        A. Yes.

7        Q. Does the 2016 corporation have an EIN number?

8        A. I don't know.

9        …

10        Q. Okay. Is there any written agreement that you know of between

11    the 2014 corporation and the 2016 corporation?

12        …

13        A. Not to my knowledge.

14    Exhibit E. Gary Abreim deposition, pages 33-37.

15        The named plaintiff in this case – the California State Grange – is, in the words

16    of its corporate representative - merely a placeholder corporation. It is the 2014

17    corporation (the Grange of the State of California's Order of Patrons of Husbandry

18    Chartered) that should be the named plaintiff in this lawsuit but it is not. The 2016

19    corporation (the California State Grange) has suffered no damage – it doesn't have

20    meetings, it doesn't collect dues, it doesn't even have a bank account.

21        Additionally,despite claiming attorneys' fees against Defendants in this action,

22    neither the 2014 corporation nor the 2016 coporation has paid any legal fees related

23    to this case, as corporate representative Gary Abreim testified:

24        Q. Is it your understanding that the National Grange pays the legal

25        bills incurred as a result of this legal action on behalf of all of the

26        plaintiffs?

27        A. It is my understanding.

28        Q. Okay. So the 2014 corporation – neither the 2014 corporation

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP

1   nor the 2016 corporation have incurred any legal fees, correct?

2          A. With respect to –

3          Q. With respect to this litigation, yes.

4          A. Not to my knowledge.

5   Exhibit E, Gary Abreim Deposition Testimony, pages 50-51.

6          It is clear that the named Plaintiff, the 2016 corporation California State

7   Grange, has suffered no injury. It does not own the property subject of the

8   infringement, conversion and trespass claims. It cannot claim lost dues where it

9   collects no dues (or any moneys whatsoever as it does not even have a bank account).

10  Plaintiff California State Grange simply has suffered no harm, no damages, and

11  therefore has no standing in this case. **All claims** asserted by the California State

12  Grange should therefore be dismissed.

13  **B. CALIFORNIA STATE GRANGE DOES NOT HAVE CAPACITY TO**

14  **SUE FOR THE CLAIMS ALLEGED**

15         In addition to being the real party in interest, a plaintiff must have capacity to

16  sue. FRCP 17(b). "Capacity" refers to a party's personal right to litigate in federal

17  court, whereas "real party in interest" refers to whether that person possesses the

18  substantive right being sued upon. *See* FRCP 17(b); *Esposito v. United States*, 368

19  F3d 1271, 1273 (10th Cir. 2014).

20         A corporation's capacity to sue or be sued is determined by the law under

21  which it was organized. FRCP 17(b)(2); *Paradise Creations, Inc. v. UV Sales, Inc*.

22  315 F.3d 1304, 1307 (Fed. Cir. 2003); *Lundquist v. University of South Dakota*

23  *Sanford School of Medicine*, 705 F3d 378, 380 (8th Cir. 2013). What constitutes an

24  "unincorporated association" for purposes of FRCP 17(b)(3)(A) is a question of

25  federal law. *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 819 (9th

26  Cir. 1996).

27         Here, even if the correct State entity is substituted (which it should not be at

28  this late stage of litigation) it is clear that neither California enitty (neither the Grange

11

1   of the State of California's Order of Patrons of Husbandry Chartered nor the named

2   California State Grange) is the real party in interest to any of the intellectual property

3   claims nor trespass or conversion claims. This is made crystal clear by the National

4   Grange's Digest of Laws and the deposition testimony of both Gary Abreim and

5   Leroy Watson.

6       The National Grange's Digest of Laws provides as follows:

7           4.18.1A: All registered and nonregistered trademarks, logos,

8       copyrights and other intellectual property relatd to, used by and

9       associated with the Order are the legal property of the National Grange,

10      including the following incontestable trademark registrations: Grange,

11      U.S. registration number 1,872,429; National Grange, U.S. registration

12      number 1,817,894; National Grange of the Order of Patrons of

13      Husbandry, U.S. reg number 1,816,827; and the Grange logo, U.S.

14      registration number 1,824,368, the Grange intellectual property. All

15      Grange intellectual property is held by the National Grange for the

16      furtherance of the general purpose of the order.

17      Exh. H, (Excerpt of 2014 National Grange Digest of Laws and 2018 National

18  Grange Digest of Laws (Exh. X & Y to Abreim depo)). *See also* Exh. E, pgs. 41-44.

19      Gary Abreim's testimony confirms this:

20          Q. Thank you. So it's not your position that the 2014 corporation

21      owns the rights to the trademark "Grange," correct?

22          …

23          A. The National Grange owns the logos. We're chartered to use

24      those logos.

25          Q. Correct. So your permission to call yourelf a Grange or

26      Grangers derives from the National Grange's ownership of that

27      trademark, correct?

28          …

12

1    Q. If you withdrew from the National Grange, the 2014

2    corporation could no longer call itself a Grange, correct?

3    …

4    A. If the 2014 withdrew? You are talking about having its charter

5    revoked?

6    Q. Sure.

7    A. Then it could no longer call itself a Grange.

8    Exh. E, Gary Abreim testimony at pgs. 39-40.

9    Indeed, the bylaws of the 2014 corporation confirm the same: "This Grange

10    may use its own logo, but expressly understands the word 'Grange' plus other listed

11    trademarks, logos, copyrights and other intellectual property are owned by the

12    National Grange and may only be used as stated in Chapter 4, Article 18 of the

13    National Grange's digest." Exhibit J at pg. 35. *See also* pages 37-40 of Gary Abreim

14    deposition. Plaintiff California State Grange does not dispute that it does not own the

15    "grange" marks but rather this property is only owned by Plaintiff National Grange:

16    Q. Okay. And we have already read section 17.2.1 of the 2014

17    corporations bylaws that –

18    A. Yes.

19    Q. – the intellectual property, including the word "Grange, is

20    owned by the National Grange, correct? And you understand that to be

21    the case.

22    [objection]

23    A. I understand that to be the case.

24    Q. That's why we're here today, right, because the Guild is no

25    longer allowed to use the word "Grange,", so says National Grange and

26    California State Grange, correct?

27    [objection]

28    A. Correct.

13

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    Exh. E, Gary Abreim deposition testimony, pg. 40.

2    Plaintiff National Grange's corporate representative testimony confirms this:

3    A. The National Grange, under its digest of laws, constitution and

4    bylaws, claims ownership of all intellectual property associated with the

5    entire Order of Patrons of Husbandry, which would be all of the Granges

6    of the national, state, county, and local levels.

7    Also, that digest of laws delegates use and management of

8    appropriate intellectual property to chartered state Grange

9    organizations…

10    Exh. K, Leroy Watson deposition testimony, pg. 39.

11    A. … "The digest of laws delegates the authority to act on behalf

12    of the entire Order of Patrons of Husbandry to the National Grange

13    chapter.

14    So when the National Grange files in this proceeding, it files as

15    both the incorporated national chapter entity and in its role as protector

16    of the entire goodwill of the organization known as the Order of Patrons

17    of Husbandry.

18    Exh. K, Leroy Watson deposition testimony, pg. 53.

19    A. Yes. The national chapter holds the rights to the registered and

20    common law trademarks and delegates under conditions that are outlined

21    in the National Grange digest of laws the delegation of those intellectual

22    property, including trademark rights, to the remainder of the Order of

23    Patrons of Husbandry, which consists of state Grange chapters, county

24    Grange chapters, local Grange chapters as a whole group.

25    Exh. K, Leroy Watson deposition testimony, pg. 68.

26    A. The charter sets forth the procedures designated in the National

27    Grange digest of laws the scope of operation of the state, county, local

28    chapters.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1    Q. And those charters convey a right to use the intellectual

2    proeprty in addition, correct?

3    A. The digest of laws contains language providing for the

4    delegation to charters. The charters themselves don't constitute an

5    agreement to use intellectual property. The charters constitute an

6    affiliation with the Order of Patrons of Husbandry, recognizing that the

7    Nationl Grange, through its implementation of the process and

8    procedures of the digest of laws, provides for the delegation of those

9    rights.

10   Exh. K, Leroy Watson deposition testimony, pg. 69.

11   According to Plaintiff National Grange, even ownership of the websites made

12   the basis of Plaintffs' copyright claims is governed by the digest of laws:

13   Q. The content of that website is the property of the National

14   Grange, is that correct?

15   A. The intellectual property is the property of the National

16   Grange, which was under the digest of laws delegated for use by the

17   chartered California State Grange.

18   Exh. K, Leroy Watson deposition testimony, pg. 87

19   Since both Plaintiffs' corporate representatives are absolutely crystal clear that

20   it is Plaintiff National Grange's Digest of laws that governs its intellectual property

21   rights, it is most instructive to look to the language of that document itself, which

22   clearly provides that only the National Grange owns its intellectual property and has

23   the enforcement rights over the same:

24   4.18.1 Ownership and Management of Registered and Non-

25   Registered Grange Trademarks, Logos, Trade Names, Copyrights and

26   Other Intellectual Property assocated with the Order of Patrons of

27   Husbandry.

28   (A) **All registered and non-registered trademarks, logos,**

15

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**copyrights and other intellectual property related to, used by and associated with, the Order are the legal property of the National Grange**, including the following incontestable trademark registrations: GRANGE (U.S. Registration No. 1,872,429), NATIONAL GRNGE (U.S. Registration No. 1,817,894), NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY (U.S. Registration No. 1,824,367) and the Grange Logo (U.S. Registration No. 1,824,368) (the "Grange Intellectual Property"). All Grange Intellectual Property is held by the National Grange for the furtherance of the general purposes of the Order.

(B) For the purposes of this section the traditional names of the officers of Granges of the various Divisions of the Order as well as any other names, phrases or terms associated with any or all of the various Divisions of the Order, including the Assembly of Demeter, that are found in the various National Grange copyrighted printed ritual instruction materials or that are found in any other works of the Order are the intellectual property of the National Grange and may only be used for the furtherance of the general purposes of the Order.

(C) **All authority and responsibility for developing and publishing guidelines, rules, regulations or prohibitions relatd to Grange intellectual property, including decisions related to the management, defense, lease, sale, license, transfer or abandonment of such intellectual property shall be veted in the National Grange board of directors _and shall be implemented by the National Master only_**; provided that no specfiic agreement to lease, sell, license, transfer or abandon any intellectual property related to, and associted with, the Order shall be made other than in writing.

4.18.2 License to use the Grange Intellectual Property.

16

1         (A) **Chartered State Granges**, Pomona Granges, Subordinate

2    Granges, Junior Granges as well as the Assembly of Demeter **may**

3    **generally use Grange Intellectual Property for purposes that further**

4    **the general purposes of the Order** subject to specific usage guidelines,

5    rules, regulations or prohibitions that may be adopted by the National

6    Grange Board of directors or the National Grange delegate body.

7    Exh. I (Exh. J to Watson depo).[3] (Emphasis added).

8        As the above-quoted and emphasized language of the Digest of Laws makes

9    clear, state level granges such as the 2014 corporation (which is not a party to this

10   case) and arguably the non-functioning 2016 corporation are only generally licensed

11   to use the Grange marks (including all trademarks and copyrights). Pursuant to

12   Section 4.18.1A ,ownership of the intellectual property exists **only with the Plaintiff**

13   **National Grange** and pursuant to Section 4.18.1C, **only the National Grange's**

14   **National Master** has the authroity to defend that intellectual property. The state level

15   entities simply have no standing to assert any intellectual property claims as relates to

16   the National Grange's intellectual property. Therefore, even if the 2016 corporation is

17   somehow found to have standing or the 2014 corporation is allowed to substitute in,

18   neither entity has standing to assert any intellectual property claims and summary

19   judgment as to claims I (false designtion of origin), II (federal false advertising), III

20   (California false advertising), VI (copyright infringement), VII (federal trademark

21   infringement), and VII (infringement of unregistered logo and trade dress) should be

22   granted.

23

24   [3] As the National Grange's corporate representative, Leroy Watson testified, this 2012

25   version of the digest of laws was in place at the time of the 2013 political dispute

26   whereby the 1946 corporation, the California Guild's charter was revoked. However,
     there have been no changes to these intellectual property provisions of any later

27   versions of the Digest of Laws, which are also included in Exhibit I. *See* Exh. I,

28   Leroy Watson testimony at pgs. 178-179.

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

## C.  PLAINTIFFS' RULE 30(b)(6) DEPOSITION TESTIMONY OF GARY ABREIM, AND LEROY WATSON ACT AS   CORPORATE ADMISSIONS WHICH CANNOT NOW BE CONTRADICTED

The testimony elicited at a Rule 30(b)(6) deposition represents the *knowledge of the corporation*, not of the individual deponents. The designated witness is '***speaking for the corporation***; i.e. the Rule 30(b)(6) designee is selected to present the corporation's position on the topic. *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996); *Board of Trustees of Leland Stanford Junior Univ. v. Tyco Intern. Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal., 2008) (With regard to choosing a deponent to speak on behalf of the corporation, a corporation has a duty to make a conscientious, good-faith effort to designate knowledgeable persons for such depositions and to prepare them to fully and answer questions about the designated subject matter without evasion).  In a Rule 30(b)(6) deposition, there is no distinction between the corporate representative and the corporation. *Id.* at 526; *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 74 (D.Conn., 2010) (Rule 30(b)(6) testimony "binds the corporation").  If the person designated by the corporation does not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation.  *U.S. v. Taylor, supra,* 166 F.R.D. 356, 361.

For all of these reasons, the Rule 30(b)(6) deposition testimony is construed as an admission by the corporation. *San Francisco BART Dist. v. Spencer*, 2006 WL 2734289, at *1 (N.D. Cal., 2006) ("The answers given by the person designated by the corporation in Rule 30(b)(6) deposition are binding on the corporation").  A given plaintiff may not oppose summary judgment with a declaration presenting facts that differ from those articulated by the Rule 30(b)(6) designee at the Rule 30(b)(6) deposition. *See Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F.Supp.2d 82, 95 (D.D.C. 1998) (barring affidavit in opposition to summary judgment which revised the position taken by the party at the 30(b)(6) deposition).

1    The rationale here is that, in choosing a deponent to speak on behalf of the

2    corporation, companies "have a duty to make a conscientious, good-faith effort to

3    designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them

4    to fully and unevasively answer questions about the designated subject matter."

5    *Sprint Communications Co., L.P. v. Theglobe.com, Inc*., 236 F.R.D. 524, 527-528 (D.

6    Kan. 2006). Because Rule 30(b)(6) explicitly requires a company to have persons

7    testify on its behalf as to all matters reasonably available to it, a 30(b)(6) deponent

8    has an unequivocal obligation to become educated on the matters concerning the

9    corporation, including review of all matters known or reasonably available to the

10   corporation. *Ibid*.; *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201

11   F.R.D. 33, 36 (D. Mass. 2001).

12   This level of preparation is necessary because the individuals deposed are

13   required to testify to the knowledge of the corporation, not the individual.

14   *Calzaturficio S.C.A.R .P.A.,* 201 F.R.D. at 37; *Berwind Prop. Group Inc. v.*

15   *Environmental Mgmt. Group. Inc*., 233 F.R.D. 62, 65 (D.Mass.2005). Moreover, the

16   corporation must provide its interpretation of documents and events. *United States v.*

17   *Taylor, 166 F.R.D.* 356, 361 (M.D.N.C., 1996), aff'd. 166 F.R.D. 367 (M.D.N.C.

18   1996), citing *Ierardi v. Lorillard, Inc.*, 1991 WL 158911 (E.D. Pa. 1991). "[I]t is not

19   uncommon to have a situation... where a corporation indicates that it no longer

20   employs individuals who have memory of a distant event or that such individuals are

21   deceased... These problems do not relieve a corporation from preparing its Rule

22   30(b)(6) designee to the extent matters are reasonably available, whether from

23   documents, past employees, or other sources." *United States v. Taylor, 166 F.R.D.*

24   *356 at 362*.

25   This interpretation of Rule 30(b)(6) "is necessary in order to make the

26   deposition a meaningful one and to **prevent the 'sandbagging' of an opponent by**

27   **conducting a half-hearted inquiry before the deposition but a thorough and**

28   **vigorous one before the trial**." *United States v. Taylor*, 166 F.R.D. at 362.  Likewise,

19

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

a company does not fulfill its obligations at the Rule 30(b)(6) deposition by stating that it has no knowledge or position with respect to a set of facts or area of inquiry within its knowledge or reasonably available.  *Id.*

Here, all corporate deponents testified to certain key points:

1. The 2016 corporation, which is the named state level plaintiff in this case (California State Grange) is merely a holding corporation. It collects no dues, has no bank accounts, and serves no operating function. [insert depo testimony excerpts].

2. It is the 2014 corporation [insert long name] (who is not a party to this lawsuit) that is the operating state level corporate entity of the National Grange and that has a charter from the National Grange. [insert depo testimony]

3. The 2014 corporation's right to use Plaintiff National Grange's intellectual property derives from its charter and bylaws, which in turn name the National Grange's Digest of Laws as providing their rights to use this property. [insert depo testimony]

4. The 2014 corporation's right to use Plaintiff National Grange's real property derives from its charter and bylaws, which in turn name the National Grange's Digest of Laws as providing their rights to use this property. [insert depo testimony]

5. Only the National Grange owns its intellectual property (including those copyrights and trademarks named in the lawsuit). [insert depo testimony]

6. Only the National Grange has the right to bring enforement actions related to its intellectual property. [insert depo testimony]

7. Should the 2014 corporation disaffiliate from the National Grange, it would have no right to use the National Grange's intellectual property (including those copyrights and trademarks made the basis of this lawsuit) or rel property. [insert depo testimony]

## IV. PLAINTIFF CALIFORNIA STATE GRANGE OFFERS NO SERVICES AND HAS NO CONTRACTS THEREFORE IT HAS NO STANDING TO ASSERT TRADE LIBEL OF INTENTIONAL INTERFERENE WITH CONTRACTUAL RELATIONS

As provided in great detail above, the named state level Plaintiff, the California State Grange, is merely a holding corporation for the name grnage. It provides no services, has no bank accounts, and is not an operating corporation. Rather, it is the 2014 corporation that is the California state level operational arm of Plaintiff National Grange. The named Plaintiff, California State Grange, cannot therefore assert trade libel that "Defendants are intentionally disparaging the quality of services offered by the California State Grange, causing pecuniary damage to the California State Grange … including, but not limited to, lost membership dues." (Doc. No. 75, First Amended Complaint at ¶ 104). It is undisputed that Plaintiff California State Grange offers no services and collects no dues. Summary judgment as to California State Grange's Count IV, Trade Libel, must therefore be granted.

Additionally, Count V of Plaintiffs' Complaint, Intentional Interference with Contractual Relations, depends on "the contractual relationship between Plaintiffs and the local Granges". (Doc. No. 75 at ¶¶ 110-112). However, it is undisputed, based on Plaintiff's coporate representative's testimony, that the named Plaintiff California State Grange has no contracts and serves no function except as a placeholder organization. It cannot therefore maintain a claim against Defendants for intentional interference with contractual relations where it has no such contractual relations. Summary Judgement as to Count V, Intentional Interference with Contractual Relations, as to Plaintiff California State Grange, must therefore be granted.

## V. PLAINTIFF CANNOT REASSERT A CLAIM FOR INFRINGEMENT OF "CSG" WHERE IT HAS ALREADY OBTAINED THIS RELIEF AND VOLUNTARILY WAIVED ALL DAMAGES ASSOCIATED THEREWITH.

### A. Plaintiff National Grange's Claims are Barred by Collateral Estoppel

The doctrine of collateral estoppel precludes re-litigation of issues decided in prior proceedings. *Kremer v. Chemical Constr. Co.,* 456 U.S. 461, 478 (1982). A component

21

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

corollary of the doctrine of res judicata, the doctrine of collateral estoppel (issue preclusion) precludes a party or privy of a party to prior litigation from re-disputing issues therein decided against him, even when those issues bear on different claims raised in a later case. Because Plaintiff National Grange voluntarily dismissed, with prejudice, damages related to its claims of infringement for its trademarks, specifically including but not limited to "grange" and "CSG", it cannot now attempt to subvert that dismissal and gain that very relief in this litigation.

In National Grange I, plaintiff asserted a claim against the Guild for false designation of origin under section 43(a) of the Lanham Act based on the Guild's alleged use of grange marks (including CSG) "to falsely suggest a connection to Plaintiff National Grange, in derogation of Plaintiff's rights." [National Grange I Complaint, ¶¶ 69, 70.] **In obtaining its summary judgment on this issue Plaintiff National Gange voluntarily waived any damages associated therewith,** as is made clear by this very court in its order granting Plaintiff's Motion for Summary Judgment:

> "***The parties now stipulate to plaintiff's voluntary dismissal with prejudice of its claims for damages*** and plaintiff seeks entry of final judgment and issuance of the permanent injunction.
>
> Plaintiff specifically requests that the court issue the following injunction:
>
> Plaintiff National Grange is granted final judgment permanently enjoining Defendant and its agents, affiliates, and assigns, or any party acting in concert with defendant and its agents, affiliates, and assigns, from using any name or mark containing the word "Grange," including without limtiation "Grange," "Granger," "California Grange," "California State Grange," ***or any word, acronym, abbreviation or initialism confusingly similar thereto, including*** without limitation "CG" and "***CSG***."

Exhibit "B" at pgs. 1-2.

The court's order clearly reflects that Plaintiff voluntarily dismissed, with prejudice, its

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1   claims for damages for infringement of "grange", "CSG" or ***any confusingly similar*** word,

2   acronym, abbreviation or initialism. Despite its voluntary dismissal of damages associated

3   with these claims, Plaintiff attempt to reassert them in this case.

4       -    Count VI of Plaintiffs' First Amended Complaint asserts Federal Trademark

5   Infringement based on Defendants' alleged use of the name "California State Grange" and

6   "CSG". *See* Doc. 55-2, First Amended Complaint at ¶ 129. This claim is clearly barred as

7   Plaintiff stipulated to dismissal of these claims, with prejudice, as set forth above.

8       -    Count I of Plaintiff's First Amended Complaint asserts federal False Designation

9   of Origin pursuant to the Lanham Act based on Defendants' alleged use of the name

10  "Grange". *See* Doc. 55-2, First Amended Complaint at ¶¶ 85-87. This claim is clearly barred

11  as Plaintiff stipulated to dismissal of these claims, with prejudice, as set forth above.

12      Plaintiff's claims of Count I federal false advertising and Count VI false

13  designation of origin have already been litigted and damages associated therewith were

14  voluntarily dismissed with prejudice. Summary judgment on these two claims should

15  therefore be granted.

16  **B. THE DOCTRINE AGAINST SPLITTING A CAUSE OF ACTION**

17  **WARRANTS DISMISSAL OF NATIONAL GRANGE'S CLAIMS**

18      The federal doctrine against claim-splitting precludes plaintiffs from suing

19  based on the same controversy as Fed Grange I.  The court has discretion to dismiss

20  duplicative lawsuits within the federal court system. *See Walton v. Eaton Corp.*, 563

21  F.2d 66 (3rd Cir. 1977).

22      The doctrine against claim splitting prohibits litigation in separate cases of

23  different legal theories arising out of the same common nucleus of fact, and "is, in

24  part, a rule of judicial economy that is imposed in particular cases as a matter of

25  discretion." *In re Wilson*, 104 B.R. 303, 304 (Bankr. E.D. Cal. 1989); *see also*

26  *Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F.Supp. 278 (D. Kan. 1988); *Koch v.*

27  *Koch Indus.*, 127 F.R.D. 206 (D. Kan. 1989).

28      The doctrine against splitting a cause of action provides that a party is "not at

Manning & Kass
Ellrod, Ramirez, Trester LLP
Attorneys at Law

1    liberty to split up his demand, and prosecute it by piecemeal, or present only a portion

2    of the grounds upon which special relief is sought, and leave the rest to be presented

3    in a second suit, if the first fail. There would be no end to litigation if such a practice

4    were permissible." *United States v. Haytian Republic*, 154 U.S. 118, 125, 14 S. Ct.

5    992, 38 L. Ed. 930 (1894) (emphasis added).  The "main purpose behind the rule

6    preventing claim splitting is 'to protect the defendant from being harassed by

7    repetitive actions based on the same claim.' " *Clements v. Airport Authority of*

8    *Washoe County*, 69 F.3d 321, 328 (9th Cir. 1995). Claim splitting prevents duplicate

9    cases *even if the earlier-filed action has not reached a conclusion or been reduced*

10   *to a final judgment*. *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3-*4 (C.D.

11   Cal. June 21, 2012).

12          In determining whether successive causes of action are the same, the Ninth

13   Circuit uses the transaction test, developed in the context of claim preclusion.

14   "Whether two events are part of the same transaction or series depends on whether

15   they are related to the same set of facts and whether they could conveniently be tried

16   together." *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992). The claim-

17   preclusion test borrowed for claim-splitting analysis is not limited to barring claims

18   that actually duplicate those asserted in a prior action, but also bars those claims that

19   could have been asserted. *Cook, supra.*, 2012 WL 2373258 at *3-*4. The District

20   Court in *Cook* explained the claim preclusion test as follows:

21          "Federal claim-preclusion law dictates that a later claim precludes an earlier

22   one if: 1) the causes of action and relief are the same in the two matters; and 2) the

23   parties or privies to the action are the same in the two matters. (citation omitted). The

24   first question entails a further four-prong transaction test that asks: 1) whether rights

25   or interests established in the prior judgment would be destroyed or impaired by

26   prosecution of the second action; 2) whether substantially the same evidence is

27   presented in the two actions; 3) whether the two suits involve infringement of the

28   same right; and 4) whether the two suits arise out of the same transactional nucleus of

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT, OR IN THE ALTERNATIVE SUMMARY ADJUDICATION

Manning&Kass
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

1  facts." *Id* at. *5-*6.

2  Here, the claims in this action and Fed Grange I appear to satisfy the four

3  prong test for determining that the causes of action and relief are the same.

4

5  **VI.   SUMMARY JUDGMENT IS APPROPRIATE AS TO THE NINTH CAUSE
       OF ACTION FOR CONVERSION AS TO THE STATE PLAINTIFF,**

6  **CALIFORNIA STATE GRANGE.**

7  Summary judgment is appropriate as to Plaintiff's ninth count for conversion

8  because it is essentially a request for this federal court to enforce a state court order in a

9  case that is currently on appeal.  Plaintiff's appropriate recourse would be to move in the

10  state court case to enforce that judgment – but the matter is on appeal and Plaintiff has

11  therefore improperly requested this honorable court to enforce the state court's judgment

12  while the matter is currently pending before the appellate court.

13  Bewilderingly, Plaintiff's entire cause of action for conversion arises from the

14  preliminary injunction it obtained in National Grange I, which was a trademark

15  infringement case and did not order the transfer of any real or personal property.  *See*

16  Compl. ¶¶ 145-148.  Somehow Plaintiff attempts to parlay the injunctive relief it

17  obtained in National Grange I into an order for Defendants to turn over "all personal

18  property in the possession of Defendant CSG".  But that order did not call for such relief

19  and as such Plaintiff fails to establish a cause of action for conversion.

20  Even if this court finds that Plaintiff's conversion claims are not barred by

21  collateral estoppel or res judicata, it is barred by the rule of the case doctrine, where the

22  appellate court's judgment would conclusively establish the rights of the parties as to the

23  property claimed by Plaintiff in this matter.

24

25  **VII.   CONCLUSION**

26  Defendants California Guild and Bob McFarland request that the Court grant their

27  Motion for Summary Judgment in its entirety for the reasons set forth herein. Plaintiff

28  California State Grange has no standing to assert any of the claims asserted in this lawsuit.

1 Moreover, Plaintiff National Grange is barred from reasserting claims that it has already

2 voluntarily waived all damages related to in National Grange I. Defendants therefore request

3 that this Honorable Court grant summary judgment against Plaintiff California State Grange

4 as to all counts asserted in the First Amended Complaint and against Plaintiff National

5 Grange as to: Count I, False Designation of Origin; Count VI Copyright Infringement, Count

6 VI, Federal Trademark Infringement, and Count VII, Infringement of Unregistered Logo and

7 Trade Dress.

8 DATED: June 4, 2018                    **MANNING & KASS**
                                        **ELLROD, RAMIREZ, TRESTER LLP**
9

10

11                                     By:    /s/ *Jenifer C. Wallis*
                                              _____
12                                            Anthony J. Ellrod
                                              Jenifer C. Wallis
13                                            Attorneys for Defendant CALIFORNIA
                                              GUILD, a California corporation, and Robert
14                                            McFarland, an individual

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW