MARTIN N. JENSEN (SBN 232231)
THOMAS L. RIORDAN (SBN 104827)
**PORTER SCOTT**
350 University Ave., Suite 200
Sacramento, CA 95825
Telephone: 916.929.1481
Facsimile: 916.927.3706
Email: mjensen@porterscott.com
Email: triordan@porterscott.com

JAMES L. BIKOFF (*Pro Hac Vice*)
BRUCE A. McDONALD (*Pro Hac Vice*)
HOLLY B. LANCE (*Pro Hac Vice*)
**SMITH, GAMBRELL & RUSSELL LLP**
1055 Thomas Jefferson Street, NW, Suite 400
Washington, D.C. 20007
Telephone:    202.263.4341
Facsimile:    202.263.4329
Email: jbikoff@sgrlaw.com
Email: bmcdonald@sgrlaw.com
Email: hlance@sgrlaw.com

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY and THE CALIFORNIA STATE GRANGE, its chartered California chapter,<br><br>                    Plaintiffs,<br>v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT McFARLAND,<br><br>                    Defendants. | Case No.  2:16-cv-00201-WBS-DB<br><br>*The Honorable William B. Shubb*<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:      August 6, 2018<br>Time:      1:30 p.m.<br>Ctrm:      5 |

# TABLE OF CONTENTS

I.      STANDARD OF REVIEW ................................................................................. 1

II.     ARGUMENT ................................................................................................. 2

    A.   The California State Grange is a Real Party in Interest and Has the Juridical Capacity to Assert the Claims Raised in This Action. ............................................. 2

        1.   Defendants' Argument is Untimely. ........................................................... 4

        2.   The California State Grange Has the Capacity to Bring Intellectual Property Claims as the Chartered California Chapter of the National Grange Regardless of its Corporate Status................................................... 4

        3.   Defendants' Trade Libel and Intentional Interference of Contractual Relations Arguments are Based on the Same False Assumption that the 2016 Corporation is the Plaintiff ................................................................... 7

    B.   The California State Grange Has Standing to Raise the Claims Asserted in this Action. ....................................................................................................................... 7

        1.   False Designation of Origin (Lanham Act § 43(a)(1)(A)) ........................... 8

        2.   False Advertising (Lanham Act § 43(a)(1)(B)) ......................................... 11

        3.   California False Advertising (Cal. Bus. & Prof. Code § 17500) ............... 12

        4.   Federal Trademark Infringement (Lanham Act § 32(1)) ........................... 13

        5.   Copyright Infringement (17 U.S.C. § 501(a)) ........................................... 14

        6.   Trade Libel ................................................................................................. 14

        7.   Conversion and Trespass ............................................................................ 16

    C.   The National Grange's Claims Are Not Precluded by the Doctrine Against Splitting a Cause of Action. ................................................................................... 18

        1.   Impairment of Rights or Interests Established in the Prior Judgment ....... 19

        2.   Different Evidence ...................................................................................... 20

        3.   Infringement of the Different Rights .......................................................... 20

        4.   Different Transactional Nucleus of Facts ................................................... 21

III.    CONCLUSION ............................................................................................ 22

1

## TABLE OF AUTHORITIES

2

**Cases**

*Ahmed v. Hosting.com,*
  28 F. Supp. 3d 82 (D. Mass. 2014) ........................................................................ 10

*Allen v. Wright,*
  468 U.S. 737 (1984) ................................................................................................ 10

*Allstate Ins. Co. v. Allstate Inc. Co.,*
  307 F. Supp. 1161 (N.D. Tex. 1969) ...................................................................... 19

*Am. Ass'n of Naturopathic Physicians v. Hayhurst,*
  227 F.3d 1104 (9th Cir. 2000) ................................................................................ 19

*Am. Soc'y of Anesthesiologists v. VecMD, LLC,*
  No. 15-cv-600-BAS (JLB), 2016 WL 4257448 (C.D. Cal. Mar. 31, 2016) ............ 12

*Applied Hydrogel Tech., Inc. v. Raymedica, Inc.,*
  No. 06-cv-2254 DMS (POR), 2008 WL 11339962 (S.D. Cal. June 23, 2008) ........ 17

*Arthur Rutenberg Homes, Inc. v. Maloney,*
  891 F. Supp. 1560 (M.D. Fla. 1995) .................................................................. 5, 14

*Beijing Tong Ren Tang (USA) Corp. v. TRT USA Corp.,*
  No. C-09-00882 RMW, 2010 WL 890048 (N.D. Cal. Mar. 8, 2010) ...................... 16

*Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.,*
  402 U.S. 313 (1971) ................................................................................................ 19

*Bros. of Wheel M.C. Exec. Council, Inc. v. Mollohan,*
  909 F. Supp. 2d 506 (S.D. W. Va. 2012) ............................................................... 19

*Burlesci v. Petersen,*
  80 Cal. Rptr. 2d 704 (Ct. App. 1998) ..................................................................... 16

*Campbell v. Bd. of Trustees of Leland Stanford Junior Univ.,*
  817 F.2d 499 (9th Cir. 1987) .............................................................................. 5, 14

*City of L.A. v. Cnty. of Kern,*
  581 F.3d 841 (9th Cir. 2009) .................................................................................... 2

*Committee for Idaho's High Desert, Inc. v. Yost,*
  92 F.3d 814 (9th Cir. 1996) ................................................................................. 6, 16

*Conan Props., Inc. v. Conans Pizza, Inc.,*
  752 F.2d 145 (5th Cir. 1985) ................................................................................... 20

*Cook v. C.R. England, Inc.,*
  No. CV 12-3515-GW(CWx), 2012 WL 2373258 (C.D. Cal. June 21, 2012) ......... 18

*Costantini v. Trans World Airlines,*
  681 F.2d 1199 (9th Cir. 1982) ........................................................................... 19, 21

*Davis v. Fed. Election Comm'n*,
  554 U.S. 724 (2008) ......................................................................................................... 1

*De Saracho v. Custom Food Mach., Inc.*,
  206 F.3d 874 (9th Cir. 2000) ........................................................................................... 4

*Droke House Publishers, Inc. v. Aladdin Distrib. Corp.*,
  360 F. Supp. 311 (N.D. Ga. 1973) ............................................................................ 5, 14

*Dunmore v. United States*,
  358 F.3d 1107 (9th Cir. 2004) .......................................................................................... 3

*Ed Brawley, Inc. v. Gaffney*,
  399 F. Supp. 115 (N.D. Cal. 1975) ............................................................................ 5, 14

*English & Sons, Inc. v. Straw Hat Restaurants Inc.*,
  No. 3:15-cv-01382-LB, 2015 WL4239072 (N.D. Cal. July 11, 2015) ..................... 13

*Erlich v. Etner*,
  36 Cal. Rptr. 256 (Ct. App. 1964) ................................................................................ 14

*Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*,
  421 F.2d 1313 (5th Cir. 1970) ...................................................................................... 21

*First Nat'l Bank in Sioux Falls v. First Nat'l Bank S. Dakota*,
  679 F.3d 763 (8th Cir. 2012) ........................................................................................ 22

*Frank v. United Airlines, Inc.*,
  216 F.3d 845 (9th Cir. 2000) .................................................................................. 18, 19

*Gospel Missions of Am. v. City of L.A.*,
  328 F.3d 548 (9th Cir. 2003) ........................................................................................ 19

*Gutierrez v. Chung*,
  No. 1:12-cv-01854 LJO-SGA, 2013 WL 655141 (E.D. Cal. Feb. 1, 2013) .............. 19

*H.J., Inc. v. Int'l Telephone & Telegraph Corp.*,
  867 F.2d 1531 (8th Cir. 1989) ...................................................................................... 17

*Halicki Films, LLC v. Sanderson Sales & Marketing*,
  547 F.3d 1213 (9th Cir. 2008) ...................................................................................... 12

*Halicki v. United Artists Commc'ns, Inc.*,
  812 F.2d 1213 (9th Cir. 1987) ...................................................................................... 11

*Heerema Marine Contractors v. Santa Fe Int'l. Corp.*,
  No. CV 84-1249 MRP, 1984 WL 21891 (C.D. Cal. Sept. 17, 1984) ........................ 21

*Hernandez v. Lopez*,
  103 Cal. Rptr. 3d 376 (Ct. App. 2009) ........................................................................ 16

*In re Wilson*,
  104 B.R. 303 (E.D. Cal. 1989) ..................................................................................... 18

*Indep. Nail & Packing Co.*,
   215 F.2d 434 (7th Cir. 1954)..................................................................................... 20

*Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*,
   No. C 12-05523 WHA, 2013 WL 1007666 (N.D. Cal. Mar. 13, 2013) ................................... 13

*Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*,
   No. 10–61856–CIV, 2011 WL 7807548 (S.D. Fla. July 26, 2011) ..................................... 5, 14

*Keaton v. Kingsburg Chamber of Commerce*,
   No. FO34967, 2002 WL 140523 (Cal. Ct. App. Jan. 29, 2002) ........................................ 17

*Koch v. Koch Indus.*,
   127 F.R.D. 206 (D. Kan. 1989).................................................................................. 18

*Kortz v. 578539 B.C., Ltd.*,
   No. CV 14-04375 MMM (MANx), 2015 WL 12670488 (C.D. Cal. Apr. 10, 2015) ............ 9, 13

*Kournikova v. Gen. Media Commc'ns, Inc.*,
   278 F. Supp. 3d 1111 (C.D. Cal. 2013) ....................................................................... 11

*Kremen v. Cohen*,
   337 F.3d 1024 (9th Cir. 2003).................................................................................... 17

*Kwikset Corp. v. Superior Court*,
   246 P.3d 877 (Cal. 2011) ......................................................................................... 12

*Lanier v. Clovis Unified School Dist. Bd. of Educ.*,
   No. 1:11-cv-01613, 2012 WL 1355674 (E.D. Cal. Apr. 18, 2012) ..................................... 19

*Lawlor v. Nat'l Screen Serv. Corp.*,
   349 U.S. 322 (1955) ................................................................................................ 22

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
   572 U.S. 118, 134 S. Ct. 1377 (2014)................................................................ 10, 11, 12, 16

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .................................................................................................. 1

*Lundgren v. AmeriStar Credit Solns., Inc.*,
   40 F. Supp. 3d 543 (W.D. Pa. 2014)............................................................................ 10

*Luxul Tech. Inc. v. Nectarlux, LLC*,
   78 F. Supp. 3d 1156 (N.D. Cal. 2015) ....................................................................... 9, 12

*Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*,
   779 F.3d 102 (2d Cir. 2014)...................................................................................... 21

*Marco Bicego S.P.A. v. Kantis*,
   No. 17-cv-00927-SI, 2017 WL 2651985 (N.D. Cal. June 20, 2017)...................................... 10

*Mars, Inc. v. Trurx LLC*,
   No. 6:13-cv-5626-RWS-KNM, 2016 WL 4034803 (E.D. Tex. Mar. 14, 2016) ...................... 13

*Merrill Lodge No. 299, Independent Order of Good Templars v. Ellsworth,*
   20 P. 399 (Cal. 1889) ............................................................................................... 17

*Migra v. Warren City School Dist. Bd. of Educ.,*
   465 U.S. 75 (1984) ................................................................................................... 19

*Morrow v. Microsoft Corp.,*
   499 F.3d 1332 (Fed. Cir. 2007) ................................................................................. 2

*Nat'l Grange of Order of the Patrons of Husbandry v. Cal. Guild,*
   226 Cal. Rptr. 3d 398 (Ct. App. 2017) ..................................................................... 16

*Oral-B Labs., Inc. v. Mi-Lor Corp.,*
   810 F.2d 20 (2d Cir. 1987) ....................................................................................... 20

*Oxbow Energy, Inc. v. Koch Indus., Inc.,*
   686 F. Supp. 278 (D. Kan. 1988) ............................................................................. 18

*Planned Parenthood Fed'n, Inc. v. Problem Pregnancy of Worcester, Inc.,*
   398 Mass. 480 (1986)................................................................................................ 19

*Pom Wonderful LLC v. Coca-Cola Co.,*
   679 F.3d 1170 (9th Cir. 2012) .................................................................................. 12

*Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8,*
   113 Cal. Rptr. 3d 88 (Ct. App. 2010), *rev'd on other grounds,* 290 P.3d 1116 (Cal. 2012) ..... 16

*Ries v. Ariz. Beverages USA LLC,*
   287 F.R.D. 523 (N.D. Cal. 2012) ............................................................................. 12

*Russell v. Price,*
   448 F. Supp. 303 (C.D. Cal. 1977), *aff'd* 612 F.2d 1123 (9th Cir.1979),
   *cert. denied,* 446 U.S. 952 (1980)) .................................................................... 5, 14

*Sassanati v. Int'l Lease Finance Corp.,*
   51 F. Supp. 3d 887 (C.D. Cal. 2014) ......................................................................... 4

*See In re Gen. Teamsters, Warehouseman & Helpers Union Local 890,*
   225 B.R. 719 (N.D. Cal. 1998) ................................................................................. 17

*Storey v. Cello Holdings, L.L.C.,*
   347 F.3d 370 (2d Cir. 2003) ..................................................................................... 22

*Stover v. Farmers' Educ. & Co-op Union of Am.,*
   250 F.2d 809 (8th Cir. 1958) .................................................................................... 21

*Sugar Busters LLC v. Brennan,*
   177 F.3d 258 (5th Cir. 1999) .................................................................................... 18

*Tomei v. Finley,*
   512 F. Supp. 695 (N.D. Ill. 1981) ............................................................................ 19

*TrafficSchool.com, Inc. v. Edriver, Inc.,*
   653 F.3d 802 (9th Cir. 2011).................................................................................... 11

*U.S. ex rel. Reed v. Callahan,*
    884 F.2d 1180 (9th Cir. 1989)........................................................................... 4

*U.S. Jaycees v. S.F. Junior Chamber of Commerce,*
    354 F. Supp. 61 (N.D. Cal. 1972), *aff'd,* 513 F.2d 1226 (9th Cir. 1975).................................. 19

*U-Haul Int'l., Inc. v. Jartran, Inc.,*
    793 F.2d 1034 (9th Cir. 1986)....................................................................... 5, 6

*Ultrapure Sys., Inc. v. Ham–Let Grp.,*
    921 F. Supp. 659 (N.D. Cal. 1996) ................................................................ 13

*V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas LLC,*
    No. 2:14-cv-02961-TLN-CKD, 2016 WL1268008 (E.D. Cal. Mar. 31, 2016)......................... 20

*Waits v. Frito-Lay, Inc.,*
    978 F.2d 1093 (9th Cir. 1992)............................................................. 9, 10, 11, 12

*Walton v. Eaton Corp.,*
    563 F.2d 66 (3d Cir. 1977) ......................................................................... 18

*Warth v. Seldin,*
    422 U.S. 490 (1975) .............................................................................. 1, 3

*Wella Corp. v. Wella Graphics, Inc.,*
    37 F.3d 46 (2d Cir. 1994).......................................................................... 20

*Western Sys., Inc. v. Ulloa,*
    958 F.2d 864 (9th Cir. 1992)....................................................................... 18

*Whelan v. Abell,*
    953 F.2d 663 (D.C. Cir. 1992) ....................................................................... 6

*Wolfard Glassblowing Co. v. Vanbragt,*
    118 F.3d 1320 (9th Cir. 1997)...................................................................... 19

*Zip Dee, Inc. v. Dometic Corp.,*
    886 F. Supp. 1427 (N.D. Ill. 1995) ................................................................. 21

**Statutes**
15 U.S.C. § 1025 ..................................................................................... 13

15 U.S.C. § 1125 ...................................................................................... 9

Fed. R. Civ. P. 17 ..................................................................................... 3

**Other Authorities**
3 McCarthy on Trademarks and Unfair Competition (5th ed.)............................................. 22, 23

6A Wright and Miller, Fed. Prac. & Proc. Civ. §1541 (3rd ed.)............................................. 4

Kim J. Landsman, Daniel C. Glazer, Irene C. Treloar, *Standing and Joinder Considerations in Trademark Litigation and Licenses,* 99 Trademark Rep. 1437 (2009)........................................ 6

PLS' OPPOSITION TO DFS'
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2-16-cv-00201-WBS-DB

1   Defendants argue that (1) the California State Grange has no standing to bring any of the

2   claims it has asserted and is not a real party in interest, and (2) the National Grange is precluded

3   from re-litigating claims that it voluntarily dismissed in *Grange I*.  Defendants' first argument is

4   mistaken because the California State Grange has standing in its own right as the exclusive

5   California licensee and chapter of the National Grange, irrespective of its corporate status, and

6   because it is joined in this action by the National Grange.  The second argument, which was

7   rejected by the Court in denying Defendants' motion to dismiss, is mistaken because the

8   voluntary dismissal of claims by the National Grange in *Grange I* did not preclude a subsequent

9   cause of action for different violations of different rights, under different facts, all commencing

10   after entry of the permanent injunction in *National Grange of the Order of Patrons of Husbandry*

11   *v. California State Grange* ("*Grange I*").[1]

## I.     STANDARD OF REVIEW

13    "To qualify for standing, a claimant must present an injury that is concrete, particularized,

14   and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be

15   redressed by a favorable ruling."  *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008).

16   Article III standing is a "threshold question in every federal case, determining the power of the

17   court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490 (1975).  The inquiry into standing,

18   however, "involves both constitutional limitations on federal-court jurisdiction and prudential

19   limitations on its exercise."  *Warth*, 422 U.S. at 498. "In its constitutional dimension, standing

20   imports justiciability: whether the plaintiff has made out a 'case or controversy' between himself

21   and the defendant within the meaning of Art[icle] III."  *Id.*  Beyond the "irreducible constitutional

22   minimum of standing," *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), the Supreme

23   Court recognizes other prudential limitations on the class of persons who may invoke the courts'

24   decisional remedial powers, including the requirement that a party must assert its own legal

25   interest as the real party in interest.  *Warth*, 422 U.S. at 499.  To obtain relief in federal court, a

26   party must meet both the constitutional and prudential requirements for standing.  *Morrow v.*

---

[1]    Mem. & Order, November 15, 2016 (Dkt. # 106).

1  *Microsoft Corp.*, 499 F.3d 1332, 1339 (Fed. Cir. 2007).  Unlike Article III standing, prudential

2  standing is not a matter of the Court's jurisdiction, and may be waived.  *City of L.A. v. Cnty. of*

3  *Kern*, 581 F.3d 841, 846 (9th Cir. 2009).

4  **II.   ARGUMENT**

5        **A.   The California State Grange is a Real Party in Interest and Has the Juridical
6  Capacity to Assert the Claims Raised in This Action.**

7        The California State Grange is a historic institution in California and the United States,

8  not a 2014 corporation or a 2016 corporation.  It was chartered by the National Grange in 1873

9  and incorporated in 1946 as the California chapter and exclusive licensee of the National Grange.

10 Huber Decl., ¶ 15, Dkt. # 54-6, p. 7.  The 1873 charter of the California State Grange appears as

11 follows:

12 

20 *Id.* ¶ 16, Dkt. # 54-6, p. 7; *see also id.* at 7-8 (quoting the language appearing in the charter).

21       Defendants argue that the California State Grange is not the real party in interest because

22 it is merely a "holding corporation" for the name "California State Grange."  Dkt. # 210-1 at 6.

23 Defendants are referring to the 2016 California corporation named the "California State Grange,"

24 which Plaintiffs created to safeguard the corporate registration of the name "California State

25 Grange" with the California Secretary of State after Defendants relinquished the name in 2016 in

26 compliance with the Court's order dated April 20, 2016, in *Grange I* (Dkt. # 138).  The California

27 State Grange, however, is not a "holding corporation."  The California State Grange is the

28 chartered California chapter of the National Grange, and exists independently of any corporation.

PLS' OPPOSITION TO DFS'
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2-16-cv-00201-WBS-DB

1   Defendants argue that the "real party in interest," which cannot be added as a party

2   plaintiff at this late date, is the 2014 California corporation incorporated under the name "Grange

3   of the State of California's Order of Patrons of Husbandry, Chartered."   This corporation was

4   incorporated by Plaintiffs because Defendants refused to relinquish the 1946 corporate

5   registration of the "California State Grange" with the California Secretary of State.  Again, there

6   is no support for this argument, because the party in interest is the California State Grange, not a

7   2014 or 2016 corporation. Defendants' argument boils down to a false interpretation of Rule 17

8   of the Federal Rules of Civil Procedure, which provides that "[a]n action must be prosecuted in

9   the name of the real party in interest."  Fed. R. Civ. P. 17(a).  "The purpose of this rule is to

10  enable the defendant to present his defenses against the proper persons, to avoid subsequent suits,

11  and to proceed to finality of judgment."  6A Wright and Miller, Fed. Prac. & Proc. Civ. §1541

12  (3rd ed.) (citing authorities). Rule 17 is an accoutrement of prudential standing, which requires a

13  plaintiff to assert his or her own legal interests as the real party in interest. *Dunmore v. United*

14  *States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (citing *Warth*, 422 U.S. at 499).

15  Defendants' citation to the deposition of Gary Abreim to demonstrate that the "2014

16  corporation" is the real party in interest is frivolous.  At the introduction of his deposition, he was

17  asked, "Now, you are here on behalf of the California State Grange, correct?," to which he

18  responded "Yes."  Dep. Tr. 25:17-19.  Later, Mr. Abreim was asked about his involvement in the

19  incorporation of the "2014 corporation" and "2016 corporation."  *Id*. at 34:4-19.  Directly after,

20  he was asked "Which entity are you here on behalf of today"?  *Id*. at 34:20.  Plaintiffs' counsel

21  objected to this question because it assumes a fact not in evidence, namely, that Mr. Abreim was

22  there on behalf of a particular corporation rather than the California State Grange *organization*.

23  *Id*. at 34:21-22.  He later explained that the "2014 [corporation] was the reorganized California

24  State Grange."  *Id*. at 35:10-11.

25  In summary, there is no support in the First Amended Complaint or elsewhere in the

26  record for Defendants' argument that this action was brought in the name of the "2016

27  corporation."  The action was brought in the name of the California State Grange.  Moreover, as

28  between the 2014 and 2016 corporation, Mr. Abreim's testimony makes it clear that the 2014

PLS' OPPOSITION TO DFS'
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2-16-cv-00201-WBS-DB

corporation is the California State Grange for relevant purposes, all of which is in direct conflict

with Defendants' argument that the litigation was brought in the name of the wrong plaintiff.

### 1.   Defendants' Argument is Untimely.

The objection that a plaintiff is not the real party in interest is an affirmative defense that

is waived if not raised in "a timely manner." *U.S. ex rel. Reed v. Callahan*, 884 F.2d 1180, 1183

n.4 (9th Cir. 1989); *Sassanati v. Int'l Lease Finance Corp.*, 51 F. Supp. 3d 887, 908 n.55 (C.D.

Cal. 2014).  If an opposing party intends to raise the issue of capacity or authority to sue, it must

do so "by a specific denial." Fed. R. Civ. P. 9(a)(2).  The specific denial "must be made in the

responsive pleading or by motion before pleading." *De Saracho v. Custom Food Mach., Inc.*, 206

F.3d 874, 878 (9th Cir. 2000) (quotation omitted).

Defendants long ago waived any objection that the 2014 California corporation is the real

party in interest.  The existence and particulars of the 2014 corporation have been known to

Defendants since the commencement of this litigation as evidenced in multiple filings and orders.

*See, e.g.,* Defs.' Motion to Dismiss, Aug. 31, 2016, Dkt. # 77 at 9 (identifying the 2014

corporation as the "Grange of the State of California's Patrons of Husbandry Chartered" and

referring to it as the "the newly chartered state organization" or the "the new state organization"

which was "created in 2014 as the new chartered state affiliate organization of the national

organization.").  Accordingly, Defendants' argument is untimely.

### 2.   The California State Grange Has the Capacity to Bring Intellectual Property Claims as the Chartered California Chapter of the National Grange Regardless of its Corporate Status.

Defendants additionally argue that the California State Grange is not the real party in

interest because it lacks the capacity to bring intellectual property claims.  The real party in

interest, however, is identified in Article 4.18.2 of the National Grange's Constitution and Digest

of Laws as the *chartered California chapter of the National Grange*, not a 2014 or 2016

California corporation or any other corporate entity.  Article 4.18.2, entitled "License to Use

Grange Intellectual Property," provides:

(A)      *Chartered State Granges* . . . may . . . use Grange Intellectual Property for purposes that further the general purposes of the Order subject to specific usage guidelines, rules, regulations or prohibitions that may be adopted by the National Grange ..[.]

Declaration of Betsy Huber, Exhibit 1, Dkt. # 54-6 at p. 60 (emphasis added).

As the exclusive licensee to use the Grange Intellectual Property at the state level in California, the California State Grange has the capacity to bring intellectual property claims on its own behalf.  Even if Defendants could show that the California State Grange lacks a sufficient ownership interest to confer standing to assert a claim under Lanham Act Section 32(1), or any of the other claims for infringement of intellectual property rights owned by the National Grange, that fact would be irrelevant because the National Grange is joined as a plaintiff in the present action.  Joinder of the intellectual property owner with the licensee eliminates standing as an issue in connection with Plaintiffs' trademark and unfair competition claims[2] as well as their copyright claims.[3]

Defendants cite three cases to support their argument that the California State Grange is not the real party in interest.  In the first one, *U-Haul Int'l., Inc. v. Jartran, Inc.*, 793 F.2d 1034, 1039 (9th Cir. 1986), the court held that the plaintiff trademark owner was not the real party in interest for the purpose of allocating damages incurred by the plaintiff's members, which is

---

[2]      *See Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, No. 10–61856–CIV, 2011 WL 7807548, at *4 (S.D. Fla. July 26, 2011) (holding that there was no "need to rule on the defendants' standing argument because the alleged standing deficiency [would] be cured and the argument rendered moot by [requiring] the plaintiff ... join all other co-owner(s) of the mark."); Kim J. Landsman, Daniel C. Glazer, Irene C. Treloar, *Standing and Joinder Considerations in Trademark Litigation and Licenses,* 99 Trademark Rep. 1437, 1449 n.51 (2009) (collecting numerous cases holding that a trademark licensor must be joined as a necessary and indispensable party in Lanham Act claims brought by licensees).

[3]      *See Campbell v. Bd. of Trustees of Leland Stanford Junior Univ.*, 817 F.2d 499, 504 n.2 (9th Cir. 1987) (holding that under the Copyright Act, "an exclusive licensee has standing to sue for infringement, provided he joins the legal owner as a party.") (citing *Russell v. Price*, 448 F. Supp. 303, 305 (C.D. Cal. 1977), *aff'd* 612 F.2d 1123 (9th Cir.1979), *cert. denied,* 446 U.S. 952 (1980)); *Ed Brawley, Inc. v. Gaffney*, 399 F. Supp. 115, 116 (N.D. Cal. 1975); *Droke House Publishers, Inc. v. Aladdin Distrib. Corp.*, 360 F. Supp. 311, 312 (N.D. Ga. 1973).  Even if [plaintiff] were a nonexclusive licensee, any putative defect in [plaintiff's] standing to sue is cured by joinder of the copyright owner as a plaintiff in this suit." *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1562 n.1 (M.D. Fla. 1995).

1  irrelevant here because the trademark owner (the National Grange) and its member (the California

2  State Grange) are both parties and suffered damages collectively.[4]

3      The second case cited by Defendants, *Committee for Idaho's High Desert, Inc. v. Yost*, 92

4  F.3d 814, 819 (9th Cir. 1996), contradicts their argument.  In *Yost,* the court held that a nonprofit

5  environmental organization which had inadvertently forfeited its corporate status by failing to file

6  an annual report with the California Secretary of State was an "unincorporated association" that

7  could bring a federal trademark infringement and unfair competition action against defendants

8  who had adopted the organization's name, regardless of the organization's capacity to sue under

9  state law. *Id.* at 819-20. If the plaintiff association in *Yost* was not precluded from asserting

10  claims due to the *forfeiture* of its corporate status, then the California State Grange cannot be

11  precluded from asserting a claim due to the *misappropriation* of its corporate status.

12      The third case, *Whelan v. Abell*, 953 F.2d 663 (D.C. Cir. 1992), also contradicts

13  Defendants' argument.  In *Whelan,* the court rejected an argument that claims for the lost value of

14  investment in a corporation should have been pursued by the corporation and not by corporate

15  shareholders because it did not raise an issue of standing but only a question of real-party-in-

16  interest. 953 F.2d at 671-72.  The court held additionally that the real-party-in-interest defense is

17  not one which can be raised at any time, as the real party must have the opportunity to step into

18  the "unreal" party's shoes and should not be prejudiced by undue delay. *Id.* at 672.  In summary,

19  Defendants have no grounds to argue that the 2014 corporation and not the California State

20  Grange is the real party in interest, and their arguments about standing are similarly frivolous.

21

22

23

24

25      [4]    *See U-Haul,* 793 F.2d at 1039 (holding that that the corporate entity which owned

26  the "U-Haul" trademark and which operated as a clearinghouse for distribution of moving trucks
and trailers could not be the real party in interest for purposes of allocating a damage award for

27  false comparative advertising among individual members of its system, and that remand was
necessary to permit the trademark holder to obtain ratification or joinder of the absent members).

28

PLS' OPPOSITION TO DFS'
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2-16-cv-00201-WBS-DB

**3.    Defendants' Trade Libel and Intentional Interference of Contractual Relations Arguments are Based on the Same False Assumption that the 2016 Corporation is the Plaintiff**

Defendants claim that the California State Grange is estopped from asserting trade libel because "Plaintiff California State Grange offers no services and collects no dues."  Defs' Mem. in Support of Summ. J., Dkt. # 210-1 at 26.  This argument suffers from the same defect as Defendants' arguments regarding the intellectual property claims, namely, the incorrect assumption that the California State Grange is the "2016 corporation."  As explained above, the California State Grange is identified in the First Amended Complaint as the "chartered California chapter of the National Grange."  Am. Compl. ¶ 2, Dkt. # 75 at 2.  Accordingly, this argument has no merit.[5]

**B.    The California State Grange Has Standing to Raise the Claims Asserted in this Action.**

Plaintiffs assert causes of action for (1) false designation of origin under Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A); (2) false advertising under § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B); (3) California false advertising under Cal. Bus. & Prof. Code § 17500; (4) federal trademark infringement under Lanham Act §32(1), 15 U.S.C. § 1114(1); (5) copyright infringement under 17 U.S.C. § 501(a); (6) trade libel; (7) conversion; and (8) trespass. Defendants allege that the California State Grange lacks both "Article III" and "prudential" standing to bring these claims.  However, Defendants merely provide the elements of "Article III" standing without explaining why there is no case or controversy.  *See* Defs' Mem. in Support of Mot. for Summ. J., Dkt. # 210-1 at 10.  Defendants' "prudential" standing argument, in turn, is based on the false assumption that the California State Grange is appearing in the form of a 2016 corporation as discussed above.

---

[5]    Oddly, Defendants continue to dispute the merits of Plaintiffs' claim for intentional interference with contractual relations, although that claim was dismissed by the Court in November 2016.  *See* Mem. & Order re: Mot. to Dismiss, Dkt. # 106 at 19-20.

1.      **False Designation of Origin (Lanham Act § 43(a)(1)(A))**

Section 43(a) of the Lanham Act provides separate causes of action for false designation of origin (or "false association") and false advertising.  The false designation of origin ("false association") prong appears in Section 43(a)(1)(A):

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A)     is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . .
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1)(A).

Plaintiffs allege that Defendants, since the permanent injunction in *Grange I,* violated Section 43(a)(1)(A) by their unauthorized use of the common law mark "CSG";[6] their unauthorized use of the former phone numbers of the California State Grange;[7] copying the "look and feel" of the California State Grange's website and brochure;[8] and their misappropriation of the history, reputation and goodwill of the California State Grange.[9]  As between the two Plaintiffs, this unlawful conduct was targeted at the California State Grange, as illustrated by the logo that Defendants adopted after the permanent injunction:

---

[6]      *See* Plaintiffs' Memorandum of Points and Authorities (Dkt. # 208-1), at 6.

[7]      *Id.* at 8.

[8]      *Id.*

[9]      *Id.* at 10.

| Pre-Injunction<br>**Komski Decl., Ex. 1, Dkt. # 54-3, pp. 2-10** | Post-Injunction<br>**Komski Decl., Ex. 2, Dkt. # 54-3, pp. 12-26** |
|---|---|
|  |  |

Declaration of Ed Komski, ¶ 11, Dkt. # 54-2, p. 6.

Instead of challenging Plaintiffs' evidence, Defendants argue that the California State Grange lacks standing to bring a Section 43(a) claim because it is not the owner of the GRANGE trademark or other asserted intellectual property and because it is the wrong corporate entity to be asserting such claims. "Under Section 43(a), however, a plaintiff need not be the owner of a registered trademark in order to have standing to sue." *Kortz v. 578539 B.C., Ltd.*, No. CV 14-04375 MMM (MANx), 2015 WL 12670488, at * 8 (C.D. Cal. Apr. 10, 2015) (citing authorities).

As the exclusive chartered chapter and licensee of the National Grange in California since 1873, the California State Grange has a commercial interest in the history, reputation and goodwill of the National Grange that is sufficient for purposes of standing. "[P]arties with a commercial interest in the product wrongfully identified with another's mark ... or with a commercial interest in the misused mark" have standing to bring a Lanham Act unfair competition claim. *Waits v. Frito-Lay, Inc.*, 978 F.2d 1093 (9th Cir. 1992). Therefore, even if the National Grange were not joined as co-plaintiff, the California State Grange would have standing by reason of lost sales and damage to its reputation resulting proximately from Defendants' deceptive designations regarding the origin of, and their association with, the history, reputation and goodwill of the California State Grange. *See Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015) (holding that plaintiff alleged standing under Section 43(a) where "Plaintiff has alleged lost sales and profits, and damage to its reputation, as a result of Defendants' misbranding of Plaintiff's products, false advertising, and misrepresentations to third-parties regarding Plaintiff's alleged legal troubles.").

1    In *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 S.

2    Ct. 1377 (2014), the Supreme Court laid down a two-pronged test for the determination of

3    standing under Section 43(a) of the Lanham Act: (1) whether the plaintiff's interests "fall within

4    the zone of interests protected by the law invoked;"[10] and (2) whether the plaintiff's injury has

5    been "proximately caused by violations of the statute."[11]  The Supreme Court recognized that

6    Section 43(a) creates "two distinct bases of liability" for false association and false advertising.

7    *Id.* at 1384 (citing *Waits*, 978 F.2d at 1108).[12]  The issue in *Lexmark* involved a false advertising

8    claim under Section 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B), not a claim for false designation of

9    origin (referring to it as a "false association" claim) under Section 43(a)(1)(A), 15 U.S.C.

10   §1125(a)(1)(A).  Although few courts have had the opportunity to consider whether *Lexmark's*

11   discussion of statutory standing applies equally to a Section 43(a) claims for false designation of

12   origin, some have assumed that it does.[13]

13   Even if *Lexmark* changed the standing requirement for a false designation of origin claim,

14   the requirement is established here.  In *Lexmark,* the Supreme Court held that a Section 43(a)

---

[10]    *Lexmark,* 134 S. Ct. at 1388 (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984)).

[11]    *Id.* at 1390.

[12]    In *Waits,* which the Supreme Court abrogated on other grounds, the Ninth Circuit noted that Section 43(a) creates liability for "(1) false representations concerning the origin, association, or endorsement of goods or services through the wrongful use of another's distinctive mark, name, trade dress, or other device ('false association'), and (2) false representations in advertising concerning the qualities of goods or services ('false advertising')." 978 F.2d at 1108 (citations omitted).

[13]    *E.g., Lundgren v. AmeriStar Credit Solns., Inc.,* 40 F. Supp. 3d 543, 551 n.4 (W.D. Pa. 2014) ("The Court recognizes that the Lexmark decision addressed a false advertising claim and not a false association claim . . . . The Court . . . assumes, without deciding, that *Lexmark* applies to a false association claim"); *Ahmed v. Hosting.com*, 28 F. Supp. 3d 82, 90 (D. Mass. 2014) ("While the *Lexmark* case was decided in a false advertising context, it is unclear whether the Supreme Court's holding extends to false association claims, as is at issue here.... [T]his Court need not resolve the issue here, and assumes without deciding that *Lexmark* applies in false association claims").  *Cf. Marco Bicego S.P.A. v. Kantis*, No. 17-cv-00927-SI, 2017 WL 2651985 (N.D. Cal. June 20, 2017), the district court addressed a standing defense in response to a false association claim without mentioning *Lexmark*.

plaintiff must first establish that he falls within the "zone of interests" protected by the Lanham Act. "[T]o come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." 134 S. Ct. at 1390. Second, a plaintiff must demonstrate that its injuries are proximately caused by a violation of the Lanham Act. *Id.* at 1390–91. Specifically, "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 1391.

Because the California State Grange is a direct competitor of Defendants and suffered commercial injury as a proximate result of Defendants' unlawful conduct, there is no genuine issue about the standing of the California State Grange to assert its claim for false designation of origin (or "false association"). Under any interpretation, the California State Grange has standing to assert such a claim against Defendants because it "vie[s] for the same dollars from the same consumer group." *TrafficSchool.com, Inc. v. Edriver, Inc.*, 653 F.3d 802, 827 (9th Cir. 2011).[14]

## 2.   False Advertising (Lanham Act § 43(a)(1)(B))

Section 43(a)(1)(B) of the Lanham Act provides:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—  *  *  *
>
> (B)   in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

---

[14]   *See also Kournikova v. Gen. Media Commc'ns, Inc.*, 278 F. Supp. 3d 1111, 1117 (C.D. Cal. 2013) ("[W]hen plaintiff competes directly with defendant, a misrepresentation will give rise to a presumed commercial injury that is sufficient to establish standing."); *Waits*, 978 F.2d at 1109 ("[Parties with a commercial interest in the product wrongfully identified with another's mark ... or with a commercial interest in the misused mark" have standing to bring a Lanham Act unfair competition claim); *Halicki v. United Artists Commc'ns, Inc.*, 812 F.2d 1213, 1226 (9th Cir. 1987).

15 U.S.C. § 1025(a)(1)(B). Under *Lexmark,* the California State Grange falls within the "zone of interests" protected by the Lanham Act because the evidence is undisputed that it (1) suffered "an injury to a commercial interest in reputation or sales," 134 S. Ct. at 1390, and (2) suffered "economic or reputational injury flowing directly from the deception wrought by the defendant's advertising" because the "deception of consumers cause[d] them to withhold trade from the plaintiff." *Id.* at 1391; *see also Halicki Films, LLC v. Sanderson Sales & Marketing*, 547 F.3d 1213, 1226 (9th Cir. 2008); *Waits,* 978 F.2d at 1109; *Luxul Tech.*, 78 F. Supp. 3d at 1170.

### 3.   California False Advertising (Cal. Bus. & Prof. Code § 17500)

To have standing under Section 17500 of the California Business & Professions Code, known as the California False Advertising Law (FAL), a private plaintiff must show that it "has suffered injury in fact and has lost money or property as a result of" the false advertising. *Pom Wonderful LLC v. Coca-Cola Co.*, 679 F.3d 1170, 1178 (9th Cir. 2012); *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 529 (N.D. Cal. 2012).  To show an economic injury, a plaintiff may: (1) surrender in a transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a present or future property interest diminished; (3) be deprived of money or property to which he or she has a cognizable claim; or (4) be required to enter into a transaction, costing money or property, that would otherwise have been unnecessary. *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 885-86 (Cal. 2011).  Though "lost money or property" as an economic injury is a "classic form of injury in fact," it is not the exclusive means of establishing an injury in fact[.]  *Id.* (observing that there are "innumerable ways" a plaintiff may demonstrate "economic injury" sufficient to confer standing).  For example, standing under the FAL is established by evidence that the plaintiff has suffered a loss of market share as a proximate result of the defendant's conduct.  *Am. Soc'y of Anesthesiologists v. VecMD, LLC,* No. 15-cv-600-BAS (JLB), 2016 WL 4257448, at * 5 (C.D. Cal. March 31, 2016).

Defendants have not challenged the evidence that the California State Grange suffered the following loss of revenues in the following amounts as a result of Defendants' false advertising:[15]

---

[15]     *See* California State Grange Revenues, Exhibit 13 to Plaintiffs' Memorandum in Support of Summary Judgment (Dkt. # 208-14).

| Year | Membership Dues | Rental Income |
|------|-----------------|---------------|
| 2010 | $204,811 | $67,484 |
| 2011 | $220,757 | $66,788 |
| 2012 | $228,058 | $69,273 |
| 2013 | $245,111 | $110,606 |
| 2014 | $7,035 | N/A |
| 2015 | $26,604 | N/A |
| 2016 | $91,959 | N/A |

In contrast to the revenues lost by the California State Grange, the damage to its reputation was incalculable.  *See* Declarations of the Redwood Valley Grange (Dkt. # 208-2) and the Jacinto Grange (Dkt. # 208-3).  There is no genuine issue in regard to the standing of the California State Grange to assert a claim for California statutory false advertising.

**4.        Federal Trademark Infringement (Lanham Act § 32(1))**

Defendants argue that the California State Grange lacks standing to assert a claim for infringement of the GRANGE trademark under Section 32(1) because it is not the registrant of the mark.  As the exclusive California chapter of the National Grange and licensee of the GRANGE trademark with property rights going back to 1873, however, the California State Grange has standing to assert a trademark infringement claim regardless of whether it owns the mark.[16]  Moreover, as pointed out above, even if Defendants could show that the California State Grange lacks a sufficient ownership interest to confer standing to assert a claim under Lanham Act Section 32(1), or any of the other claims for infringement of rights owned by the National

---

[16]        *Ultrapure Sys., Inc. v. Ham–Let Grp.*, 921 F. Supp. 659, 665 (N.D. Cal. 1996) (finding exclusive licensee of a trademark had standing to sue alleged infringers in its own name); *Kortz v. 578539 B.C., Ltd.,* No. CV 14-04375 MMM (MANx), 2015 WL 12670488 (C.D. Cal. April 10, 2015); *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, No. C 12-05523 WHA, 2013 WL 1007666, at *6 (N.D. Cal. Mar. 13, 2013); *English & Sons, Inc. v. Straw Hat Restaurants Inc.*, No. 3:15-cv-01382-LB, 2015 WL4239072, at *11 (N.D. Cal. July 11, 2015). Moreover, the license may be implied.  *Mars, Inc. v. Trurx LLC*, No. 6:13-cv-5626-RWS-KNM, 2016 WL 4034803, at * 4 (E.D. Tex. March 14, 2016).

1   Grange, that fact would be irrelevant because the National Grange is joined as a plaintiff in the

2   present action.[17]

3           **5.     Copyright Infringement (17 U.S.C. § 501(a))**

4           The Copyright Act provides that the "legal or beneficial owner of an exclusive right under

5   a copyright" is entitled to bring an infringement action. 17 U.S.C. § 501(b).  Defendants claim

6   that the California State Grange lacks standing because it is not the registrant and has no

7   exclusive ownership interested in the asserted copyrights. In fact, the California State Grange

8   does have an exclusive interest in those copyrights as the California chapter and licensee of the

9   National Grange.  However, even if that were not the case, Defendants' standing argument in

10  connection with Plaintiffs' copyright infringement claim is frivolous for the same reason it is

11  frivolous in connection with Plaintiffs' other claims, namely, that the licensor of the relevant

12  intellectual property is joined as a party plaintiff.[18]

13          **6.     Trade Libel**

14          "Trade libel is defined as an intentional disparagement of the quality of property, which

15  results in pecuniary damages to plaintiff." *Erlich v. Etner*, 36 Cal. Rptr. 256, 258 (Ct. App.

16  1964).  To prevail on a claim for trade libel:

17          [the] plaintiff must prove in all cases that the publication has played a material
            and substantial part in inducing others not to deal with him, and that as a result he
18          has suffered special damages. . . . It is nearly always held that it is not enough to
            show a general decline in his business resulting from the falsehood, even where
19          no other cause for it is apparent, and that it is only the loss of specific sales that
            can be recovered. This means, in the usual case, that the plaintiff must identify the
20          particular purchasers who have refrained from dealing with him, and specify the
            transactions of which he claims to have been deprived.
21

22  *Id.* at 259 (quoting Prosser on Torts, 764-66).

23

24          [17]     *See Int'l Importers, Inc.*, 2011 WL 7807548, at *4 (holding that there was no
            "need to rule on the defendants' standing argument because the alleged standing deficiency
25          [would] be cured and the argument rendered moot by [requiring] the plaintiff ... join all other co-
            owner(s) of the mark.").
26
            [18]     *See Campbell*, 817 F.2d at 504 n.2; *Russell*, 448 F. Supp. at 305; *Ed Brawley, Inc.*,
27          399 F. Supp. at 116; *Droke House Publishers, Inc.*, 360 F. Supp. at 312; *Arthur Rutenberg
            Homes, Inc.*, 891 F. Supp. at 1562 n.1.
28

                                                    PLS' OPPOSITION TO DFS'
                                                    MOTION FOR SUMMARY JUDGMENT
                                                    CASE NO.: 2-16-cv-00201-WBS-DB

Defendants and their surrogates have relentlessly leveled false charges against the California State Grange and its principal officer since the permanent injunction in *Grange I,* including accusations of immoral, unlawful and criminal conduct.[19]  In one communication alone, the California State Grange and its principal officer were accused of the following criminal violations:

- Sending surrogate agents into our monthly business meetings to conduct *corporate espionage*[20] with the intent to obtain *confidential information*[21] that is shared with Mr. Komski;

- *Trespassing*,[22] without identifying themselves, onto *our Hall properties*[23] during private rental events to take photos of the real properties and assets;

- Advising members to *ignore federal and state laws* protecting our real estate titles, non-profit status, bank accounts, post office boxes, articles of incorporation, and stating, "Corporate law is bunk.";

- Using surrogate agents on *local Hall Boards*[24] with the intent to change and *illegally nullify* legal voting outcomes, to replace with appointed, unelected officers of Mr. Komski's choice;

- Changing *our corporations*' Statements of Information filed with the Secretary of State, thus falsifying documents, without any authorization to do so;[25]

---

[19]     *See, e.g.*, "Stop the Harrassment [sic], Free Our Halls," Ex. 53 to Declaration of Ed Komski, ¶ 72, Dkt. # 54-2 at 26; Dkt. # 53 at 47 – 56; Declaration of Jan Saxton, 54-7. ¶¶ 22-25 (describing Defendants' false accusation of "attacking the children").

[20]     Corporate espionage is a federal crime under the Economic Espionage Act of 1996, Pub. L. 104–294, 110 Stat. 3488, enacted October 11, 1996, codified at 18 U.S. Code § 1831 *et seq.*

[21]     The "confidential information" to which Defendants are referring belongs to the California State Grange pursuant to the Grange By-Laws quoted in Paragraph 12 of this Declaration.

[22]     Trespass is a criminal offense under California Penal Code Section 602.

[23]     The term "our Hall properties" is a false designation of origin because the properties in question are Grange properties, not properties of Defendants.

[24]     Defendants are referring to local *Grange* Halls.

[25]     Defendants are referring to the 1946 and 1992 corporations, which belong to the National Grange pursuant to the Grange Constitution and By-Laws quoted in Paragraph 4 of this Declaration.

PLS' OPPOSITION TO DFS'
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2-16-cv-00201-WBS-DB

- Sending surrogate agents to local post offices who attempt, and in some cases have succeeded, to *convince the local Postmaster or postal staff to rekey the boxes* in an effort to obtain U.S. mail.[26]

The only rationale offered by Defendants for their position is that the California State Grange is a 2016 corporation that offers no services, has no bank accounts, and is not an operating corporation. As explained above, however, the relevant party is the California State Grange, not a 2014 or 2016 corporation. The issue of the California State Grange's standing does not hinge on the status of those corporations.[27]

### 7.    Conversion and Trespass

None of the claims raised in this action belong more uniquely to the California State Grange more than those for conversion and trespass.[28] On November 30, 2017, the California Court of Appeals held that the California State Grange is the exclusive owner of all property held by Defendants as of April 13, 2013, the date when Defendants' charter was revoked.[29] Defendants, however, refuse to relinquish the California corporation created by the California State Grange in 1946 under the name "California State Grange" (the "1946 Corporation").

---

[26]    Theft of mail is a federal criminal offense pursuant to 18 U.S.C. § 1702.

[27]    *See Yost*, 92 F.3d at 819; *see also Lexmark*, 134 S. Ct. at 1390 (holding that lost sales and damage to business reputation are sufficient to establish Article III standing); *Beijing Tong Ren Tang (USA) Corp. v. TRT USA Corp.*, No. C-09-00882 RMW, 2010 WL 890048 (N.D. Cal. Mar. 8, 2010) (rejecting standing argument in trade label case).

[28]    "Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." *Hernandez v. Lopez*, 103 Cal. Rptr. 3d 376, 381 (Ct. App. 2009) (quoting *Burlesci v. Petersen*, 80 Cal. Rptr. 2d 704, 706 (Ct. App. 1998)). The elements of a trespass claim are "(1) the plaintiff's ownership or control of the property; (2) the defendant's intentional, reckless, or negligent entry on the property; (3) lack of permission to enter the property, or acts in excess of the permission; (4) actual harm; and (5) the defendant's conduct as a substantial factor in causing the harm." *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8*, 113 Cal. Rptr. 3d 88, 93 (Ct. App. 2010), *rev'd on other grounds,* 290 P.3d 1116 (Cal. 2012).

[29]    *Nat'l Grange of Order of the Patrons of Husbandry v. Cal. Guild*, 226 Cal. Rptr. 3d 398 (Ct. App. 2017).

As a non-profit entity that lacks stock or shares, the 1946 Corporation is not "property" in the traditional sense.[30] Nevertheless, the tort of "conversion does apply if the intangible property is 'customarily merged in, or identified with, some document.'"[31] In either case, the 1946 Corporation belongs to the California State Grange because it has no history, existence or cognizable purpose apart from its service as a vessel for the goodwill of the California State Grange and its parent organization, the National Grange.

In *Merrill Lodge No. 299, Independent Order of Good Templars v. Ellsworth*, 20 P. 399 (Cal. 1889), the California Supreme Court recognized that if a subordinate entity in the position of Defendants engages in "misconduct," then "appropriate proceedings" may be invoked." *Id*. In this case, the "appropriate proceeding" is a claim for conversion and trespass, where Defendants have used the 1946 corporation as an instrumentality of confusion, mistake and deception, as illustrated in the Declaration of the Redwood Valley Grange:

> We voted to change our name in April 2016 because we believed representations by Mr. McFarland and his supporters that we could retain our identity as a California Grange even if we were members of the Guild, because the Guild was the successor to the California State Grange and the same organization that it always had been, *as evidenced by its 1946 articles of incorporation*, and because the September 2015 Court order requiring the Guild to stop using the name "Grange" did not affect his relationship to our organization or his authority to continue representing the California Granges.

Declaration of Redwood Valley Grange, ¶ 4 (emphasis added), Dkt. # 208-2; *see also* Declaration of Jacinto Grange, ¶ 36, Dkt. # 208-3 (same).

---

[30] *See In re Gen. Teamsters, Warehouseman & Helpers Union Local 890*, 225 B.R. 719, 736 (N.D. Cal. 1998). "[I]t is difficult to conceive how officials of a nonprofit corporation can ever hold an ownership interest in the corporate assets[.]" *Keaton v. Kingsburg Chamber of Commerce*, No. FO34967, 2002 WL 140523, at *6 n.7 (Cal. Ct. App. Jan. 29, 2002).

[31] *Applied Hydrogel Tech., Inc. v. Raymedica, Inc.*, No. 06-cv-2254 DMS (POR), 2008 WL 11339962, at *7 (S.D. Cal. June 23, 2008) (quoting *H.J., Inc. v. Int'l Telephone & Telegraph Corp.*, 867 F.2d 1531, 1547 (8th Cir. 1989)). *But see Kremen v. Cohen*, 337 F.3d 1024, 1033 (9th Cir. 2003) ("Assuming *arguendo* that California retains some vestigial merger requirement, it is clearly minimal, and at most requires only some connection to a document or tangible object).

1    The California State Grange has standing to assert a claim for recovery of the corporation

2    that it created in 1946 under the name "California State Grange."  The only other party that could

3    (and does) have such standing is the National Grange in its capacity as owner of the GRANGE

4    trademark.  A trademark is "a symbol of goodwill [that] has no independent significance apart

5    from the goodwill that it symbolizes." *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 265 (5th Cir.

6    1999). "Because a trademark is the tangible representation or symbol of good will, it cannot be

7    separated from that good will." 3 McCarthy on Trademarks and Unfair Competition § 18:2 (5th

8    ed.). "A trademark has no existence separate from the good will of the product or service it

9    symbolizes. Goodwill and its tangible symbol, a trademark, are inseparable." *Id.* at § 2.15.84. As

10   the corporate vessel that embodied the history, goodwill and reputation of the California State

11   Grange, the 1946 Corporation belongs to the California State Grange, and the latter has standing

12   to demand its recovery, as well as damages for its wrongful conversion and corresponding

13   trespass.

14        **C.      The National Grange's Claims Are Not Precluded by the Doctrine Against
                    Splitting a Cause of Action.**

15

16        Defendants argue that the "the federal doctrine against claim-splitting precludes plaintiffs

17   from suing based on the same controversy" as *Grange I.*[32] This argument, however, was rejected

18   by the Court in its order dated November 15, 2016, denying Defendants' motion to dismiss.

19   Plaintiffs' claims are not precluded by this Court's decision in *Grange I,* because their false

20   advertising claim and other infringement of Plaintiffs' intellectual property rights *since the*

21   *permanent injunction in that case* present new and different facts and issues.  *See Frank v. United*

22   *Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000).  Moreover, the fact that Plaintiff National

23   Grange waived its claim for damages in *Grange I* does not preclude it (or the California State

24   Grange) from seeking damages for conduct arising after the final judgment in that litigation.

25   _____

26        [32]    Dkt. # 210-1 at 23 (citing *Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977)); *In*
     *re Wilson*, 104 B.R. 303, 304 (E.D. Cal. 1989); *Oxbow Energy, Inc. v. Koch Indus., Inc.*, 686 F.

27   Supp. 278 (D. Kan. 1988); *Koch v. Koch Indus.*, 127 F.R.D. 206 (D. Kan. 1989); *Cook v. C.R.*
     *England, Inc.*, No. CV 12-3515-GW(CWx), 2012 WL 2373258, at *3, 4 (C.D. Cal. June 21,

28   2012); *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992).

For claim preclusion to apply,[33] there must be an identity of claims in the two actions. *Blonder–Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 323–24 (1971). In determining whether the prior litigation involved the same claim, courts consider "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."[34]

## 1.   Impairment of Rights or Interests Established in the Prior Judgment

Upon a finding of trademark infringement, courts are authorized to enjoin an infringer from the use of acronyms and abbreviations derived from the infringing name and other confusingly similar marks.[35] A trademark infringer should not be allowed "to make minimal changes in its product in order to test the outer boundaries of that judgment." *Wolfard Glassblowing Co. v. Vanbragt*, 118 F.3d 1320, 1323 (9th Cir. 1997). Nevertheless, the permanent injunction in *Grange I* was narrowly tailored to prohibit only the use of the name "Grange" and not "CSG" or other names confusingly similar to "Grange."  Accordingly, this directly negates Defendants' claim that "CSG" was addressed by *Grange I*.  In fact, the adoption of "CSG" by the corporate Defendant, after summary judgment was found in the National Grange's favor in

---

[33]   Rather than using the terms "res judicata" and "collateral estoppel," the Supreme Court has used the terms "claim preclusion" and "issue preclusion." *See Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); *Frank*, 216 F.3d at 850 n.4.

[34]   *Gospel Missions of Am. v. City of L.A.*, 328 F.3d 548, 555 (9th Cir. 2003) (citing *Fund for Animals, Inc.v. Lujan,* 962 F.2d 1391, 1398 (9th Cir. 1992)). The central criterion is "whether the two suits arise out of the same transactional nucleus of facts." *Frank*, 216 F.3d at 851 (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)); *accord, Gutierrez v. Chung*, No. 1:12-cv-01854 LJO-SGA, 2013 WL 655141, at *5 (E.D. Cal. Feb. 1, 2013); *Lanier v. Clovis Unified School Dist. Bd. of Educ*., No. 1:11-cv-01613, 2012 WL 1355674, at *6 (E.D. Cal. April 18, 2012).

[35]   *See Am. Ass'n of Naturopathic Physicians v. Hayhurst,* 227 F.3d 1104 (9th Cir. 2000); *U.S. Jaycees v. S.F. Junior Chamber of Commerce*, 354 F. Supp. 61, 78-79 (N.D. Cal. 1972), *aff'd,* 513 F.2d 1226 (9th Cir. 1975); *Planned Parenthood Fed'n, Inc. v. Problem Pregnancy of Worcester, Inc.*, 398 Mass. 480 (1986); *Tomei v. Finley*, 512 F. Supp. 695 (N.D. Ill. 1981); *Allstate Ins. Co. v. Allstate Inc. Co.,* 307 F. Supp. 1161, 1166 (N.D. Tex. 1969); *Bros. of Wheel M.C. Exec. Council, Inc. v. Mollohan*, 909 F. Supp. 2d 506 (S.D. W.Va. 2012).

PLS' OPPOSITION TO DFS'
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2-16-cv-00201-WBS-DB

1   *Grange I*, was part of the impetus for filing *Grange II*.  Similarly, Plaintiffs' federal trademark

2   infringement claim is based on conduct post-*Grange I*.  False advertising was never a part of

3   *Grange I*, despite Defendants' claim that it "ha[s] already been litigted [sic]."  Defs.' Mem. in

4   Support of Mot. for Summ. J., Dkt. # 210-1 at 28.

5          Further, Defendants engaged in a calculated pattern of "deliberate and willful" violation of

6   the injunction. *Grange I*, Mem. & Order, April 20, 2016, Dkt. # 138, at 34, 36.  Therefore,

7   Defendants have no basis to complain that their rights would be impaired by the injunction sought

8   by Plaintiffs in this action. "Although the terms of such an injunction impose a heavier burden on

9   an infringing party with a redesigned mark than is imposed on a newcomer with a similar mark,

10  'a party who has once infringed a trademark may be required to suffer a position less

11  advantageous than that of an innocent party.'"[36]

12                        **2.       Different Evidence**

13         Plaintiffs' claims in the present action are uniquely contingent on evidence of Defendants'

14  conduct that could only have arisen after the injunction in *Grange I*.  This factor alone negates a

15  finding of claim preclusion.[37]

16                        **3.       Infringement of the Different Rights**

17         Plaintiffs are asserting the exclusive right of the National Grange's chartered California

18  chapter to be designated by and associated with the history, reputation and goodwill of the

19  California State Grange.  That right was violated by the Guild's designation of itself as the

20  "successor" to the California State Grange and owner of its history, reputation and goodwill.  This

21  right did not arise until Defendants stopped calling the Guild the "California State Grange" and

22  began violating the injunction in *Grange I* by calling it the "former" California State Grange and

23

24         [36]      *Wella Corp. v. Wella Graphics, Inc.*, 37 F.3d 46, 48 (2d Cir. 1994) (quoting *Oral-B Labs., Inc. v. Mi-Lor Corp.*, 810 F.2d 20, 24 (2d Cir. 1987) (citing *Conan Props., Inc. v.

25  Conans Pizza, Inc.*, 752 F.2d 145, 154 (5th Cir. 1985))); *Indep. Nail & Packing Co.*, 215 F.2d 434, 436 (7th Cir. 1954).

26

27         [37]      *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas LLC*, No. 2:14-cv-02961-TLN-CKD, 2016 WL1268008, at *7 (E.D. Cal. Mar. 31, 2016) (denying motion to dismiss

28  on asserted grounds of claim preclusion).

PLS' OPPOSITION TO DFS'
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2-16-cv-00201-WBS-DB

1   misappropriating the history, reputation and goodwill of the California State Grange as its

2   purported "successor."[38] Plaintiffs are not required "to predict whether a defendant will continue

3   to commit the acts for which the defendant was held liable in the first suit."[39]

### 4.   Different Transactional Nucleus of Facts

5        "Subsequent conduct, even if it is of the same nature as the conduct complained of in a

6   prior lawsuit, may give rise to an entirely separate cause of action." *Heerema Marine Contractors*

7   *v. Santa Fe Int'l. Corp.*, No. CV 84-1249 MRP, 1984 WL 21891, at *5 (C.D. Cal. Sept. 17,

8   1984).

9
> Winning a judgment based on the defendant's violation of the plaintiff's rights
10 > does not deprive the plaintiff of the right to sue the same defendant again for the
> defendant's further subsequent similar violations.
11

12 *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.,* 779 F.3d 102, 107 (2d Cir. 2014).

13       Moreover, the present action is based exclusively on conduct ancillary to Defendants'

14  circumvention of the permanent injunction in *Grange I* and represents a new claim; therefore

15  Defendants' actions following the injunction in *Grange I* involved a "substantial change in the

16  scope" of the wrongful conduct.  *Exhibitors Poster Exch., Inc. v. Nat'l Screen Serv. Corp.*, 421

17  F.2d 1313, 1317 (5th Cir. 1970).

18       The central criterion in determining whether a claim is precluded is "whether the two suits

19  arise out of the same transactional nucleus of facts." *Costantini*, 681 F.2d at 1202.  However,

20  when analyzing whether a claim is based on the same transaction or occurrence, courts must be

21  mindful that a claim "arising subsequent to a prior action ... [is] not barred by res judicata" even if

22  the new claim is "premised on facts representing a continuance of the same 'course of conduct.'"

23

24

---

25       [38]     *See Stover v. Farmers' Educ. & Co-op Union of Am.*, 250 F.2d 809, 812-13 (8th
    Cir. 1958) (holding that publication of a newspaper named U.S. Farm Union News, "formerly
26  known as" Iowa Union Farmer, violated an injunction against use of "Farmers Union").

27       [39]     *Zip Dee, Inc. v. Dometic Corp.*, 886 F. Supp. 1427, 1433 (N.D. Ill. 1995) (denying
    motion to dismiss).
28

1   *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 383 (2d Cir. 2003) (vacating and remanding

2   district court's dismissal of action). As stated by the Supreme Court:

3         That both suits involved "essentially the same course of wrongful conduct" is not
          decisive.  Such a course of conduct ... may frequently give rise to more than a
4         single cause of action.... While the [prior] judgment precludes recovery on claims
          arising prior to its entry, it cannot be given the effect of extinguishing claims
5         which did not even then exist and which could not possibly have been sued upon
          in the previous case.
6

7   *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 327–28 (1955).

8         In a case of intellectual property infringement, this "unremarkable principle" can be

9   complicated by the sometimes "difficult determination of what degree of conduct" following the

10  first judgment is necessary to give rise to a new "claim." *Storey,* 347 F.3d at 383. There is no such

11  complication in the present case, however, because Defendants' post-judgment conduct alone is

12  sufficient to constitute a new claim.[40]  For these reasons, there is no support for Defendants'

13  argument that one or both Plaintiffs are precluded from asserting the claims raised in this action.

14  **III.    CONCLUSION**

15        Defendants have worked an extraordinary injury on the National Grange and the

16  California State Grange and severely damaged their efforts to reestablish the chartered California

17  chapter of the National Grange.  The Declarations of Betsy Huber, Ed Komski, Jan Saxton, Jerry

18  Allen, the Redwood Valley Grange, the Jacinto Grange, and all the evidence of record, reveal

19  Defendants' willful and deliberate disregard for Plaintiffs' rights, targeted at the California State

20  Grange and the National Grange.  None of this evidence has been challenged by Defendants;

21  instead they argue that the Court should grant summary judgment to Defendants on grounds of

22

23        [40]     *Id.* at 384. "Where the facts that have accumulated after the first action are enough
    on their own to sustain the second action, the new facts clearly constitute a new 'claim,' and the
24  second action is not barred by res judicata." *Id.* (citing *Lawlor*, 349 U.S. at 328)). "Claims arising
    subsequent to a prior action, need not, and often perhaps could not, have been brought in that
25  prior action; accordingly, they are not barred by res judicata regardless of whether they are
    premised on facts representing a continuance of the same 'course of conduct.'" *Storey,* 347 F.3d
26  at 383; *see also First Nat'l Bank in Sioux Falls v. First Nat'l Bank S. Dakota*, 679 F.3d 763, 767-
    68 (8th Cir. 2012) ("The two suits do not arise out of the same transactional nucleus of facts
27  because the relevant nucleus of facts is specific to this particular" set of facts).

28

PLS' OPPOSITION TO DFS'
MOTION FOR SUMMARY JUDGMENT
CASE NO.: 2-16-cv-00201-WBS-DB

"standing" and "claim splitting." For the reasons discussed above, such grounds are specious, and Defendants' motion for summary judgment should be denied.

Respectfully submitted,

**NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY and CALIFORNIA STATE GRANGE**

By:     /s/ James L. Bikoff
        JAMES L. BIKOFF (*Pro Hac Vice*)
        BRUCE A. McDONALD (*Pro Hac Vice*)
        HOLLY B. LANCE (*Pro Hac Vice*)
        **SMITH, GAMBRELL & RUSSELL LLP**
        1055 Thomas Jefferson Street, N.W., Suite 400
        Washington, D.C. 20007
        Telephone:    202.263.4341
        Facsimile:    202.263.4329
        Email:        jbikoff@sgrlaw.com
        Email:        bmcdonald@sgrlaw.com
        Email:        hlance@sgrlaw.com

Date: July 23, 2018

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 23, 2018, the foregoing Opposition to Defendants' Motion for Summary Judgment was filed electronically using the CM/ECF system.

/s/ James L. Bikoff
James L. Bikoff
Attorney
SMITH, GAMBRELL & RUSSELL LLP