UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE NATIONAL GRANGE OF THE ORDER OF PATRONS OF HUSBANDRY and THE CALIFORNIA STATE GRANGE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT MCFARLAND,<br><br>Defendants. | CIV. NO. 2:16-201 WBS DB<br><br>ORDER RE: MOTIONS FOR SUMMARY JUDGMENT |

Plaintiffs the National Grange of the Order of Patrons of Husbandry (the "National Grange") and California State Grange brought this action against defendants California Guild and Robert McFarland ("McFarland"), alleging that defendants continue to violate plaintiffs' trademark, copyright, and tangible property rights after the conclusion of Nat'l Grange v. Cal. State Grange, No. 2:14-cv-676 WBS DAD (E.D. Cal. filed Mar. 12, 2014) ("Grange I"). (Compl. (Docket No. 1).) Presently before the court are plaintiffs' and defendants' cross Motions for Summary Judgment (Docket Nos. 208, 210).

I.   Factual and Procedural Background

1

On July 15, 1873, the National Grange created the California State Grange as its affiliated state-level chapter. (Decl. of Betsy Huber ("Huber Decl.") (Docket No. 54-6) ¶ 15.) As a chartered affiliate, the California State Grange collects dues from local Granges across California and turns over a portion of those dues to the National Grange. (Id. ¶ 18.) In 1946, the California State Grange registered as a corporation with the California Secretary of State. (Id. ¶ 15.) The California State Grange elected McFarland as its leader in 2009. (Id. ¶ 19.)

In 2012, a dispute arose between the National Grange and the California State Grange, leading to the suspension of the California State Grange's charter. (Id.) The National Grange revoked the California State Grange's membership and the two disaffiliated in 2013. (Id. ¶ 21.) Members of the disaffiliated chapter, led by McFarland, continued to exist as a separate entity under the corporate charter filed in 1946. (Id. ¶ 22.) The National Grange chartered a new California State Grange in 2014. (d. ¶ 23.) What resulted after the split, then, were two California entities: a newly chartered California State Grange (i.e., along with the National Grange, plaintiffs to this action) and a disaffiliated entity led by McFarland (i.e., defendants).

The National Grange initiated a lawsuit in the Sacramento Superior Court, Nat'l Grange of the Order of Patrons of Husbandry v. California State Grange, No. 34-cv-2002-120439 CU MC GDS (Sacramento Super. Ct.)(filed Oct. 1, 2012)("the State Action") seeking a declaration regarding the ownership of Grange property. The National Grange and the reorganized California

State Grange succeeded in the State Action, although post-judgment proceedings continue to be ongoing.

In March 2014 the National Grange filed an action in this court against defendants for federal trademark infringement, trademark dilution, trademark counterfeiting, and false advertisement under the Lanham Act ("Grange I"). No. 2:14-cv-676 WBS DB (E.D. Cal.). On September 30, 2015, the court issued a final judgment and permanent injunction prohibiting the revoked entity's continued use of the "Grange" trademarks. (See Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange, No. 2:14-cv-676 WBS DAD, 2015 WL 5813681, at *2-*3 (E.D. Cal. Sept. 30, 2015), modified, No. 2:14-cv-676 WBS AC, 2016 WL 1587193 (E.D. Cal. Apr. 20, 2016).) This holding has since been affirmed by the Ninth Circuit. See National Grange of Order of Patrons of Husbandry v. California State Grange, 715 Fed. Appx. 747 (9th Cir. 2018).

Plaintiffs argue that despite the Grange I ruling, defendants have continued to cause division and confusion among the California Granges by publicly referring to itself as "CSG" and "[f]ormerly the California State Grange." (Decl. of Ed Komski ("Komski Decl.") Ex. 2 (Docket No. 54-3).) Accordingly, plaintiffs filed this action in February 2016. (Compl. (Docket No. 1).) Plaintiffs asserted ten causes of action: (1) false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (2) false advertisement under the Lanham Act, id. § 1125(a)(1)(B); (3) false advertisement under the California Business and Professional Code, Cal. Bus. & Prof. Code § 17500; (4) trademark infringement under the Lanham Act, 15 U.S.C. §

1114; (5) infringement of unregistered logo and trade dress under the Lanham Act, 15 U.S.C. § 1125(a); (6) copyright infringement under the Copyright Act, 17 U.S.C. § 106; (7) trade libel under California common law; (8) intentional interference with contractual relations under California common law; (9) trespass under California common law; and (10) conversion under California common law. (First Amended Complaint ("FAC")(Docket No. 75) at 38-51.)

Defendants moved to dismiss plaintiffs' amended Complaint in its entirety in August 2016. (Docket No. 77.) The court granted defendants' motion as to plaintiffs' infringement of unregistered logo and trade dress claim and intentional interference with contractual relations claim, and denied the motion in all other respects. (Nov. 15, 2016 Order at 23 (Docket No. 106).)

Defendants then moved for summary judgment on plaintiffs' remaining claims (Docket No. 138), which the court denied (Docket No. 153). Plaintiffs filed a cross-motion for partial summary judgment on July 23, 2017. (Docket No. 142.) Plaintiffs' motion for partial summary judgment was withdrawn in order to provide defendants an opportunity for further discovery. (Docket No. 166.) Defendants have now completed that discovery, and both parties have again filed motions for summary judgment.

II.   <u>Legal Standard</u>

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that could affect the outcome

4

of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact and can satisfy this burden by presenting evidence that negates an essential element of the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Alternatively, the movant can demonstrate that the non-moving party cannot provide evidence to support an essential element upon which it will bear the burden of proof at trial.  Id.  Any inferences drawn from the underlying facts must, however, be viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

III.   Plaintiffs' Motion for Summary Judgment

Plaintiffs move the court for summary judgment on all eight of their remaining claims.

A.   Defendants' Global Objections

Before separately addressing each claim, the court will discuss defendants' global arguments against plaintiffs' Motion for Summary Judgment.

1.   Claims are Improperly Split

Defendants argue that plaintiffs' federal and state claims are improperly split.  According to defendants, "the federal doctrine against claim-splitting precludes plaintiffs from suing based on the same controversy as the State Action and

Grange I." (Defs.' Opp'n (Docket No. 214) at 11.)  However, as the Ninth Circuit has explained, "overlapping or even identical federal and state court litigation may proceed simultaneously, limited only by doctrines of abstention and comity."  Noel v. Hall, 341 F.3d 1148, 1159 (9th Cir. 2003).  Thus, the existence of a pending parallel action in the state court system will not bar proceedings regarding the same matter in federal court. Accordingly, defendants' request for dismissal of plaintiffs' federal action based on this claim-splitting theory is denied.

2.    Res Judicata and Collateral Estoppel

Defendants argue, as they have twice before, that plaintiffs' claims are subject to collateral estoppel and res judicata.  The court rejected this argument in 2016 and again in 2017.  (See Nov. 15, 2016 Order Re Mot. to Dismiss (Docket No. 106); Aug. 4, 2017 Order Re Mot. for Summ. J. (Docket No. 153).) With respect to plaintiffs' Lanham Act and California false advertisement claims, the court stated:

> Grange I decided ownership of the word "Grange," and enjoined defendants from the use of that term . . . The conduct alleged to support plaintiff's Lanham Act [and California false advertisement] claims in this action is different from the conduct enjoined in Grange I. It involves more than merely the use of the word "Grange." To the extent that the complaint here alleges that defendants are representing they are the same organization as the California State Grange, that they are responsible for the history and achievements of the California State Grange, or making other false or misleading representations causing confusion among local granges, it goes beyond the complaint in Grange I and seeks to enjoin different conduct. Accordingly, the court will not dismiss plaintiffs' Lanham Act [and California false advertisement] claims on res judicata grounds.

(Nov. 15, 2016 Order at 16-17.)  The court wishes to express its frustration with defendants for presenting

6

this argument a third time.  For the same reasoning described in the court's previous orders, the court rejects defendants' argument that plaintiffs' Lanham Act and California false advertisement claims are precluded.

However, with respect to plaintiffs' trespass and conversion claims, the court stated:

> Plaintiffs' trespass and conversion claims are not barred under the doctrine of res judicata by the underlying state court action in this case because that action remains pending on appeal. See Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985) ("Under California law . . . a judgment is not final for purposes of res judicata during the pendency of and until the resolution of an appeal.").

(Id. at 21-22.)  As both parties recognized at the August 6, 2018 hearing, the state court action has now ended.  Accordingly, plaintiffs' trespass and conversion claims are in fact barred and defendants' will receive judgment in their favor with respect to these two claims.

### 3.  California State Grange Lacks Standing

Defendants also argue that the California State Grange lacks standing to assert the claims raised in this action, and thus that all claims asserted by the California State Grange must be dismissed.  (Defs.' Mem. at 4-17.)  Standing requires a showing that plaintiff has suffered actual loss, damage or injury, or is threatened with impairment of his or her own interests.  Gladstone Realtors v. Village of Bellwood, 441 U.S. 91, 100 (1979).  A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin,

422 U.S. 490, 499 (1975).  This is known as the "real party in interest" rule, which explains that the real party is the person who has the right to sue under the substantive law.  In general, the real party is the person holding title to the claim or property involved, and not merely others who may be interested in or benefit from the litigation.  U-Haul Int'l v. Jartran, Inc., 793 F.2d 1034, 1038 (9th Cir. 1986).

Actions asserting the rights of a corporation ordinarily must be brought by the corporation itself.  Kuntz v. Lamar Corp., 385 F.2d 1177, 1183 (9th Cir. 2004).  According to defendants, the California State Grange plaintiff is the incorrect corporation to bring the asserted claims in this case.  The named plaintiff California State Grange is a 2016 corporation that was formed to safeguard the corporate registration of the name "California State Grange" after defendants were forced to relinquish the name in Grange I.  This corporation has no bank account records and it does not collect dues.  (Defs.' Mem. at 9, Ex. E.)  There is a separate 2014 corporation, which is not a party to this case, named the Grange of the State of California's Order of Patrons of Husbandry Chartered which does collect dues and have bank accounts.  (Id. at 6.)  Based on this information, defendants argue that the California State Grange party is merely a "holding corporation" for the name "California State Grange" and not the real party in interest.  (Id.)

In a misguided argument, plaintiffs claim that "the party in interest is the California State Grange, not a 2014 or 2016 corporation."  (Pls.'s Opp'n at 3.)  Plaintiffs attempt to argue that this action was brought in the name of the California

State Grange, not a specific corporate entity.  (Id. at 4.)

However, "[a] civil action can be maintained only against a legal person, i.e., a natural person or an artificial or quasi-artificial person; a nonentity is incalculable of suing or being sued."  Oliver v. Swiss Club Tell, 222 Cal. App. 2d 528, 537 (1st Dist. 1963).  In this case, plaintiffs have explicitly admitted that they are not bringing this case on behalf of a specific corporation or entity.  Plaintiffs cannot assert a claim on behalf of some amorphous entity vaguely known as the California State Grange.  See id.  Thus, the court is not convinced by plaintiffs' argument and agrees with defendants that the California State Grange is not an appropriate plaintiff in this case.  Accordingly, summary judgment will be granted in favor of defendants and against the California State Grange, and the California State Grange will be dismissed from this case.  See Foundation on Economic Trends v. Lyng, 680 F. Supp. 10, 14 (D.C.C. 1988) (granting summary judgment and dismissing case due to lack of standing); see also Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) (granting summary judgment in favor of defendants because plaintiffs lacked standing).

　　　　After ruling on defendants' objections, the court must now determine whether the National Grange is entitled to summary judgment on its remaining claims: false designation of origin, federal and California false advertisement, trademark infringement, copyright infringement, and trade libel.  The California State Grange is not a proper party and thus all of its claims are dismissed.

B.  False Designation of Origin, False Advertisement, and Trademark Infringement Under the Lanham Act

Four of plaintiffs' eight causes of action--false designation of origin, federal false advertisement, state false advertisement, and trademark infringement--arise under or require substantially the same proof as section 43(a) of the Lanham Act ("section 43(a)"), 15 U.S.C. 1125(a).

1.  False Designation of Origin

The Ninth Circuit has held that a false designation of origin claim under § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), requires proof that a defendant "(1) use[d] in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or misrepresents the characteristics of his or another person's goods or services." Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007).  Communications made on public websites are made in interstate commerce.  See United States v. Sutcliffe, 505 F.3d 944, 952-53 (9th Cir. 2007) ("[T]he Internet is an instrumentality and channel of interstate commerce.") (internal citation omitted).

Plaintiffs allege defendants violated the Lanham Act § 43(a)(1)(A) through their (1) unauthorized use of "CSG"; (2) unauthorized use of the former phone numbers of the California State Grange; (3) infringement of the "look and feel" of the California State Grange's website and brochure; and (4) unauthorized claim to the history and goodwill of the California State Grange.

a.  Unauthorized use of "CSG"

The term "CSG" is a recognized trade name and designation of the California State Grange. (Komski Decl. at 2; Huber Decl. at 10.) The Jacinto Grange chapter explained that "the letters 'CSG' were known . . . as an abbreviation for 'California State Grange,' and [they] had referred to [their] statewide program as 'the CSG' for many years." (Decl. of Jacinto Grange ("Jacinto Grange Decl.") (Docket No. 208-3) ¶ 17.) Thus, although "CSG" is not a registered trademark, based on the volume and length of time that the term has been used as a source identifier for the California State Grange, the court understands "CSG" to be a common law trademark of the California State Grange. See Fleischer Studios, Inc. v. A.V.E.L.A. Inc., 772 F. Supp. 2d 1155, 1168 (C.D. Cal. 2009)("Priority of use is sufficient to establish ownership of an unregistered trademark.").

The National Grange's By-Laws provide that "[a]ll registered and non-registered trademarks . . . are the legal property of the National Grange." (Huber Decl., Ex. 1.) Accordingly, the National Grange owns the rights to the term "CSG," and the National Grange has identified the California State Grange as the sole authorized user of "CSG."

It is undisputed that after the court's injunction in Grange I, defendants began using the name "CSG." (See McFarland's Resp. to Pls.' First Set of Req. for Admis., Req. No. 21.) They referred to their organization as "CSG" both in printed commercial materials and on their website. This use was not authorized by plaintiffs. Defendants' use of "CSG" has indisputably caused consumer confusion. For example, according

to the Jacinto Grange, "Mr. McFarland's continued reference to his organization as 'the CSG' up until April 2016 contributed to [Jacinto's] belief that 'the CSG' was the successor to the California State Grange and that Mr. McFarland was still authorized to represent the California Granges."  (Jacinto Grange Decl. ¶ 18.)

Accordingly, the court concludes that defendants' misleading representations of itself as the "CSG", which are available on public websites and thus part of interstate commerce, caused confusion and damage to the National Grange's reputation.  As such, the National Grange has established all elements necessary to prevail on its false designation of origin claim.[1] [2]

### 2.   False Advertising

A false advertising claim under Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B) requires

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product[3]; (2) the statement actually deceived or

---

[1]   The court need not address the other behaviors plaintiffs argue make defendants liable for false designation of origin because the use of CSG is sufficient for plaintiffs to prevail.

[2]   Trademark infringement under section 32(1) of the Lanham Act requires the same proof as false designation of origin.  See Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp., 174 F.3d 1036, 1046 n.6 (9th Cir. 1999).  Because the court has concluded that the National Grange is entitled to summary judgment on its claim of false designation of origin, it will also grant judgment in its favor on the federal trademark infringement claim.

[3]   "False" for these purposes means false or misleading. See Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139

12

has the tendency to deceive a substantial segment
of its audience; (3) the deception is material, in
that it is likely to influence the purchasing
decision; (4) the defendant caused its false
statement to enter interstate commerce; and (5) the
plaintiff has been or is likely to be injured as a
result of the false statement, either by direct
diversion of sales from itself to defendant or by a
lessening of the goodwill associated with its
products.

Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th
Cir. 1997).

The court need not analyze every comment defendants
have made since the permanent injunction was granted in Grange I
in order to conclude that false and misleading statements have
been made. To provide just a few examples, the court notes that:
(1) defendants' membership brochures state that "CSG is a grass
roots organization that began in 1870," thereby falsely taking
credit for plaintiffs' organization and not clarifying that
defendants' organization did not in fact begin until 2013 (see
Komski Decl., Ex. 3); and (2) defendants' former website
contained links to historical publications of the California
State Grange as though they were publications of defendant
California Guild (see id., Ex. 5).

Such statements, along with a multitude of others, have
inarguably led the parties' members to believe that California
Guild is a continuation of the California State Grange, and that
in order to stay members of their local Grange they must pay dues
to defendants. (See, e.g. Decl. of Jerry Allen ("Allen Decl.")
(Docket No. 54-1, Ex. 1) ¶ 3.) Accordingly, the court concludes

(9th Cir. 1997) ("To demonstrate falsity within the meaning of
the Lanham Act, a plaintiff may show that the statement was
literally false . . . or that the statement was literally true
but likely to mislead or confuse consumers.").

that defendants have made false and misleading representations in interstate commerce that have materially affected and injured plaintiffs, and thus that the National Grange is entitled to summary judgment on its claim for federal false advertising.[4]

### 3. Defendants' Defenses to Lanham Act Claims

Defendants raise several defenses to plaintiffs' Lanham Act claims, none of which have any merit. First, they argue that the representations plaintiffs attribute to them constitute protected political speech under the First Amendment. (Defs.' Opp'n at 39-41.) The court has already rejected this argument, explaining that "it is well established that the 'First Amendment does not protect false or misleading commercial speech.'" (Docket No. 106 at 14 (quoting Amarin Pharma, Inc. v. U.S. Food & Drug Admin, 119 F. Supp. 3d 196, 228 (S.D.N.Y. 2015)). Defendants' statements in this case were false or misleading, and as such they are not protected. See Virginia State Bd. Of Pharmacy v. Virginia Citizens Consumer Council, Inc., 425 U.S. 748, 771-72 (1976)("Untruthful speech, commercial or otherwise, has never been protected for its own sake."). Defendants also argue that they cannot be liable under the Lanham Act because their statements were merely criticism and opinion. Again, as the court explained in a previous order, defendants' statements

---

[4]    The analysis for false advertising pursuant to California state law is identical to that required for false advertising under federal law. See Homeland Housewares, LLC v. Euro-Pro Operating LLC, No. 14-cv-3954 DDP MANX, 2015 WL 476287, at *2 n.1 (C.D. Cal. Feb. 5, 2015). Thus, because the court has concluded that plaintiff is entitled to judgment in its favor on its federal false advertising claim, it will also find for the National Grange on its California false advertising claim.

were clearly assertions of fact, not mere opinion or criticism, and thus are not protected.  (See Docket No. 106 at 15.)

The court is growing increasingly frustrated with defendants and their repetition of previously rejected defenses. The court is now forced to waste its time and reject these arguments yet again.  Because the court has rejected these defenses, it will grant summary judgment in favor of the National Grange on its claims of false designation of origin, federal false advertisement, state false advertisement, and trademark infringement.

                    C.   Copyright Infringement

To succeed on a copyright infringement claim, plaintiffs must prove "(1) ownership of a valid copyright; and (2) that the defendant violated the copyright owner's exclusive rights under the Copyright Act." Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) (citing 17 U.S.C. § 501(a)). Plaintiffs do not need to prove that defendants copied plaintiffs' copyrighted works in their entirety; substantial similarity suffices.  See Shaw v. Lindheim, 919 F.2d 1353, 1356 (9th Cir. 1990) ("[A] plaintiff may establish copying by showing that the infringer had access to the work and that the two works are substantially similar.").

Plaintiffs have submitted copyright registrations for content on their website, including information about the California State Grange's history, foundation, and membership. (See Pls.' Mem of P. & A., Ex. 11.)  The elements of their website that are protected by their copyright registrations were designed by Rick Keel in 2010, when he was still an employee of

plaintiff the California State Grange.  At this time, the California State Grange was still a functioning state-level division of the National Grange, and thus all intellectual property the California State Grange created and used was the legal property of the National Grange.

According to Keel's own testimony, members of the California State Grange created the contents of the website before its charter was revoked, and defendants used the same graphics when they created the website for the unaffiliated California Guild.  (Docket No. 208, Ex. 5, Rick Keel Dep. 49:23-51:1, 51:10-13, 19-20; Ex. 6, California Guild's Resp. to Pls.' First Set of Interrog. (Amended), Interrog. No. 15.)  Defendants' membership brochure, also covered by copyright registration, was also created by the California State Grange prior to its charter revocation and thus is also owned by the National Grange.

The evidence is undisputed that defendants, without permission, copied plaintiffs' copyrighted content onto their websites and into their new membership brochure in violation of section 106 of United States Copyright Law, which confers upon copyright owners the exclusive right to "reproduce the copyrighted work" or "prepare derivative works based upon the copyrighted work," 17 U.S.C. § 106.  In fact, Rick Keel explicitly admitted that he was specifically instructed by McFarland to maintain the website exactly as it was, with the minor exception of changing all appearances of the word "Grange" to "CSG."  (Docket No. 208, Ex. 5, 60:2-10.)  Similarly, the membership brochure advertising the "CSG" organization was identical to the California State Grange's former brochure, but

1 for the substitution of "CSG" for "California State Grange."

2 (See Docket No. 208, Ex. 4, California Guild's Resp. to Pls.'

3 First Set of Req. for Admis. (Amended), Request No. 37.)

4 Even given the substitution of "CSG," the court

5 concludes that the works are "substantially similar." Unicolors,

6 Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 987 (9th Cir.

7 2017)("Where the extrinsic similarity is so strong that the works

8 are near duplicates save for superficial differences, the court

9 may properly conclude that no reasonable jury could find that the

10 works are not substantially similar in their overall concept and

11 feel."). Accordingly, there is no genuine issue that the

12 National Grange owned a valid copyright and that defendants

13 copied it in a "substantially similar" manner without permission,

14 thereby engaging in copyright infringement. The court will

15 therefore grant judgment in favor of the National Grange on its

16 copyright infringement claim.

17 D. Trade Libel

18 Plaintiffs' damages for trade libel are concurrent with

19 the damages they seek for their Lanham Act claims. Because the

20 court will grant judgment in favor of plaintiffs on their Lanham

21 Act claims, it need not address plaintiffs' trade libel claim

22 because it will have no impact on the award of damages.

23 E. Damages

24 1. Lanham Act Damages

25 As explained above, the court will grant summary

26 judgment in favor of the National Grange on its Lanham Act

27 claims. The Lanham Act provides that upon a finding of liability

28 "the plaintiff shall be entitled . . . to recover (1) defendant's

17

profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action."  15 U.S.C. § 1117(a).

### a.   Profits and Lost Revenue

In this case, there is no genuine factual dispute that plaintiffs lost revenues.  The court will use defendants' profits as a "rough proxy" for plaintiffs' damages.  See, e.g., TrafficSchool.com, Inc. v. Edriver, Inc., 653 F.3d 820, 831 (9th Cir. 2011)(explaining that calculating an award based on a defendant's profits is merited where it is "appropriate to assume that every dollar defendant makes has come directly out of plaintiff's pocket); see also Harper House, Inc. v. Thomas Nelson, Inc., 889 F.2d 197, 209 n.8 (9th Cir. 1989)(use of "surrogate measure of damages," including defendant's profits, appropriate in certain types of Lanham cases).

"When the defendant's profits are the measure of the plaintiff's losses, the plaintiff has only the burden of establishing the defendant's gross profits from the infringing activity with reasonable certainty."  Spin Master, Ltd. v. Zobmondo Entm't, LLC, 944 F. Supp. 2d 830, 839-40 (C.D. Cal. 2012).  These profits are then presumed to be a result of the infringement.  See Mishawaka Rubber & Woolen Mfg. Co. v. S.S. Kresge Co., 316 U.S. 203, 206 (1942).  "The burden then shifts to the defendant to show which, if any, of its total sales are not attributable to the infringing activity, and, additionally, any permissible deductions for overhead."  Spin Master, 944 F. Supp. 2d at 839-40.

In this case, because the parties are non-profit organizations, rather than "profits" calculated in the

18

traditional accounting sense of "revenue minus expenses," plaintiffs seek defendants' total gross revenue from dues and loan payments from September 30, 2015, the date defendants were permanently enjoined from further use of the term "Grange," to the present. The court agrees damages of this nature are appropriate. Given that local chapters pay dues on an annual basis, plaintiffs are entitled to those revenues they would have received but for defendants' wrongful actions. See Birthright v. Birthright, Inc., 827 F. Supp. 1114, 1144 (D.N.J. 1993) (awarding "lost profits" as "all monies received after January 15, 1992 as a result of its fundraising letters for the telephone hotline").

The parties are in agreement that a jury trial will be needed in order to determine the amount of damages National Grange is entitled to. California State Grange is not entitled to damages on this claim because it does not have standing, and thus any arguments presented by defendants' regarding the amount of damages California State Grange is entitled to need not be addressed.

b.   Additional Damages

In addition to actual damages, § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), provides for recovery of attorney fees in "exceptional circumstances" and treble damages. The court has broad discretion to determine whether a case is exceptional based on the liberal "totality of the circumstances" using a preponderance of the evidence standard. SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd., 839 F.3d 1179 (9th Cir. 2016). Additionally, "the Court has the discretion to award up to treble damages for a Lanham Act violation," and "[i]f the violation is

found to be willful, the trial court should award treble damages unless it finds 'extenuating circumstances.'" A & M Records, Inc. v. Abdallah, 948 F. Supp. 1449, 1458 (C.D. Cal. 1996).

The court concludes that this case can certainly be considered "exceptional" given the intentional nature of defendants' use of California State Grange property. In analogous cases courts have awarded enhanced damages in order to account for the willfulness of defendants' conduct. See, e.g., Century 21 Real Estate LLC v. All Prof'l Realty, Inc., 889 F. Supp. 2d 1198, 1234 (E.D. Cal. 2012) (awarding treble damages to franchisor for former franchisee's willful infringement where franchisee continued to use marks for more than nine months after termination of franchise); Tu Thien The, Inc. v. Tu Thien Telecom, Inc., 668 Fed. Appx. 299, 300 (9th Cir. 2016) (affirming district court's enhancement of actual damages). Thus, given the facts of the case, the court concludes that the National Grange is entitled to its attorney fees and treble damages.

2. California False Advertising Damages

Pursuant to California law, in addition to the above damages, a plaintiff is entitled to additional punitive damages when defendants acted with "malice, oppression, or fraud." Cal. Civ. Code § 3294; Moroccanoil, Inc. v. Groupon, Inc., 278 F. Supp. 3d 1157, 1165 (C.D. Cal. 2017). In this case, such damages are appropriate because it cannot be disputed that defendants' unlawful conduct was "done willfully, intentionally and in reckless disregard of its possible injurious consequences." See Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1024 (9th Cir. 1985). Again, a jury trial will be necessary to

20

determine the extent of punitive damages available to the
National Grange.

IV.   Defendants' MSJ

        Defendants request that the court grant summary
judgment against plaintiffs as to all counts asserted in the
First Amended Complaint.  The arguments presented in defendants'
Motion for Summary Judgment are the very same arguments
defendants make in opposition to plaintiffs' Motion for Summary
Judgment.  As discussed above, the court agrees with defendants
that the California State Grange is not a proper party and will
grant judgment in defendants' favor with regard to the California
State Grange.  As for the National Grange, the court rejects
defendants' argument with respect to all claims except for
trespass and conversion.  Those two claims are barred and as such
plaintiff cannot assert them.

        IT IS THEREFORE ORDERED that the National Grange's
Motion for Summary Judgment (Docket No. 208) be, and the same
hereby is, GRANTED as to the following claims: false designation
of origin, federal false advertisement, California false
advertisement, trademark infringement, and copyright
infringement, and DENIED as to the trespass and conversion
claims.  The California State Grange's Motion for Summary
Judgment (Docket No. 208) be, and the same hereby is, DENIED.
The California State Grange is dismissed as a party to this
action.

        IT IS FURTHER ORDERED that defendants' Motion for
Summary Judgment (Docket No. 210) be, and the same hereby is,
GRANTED as to the California State Grange, GRANTED as to the

National Grange's claims of trespass and conversion, and DENIED as to National Grange's other claims.

The following relief is granted:

1.     The court declares that the National Grange, and its chartered California chapter, the California State Grange, are:

a.     the exclusive authorized representatives of the California State Grange.

2.     A preliminary and permanent injunction against defendants, collectively and individually, and their officers, shareholders, partners, principals, agents, assignees, beneficiaries, successors, licensees, distributors, attorneys, proxies, alter egos, aliases, and all other persons acting in concert with defendants collectively or individually, from:

a.     use of "CSG," "Granger," and other trademarks, service marks, trade names, acronyms, abbreviations, logos, trade dress, Internet domain names, or advertising keywords that are confusingly similar to plaintiffs' registered and unregistered trademarks and trade dress;

b.     representing or asserting that they are affiliated or connected with, the successors to, or the authorized representatives of, the California State Grange, or the local California Granges in any advertising, promotion, and commercial or official communications;

c.     referencing the history and goodwill of the California State Grange or their past association with the California State Grange in any advertising, promotion and commercial or official communications;

d.   appropriating, disposing or dissipating assets and accounts held in the name of, or belonging to, the California State Grange, or the local California Granges;

e.   making any false representations to the California Granges about plaintiffs' services or encouraging members to "disaffiliate" from plaintiffs' organization;

f.   interfering in the contractual relations between the California Granges and the California State Grange or the National Grange;

g.   exercising functions within the exclusive authority of the California State Grange including but not necessarily limited to the collection of Grange dues; disposition of assets owned by the California State Grange, writing and cashing checks on the account of the California State Grange; reorganization of local California Granges; and induction of new Grange members and installation of Grange officers;

h.   distributing records, copies, recordings, histories or descriptions of past or present events sponsored, authorized, endorsed, or approved by plaintiffs in a manner that is likely to cause confusion, mistake or deception about the sponsorship, authorization, endorsement or approval of such events; and

i.   reproducing, distributing, or preparing derivative works based on plaintiffs' copyrighted works.

3.   A preliminary and final order requiring defendants, collectively and individually, and their officers, shareholders, partners, principals, agents, assignees, beneficiaries, successors, licensees, distributors, attorneys, proxies, alter

egos, aliases, and all other persons acting in concert with defendants, to:

    a.    return to plaintiffs any proprietary Grange regalia in their possession;

    b.    remove all of their personal property and equipment located at 3830 U St., Sacramento, CA 95817, without injury to the premises or any of plaintiffs' property located thereon;

    d.    disconnect all telephone numbers used by defendants that were ever registered to the California State Grange; and refrain from further use of such telephone numbers in any business, commercial, or official communications.

4.    An order directing the California Secretary of State to recognize plaintiffs as the exclusive representatives of the California State Grange for all purposes relevant to the registration, ownership, and responsibility of such corporate entities.

5.    An order declaring that defendants' act constitute:

    a.    false designation of origin in violation of Section 43(a)(1)(A) of the Federal Trademark Act of 1946, 15 U.S.C. § 1125(a)(1)(A);

    b.    false advertising in violation of Lanham Act Section 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B);

    c.    false advertising in violation of Section 17500 of the California Business & Professions Code;

    d.    federal copyright infringement;

    e.    federal trademark and service mark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1);

6.   An accounting of profits pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

7.   An award of lost profits and damages in such amount as may appear appropriate following a trial on the merits, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § l117(a).

8.   An award of treble damages pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

9.   An award of costs and attorney fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

          IT IS SO ORDERED.

          A status conference is scheduled on September 10, 2018 at 1:30 p.m. to discuss how to proceed with the trial on the issue of damages.

Dated:  August 13, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE