UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NATIONAL GRANGE and CALIFORNIA STATE GRANGE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT MCFARLAND,<br><br>Defendants. | No. 2:16-cv-0201 WBS DB<br><br><u>ORDER RE: MOTION FOR CLARIFICATION AND/OR RECONSIDERATION</u> |

----oo0oo----

On August 13, 2018, this court entered an order (Docket No. 226) on plaintiffs' and defendants' cross motions for summary judgment. The court granted summary judgment as to National Grange's claims for false designation of origin, federal false advertisement, California false advertisement, trademark infringement, and copyright infringement and granted summary judgment for defendants as to National Grange's claims of

trespass and conversion.  The order also granted plaintiffs injunctive and declaratory relief.  Defendants now seek clarification and/or reconsideration of that order.  (Docket No. 229.)

Clarification under Federal Rule of Civil Procedure 60(a) is inappropriate because the court's prior order speaks for itself.  The court does not believe that clarification is necessary to "correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement."  See Garamendi v. Henin, 683 F.3d 1069, 1079 (9th Cir. 2012).  The injunctive and declaratory relief is sufficiently specific as it provides defendants with "explicit notice of precisely what conduct is outlawed."  See Schmidt v. Lessard, 414 U.S. 473, 476 (1974).

A motion for reconsideration is an "extraordinary remedy" that should be used "sparingly in the interests of finality and the conservation of judicial resources."  Kona Enters. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Defendants have not presented the court with any newly discovery evidence, shown clear error or manifest injustice, or pointed to an intervening change in controlling law.  See Sch. Dist. No. 1J, Mutnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Accordingly, this court will not grant relief under Federal Rule of Civil Procedure Rule 60(b).

IT IS THEREFORE ORDERED that defendants' Motion for Clarification and/or Reconsideration (Docket No. 229.) be, and the same hereby is, DENIED.

Dated: October 22, 2018

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE