UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| NATIONAL GRANGE and CALIFORNIA STATE GRANGE,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA GUILD, formerly doing business as "California State Grange," and ROBERT MCFARLAND,<br><br>Defendant. | No. 2:16-cv-0201 WBS DB<br><br><br>ORDER RE: MOTION FOR SANCTIONS AND CONTEMPT |

----oo0oo----

Defendants move the court for an order adjudicating plaintiffs in contempt of this court's Order of August 13, 2018 (Docket No. 226). Defendants contend that Ed Komski, on behalf of plaintiff California State Grange, falsely represented himself as the person authorized to file on behalf of corporate entity No. C0210454 ("the 1946 corporation") and unlawfully filed with the California Secretary of State (1) an amendment to the California Guild's articles of incorporation and (2) a name

1

1 | change form changing the name of the corporation from California
2 | Guild to the California State Grange.

Nothing in this court's Order of August 13, 2018 precluded plaintiffs from taking such alleged actions. That Order simply granted summary judgment in favor of National Grange on its claims for false designation of origin, federal false advertisement, California false advertisement, trademark infringement, and copyright infringement, and granted summary judgment in favor of defendants on National Grange's claims of trespass and conversion. The Order also granted plaintiffs injunctive and declaratory relief. The Order said nothing about who was authorized to represent the 1946 corporation.

In order for this court to issue a civil contempt order, defendants must establish (1) that plaintiffs violated the court order, (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence. <u>Labor/Cmty. Strategy Ctr. v. Los Angeles Cty. Metro. Transp. Auth.</u>, 564 F.3d 1115, 1123 (9th Cir. 2009) (citation omitted).

Given this demanding standard, this court cannot find defendants in contempt of its Order. The court's Order did not address the merits of who are the authorized representatives of the 1946 corporation because plaintiff's underlying conversion claim was dismissed under the doctrine of res judicata, as it was subject to final state court action. (<u>See</u> Aug. 13, 2018 Order Re Mot. for Summ. J. at 7 (Docket No. 226).) Therefore, any disputes over ownership of the 1946 corporation are most likely disputes over related state court decisions, not this court's

orders.  (See Decl. of Ed Komski Summarizing Events Since September 23, 2016 ¶ 12 (Docket No. 142-2).)

IT IS THEREFORE ORDERED that defendants' Motion for Contempt and Sanctions (Docket No. 247) be, and the same hereby is, DENIED.[1]

Dated: October 24, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] The court also DENIES defendants' Request for the Court to Set an Order to Show Cause.

3